**TempReass, APPEAL**

# U.S. Bankruptcy Court
# Eastern District of New York (Brooklyn)
# Bankruptcy Petition #: 1–18–47256–reg

| | |
|---|---:|
| | *Date filed:* 12/20/2018 |
| *Assigned to:* Robert E. Grossman | *Plan confirmed:* 07/30/2019 |
| Chapter 11 | *341 meeting:* 03/19/2019 |
| Voluntary | *Deadline for filing claims:* 04/05/2019 |
| Asset | *Deadline for filing claims (govt.):* 06/25/2019 |

*Debtor*
**4921 12th Avenue LLC**
4921 12th Avenue
Brooklyn, NY 11219
KINGS–NY
Tax ID / EIN: 20–0581630

represented by **Joseph Y. Balisok**
Balisok & Kaufman PLLC
251 Troy Avenue
Brooklyn, NY 11213
(718) 928–9607
Fax : 718–534–9747
Email: bankruptcy@lawbalisok.com

**Karamvir Dahiya**
Dahiya Law Offices, LLC
75 Maiden Lane
Suite 506
New York, NY 10038
(212)766–8000
Fax : (212)766–8001
Email: karam@bankruptcypundit.com

**J Ted Donovan**
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
22nd Floor
New York, NY 10036
(212)–301–6943
Fax : (212)–422–6836
Email: Tdonovan@gwfglaw.com

**Alla Kachan**
3099 Coney Island Avenue
3rd Floor
Brooklyn, NY 11235
(718) 513–3145
Fax : (347) 342–3156
Email: alla@kachanlaw.com

*U.S. Trustee*
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510–0500

| Filing Date | # | Docket Text |
|---|---|---|

| | | | |
|---|---|---|---|
| 10/13/2020 | | 153 | Motion to Vacate Order – *Renewed Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacatur of Commercial Premises*. Objections to be filed on 10/28/2020. Filed by Schuyler G. Carroll on behalf of Ultimate Opportunities, LLC (RE: related document(s)148 Generic Order). Hearing scheduled for 11/4/2020 at 10:00 AM at Courtroom 860 (Judge Grossman), CI, NY. (Carroll, Schuyler) (Entered: 10/13/2020) |
| 10/14/2020 | | 155 | Transmittal of Notice of Appeal to District Court (RE: related document(s)128 Generic Order, 148 Generic Order, 152 Notice of Appeal filed by Interested Party Ultimate Opportunities, LLC) (Attachments: # 1 Civil Cover Sheet # 2 Notice of Appeal CRTSVC # 3 Orders) (amp) (Entered: 10/14/2020) |
| 10/14/2020 | | 156 | Notice to Parties of requirements, deadlines (RE: related document(s)152 Notice of Appeal filed by Interested Party Ultimate Opportunities, LLC) (amp) (Entered: 10/14/2020) |
| 10/14/2020 | | 162 | Notice of Docketing Record on Appeal to District Court. Civil Action Number: 20–CV_04927 District Court Judge Ann M Donnelly assigned. (RE: related document(s)152 Notice of Appeal filed by Interested Party Ultimate Opportunities, LLC) (sld) (Entered: 10/26/2020) |
| 10/16/2020 | | 157 | Motion To Stay Order Pending Appeal *, Proposed Order, and Declaration of Uziel Frankel in Support of Motion* Filed by Schuyler G. Carroll on behalf of Ultimate Opportunities, LLC (RE: related document(s)128 Generic Order, 148 Generic Order). (Carroll, Schuyler) (Entered: 10/16/2020) |
| 10/16/2020 | | 158 | Declaration of William H. Hawkins in Support of Order to Show Cause with Temporary Restraining Order Filed by Schuyler G. Carroll on behalf of Ultimate Opportunities, LLC (RE: related document(s)157 Motion To Stay Pending Appeal filed by Interested Party Ultimate Opportunities, LLC) (Carroll, Schuyler) Modified on 10/19/2020 to clarify document text(cns). (Entered: 10/16/2020) |
| 10/19/2020 | | 161 | Order Denying Request for Order to Show Cause and Temporary Restraining Order without prejudice (Related Doc 157) Signed on 10/19/2020. (dnb) (Entered: 10/19/2020) |
| 10/27/2020 | | 163 | Appellant Designation of Contents For Inclusion in Record On Appeal & Statement of Issues */ Appellant's Statement of Issues and Designation of Record on Appeal* Filed by Schuyler G. Carroll on behalf of Ultimate Opportunities, LLC (RE: related document(s)152 Notice of Appeal filed by Interested Party Ultimate Opportunities, LLC). Appellee designation due by 11/10/2020. (Carroll, Schuyler) (Entered: 10/27/2020) |
| 11/10/2020 | | 164 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Mark A. Frankel on behalf of Mark Frankel as Plan Adminstrator for 4921 12th Avenue LLC (RE: related document(s)152 Notice of Appeal filed by Interested Party Ultimate Opportunities, LLC). (Frankel, Mark) (Entered: 11/10/2020) |

2

**Hearing Date: November 4, 2020 at 10:00 a.m. (ET)**
**Objection Deadline: October 28, 2020 at 4:00 p.m. (ET)**

**LOEB & LOEB LLP**
Schuyler G. Carroll, Esq.
William M. Hawkins, Esq.
Noah Weingarten, Esq.
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
Fax: 212-937-3326
Email: scarroll@loeb.com
        whawkins@loeb.com
        nweingarten@loeb.com

*Counsel for Ultimate Oppurtunities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
                                                        :
In re:                                                  :
                                                        :    Chapter 11
        4921 12th Avenue LLC,                           :
                                                        :    Case No. 18-47256-reg
                        Debtor.                         :
                                                        :
------------------------------------------------------- X

### NOTICE OF RENEWED MOTION OF ULTIMATE OPPURTUNITIES, LLC FOR RELIEF FROM ORDER DIRECTING VACATUR OF COMMERCIAL PREMISES

**PLEASE TAKE NOTICE** that on October 13, 2020, Ultimate Oppurtunities, LLC ("**Ultimate**") by and through its undersigned counsel, filed the *Renewed Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacatur of Commercial Premises* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be filed with the Clerk of the Court together with proof of service thereof, and served so as to be **actually received by October 28, 2020 at 4:00 p.m. (Eastern Time)** upon undersigned counsel for Ultimate, Schuyler G. Carroll, Esq., William M. Hawkins, Esq., and Noah Weingarten, Esq., Loeb & Loeb LLP, 345 Park Avenue, New York, New York 10154, scarroll@loeb.com, whawkins@loeb.com, and nweingarten@loeb.com.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if any, must (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; and (c) state with particularity the legal and factual basis for the objection.

19605612

**PLEASE TAKE FURTHER NOTICE** that if an objection or response is timely filed, the Motion will be considered at a hearing on **November 4, 2020, at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard, before the Honorable Robert E. Grossman, United States Bankruptcy Judge for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE** the hearing will be conducted telephonically using Court Solutions LLC.  All attorneys and parties wishing to appear at, or attend must make arrangements with Court Solutions no later than 12:00 p.m. on the business day prior to the hearing date.  *See* https://www.nyeb.uscourts.gov/content/judge-robert-e-grossman for the instructions for registering with Court Solutions.

Dated: October 13, 2020
      New York, New York

/s/  *Schuyler G. Carroll*
**LOEB & LOEB LLP**
Schuyler G. Carroll
William M. Hawkins
Noah Weingarten
345 Park Avenue
New York, NY  10154
Telephone:  (212) 407-4000
Facsimile:   (212) 407-4990
Email:  scarroll@loeb.com
whawkins@loeb.com
nweingarten@loeb.com

*Counsel to Ultimate Oppurtunities, LLC*

**LOEB & LOEB LLP**
Schuyler G. Carroll, Esq.
William M. Hawkins, Esq.
Noah Weingarten, Esq.
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
Fax: 212-937-3326
Email: scarroll@loeb.com
         whawkins@loeb.com
         nweingarten@loeb.com

*Counsel for Ultimate Oppurtunities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
                                                    :
In re:                                              :      Chapter 11
                                                    :
         4921 12th Avenue LLC,                      :      Case No. 18-47256-reg
                                                    :
                           Debtor.                  :
                                                    :
-------------------------------------------------------- X

**RENEWED MOTION OF ULTIMATE OPPURTUNITIES, LLC FOR**
**RELIEF FROM ORDER DIRECTING VACATUR OF COMMERCIAL PREMISES**

Ultimate Oppurtunities, LLC ("**Ultimate**"), by and through counsel, Loeb & Loeb LLP,

respectfully submits this renewed motion ("**Renewed Motion**") for reconsideration of the *Order*

*Directing Vacatur of Commercial* Premises (Dkt. No. 128) (the "**Vacatur Order**") pursuant to

Rules 59 and 60 of the Federal Rules of Civil Procedure ("**Federal Rules**") as made applicable by

Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

**PRELIMINARY STATEMENT**

1.      Ultimate occupies the first floor of 4921 12th Avenue, Brooklyn, New York (the

"**Property**") pursuant to a valid lease by and between Ultimate and 4921 12th Avenue LLC (the

"**Debtor**") dated as of November 1, 2016 (the "**Lease**").  Ultimate has paid rent and fulfilled all

past and current payment obligations owed in connection with its leasehold tenancy of the Property.  Accordingly, Ultimate is entitled to the uninterrupted possession of its leasehold interest.

2.      Prior to Ultimate having any notice of this bankruptcy, Mark Frankel in his capacity as the plan administrator (the "**Plan Administrator**") filed a motion seeking: "(a) the eviction of the occupants of the commercial space at the [Property], (b) the United States Marshal for the Eastern District of New York (the 'US Marshal') to assist the Plan Administrator with the eviction, and (c) the Plan Administrator to replace current management of the Property with a professional third party managing agent."  (Dkt. No. 110 (the "**Eviction Motion**") at ¶ 30).  Thereafter, the Hon. Carla E. Craig entered the Vacatur Order requiring Ultimate to vacate its leased premises at the Property by September 20, 2020.[1]

3.      Ultimate filed a motion seeking reconsideration and revocation of the Vacatur Order (Dkt. Nos. 131, 138, and 139) (collectively, the "**Reconsideration Motion**").  At a hearing held on September 21, 2020, the Court denied the Reconsideration Motion without prejudice to Ultimate renewing its Reconsideration Motion based on Ultimate's argument that the filing and prosecution of the Eviction Motion and the entry of the Vacatur Order violated Governor Andrew Cuomo's (the "**Governor**") Executive Orders, including Executive Orders 202.28, 202.48, 202.57, and 202.64 (the "**Executive Orders**") prohibiting commercial evictions until *at least* October 20, 2020.

4.      The entry of the Vacatur Order represents a clear error of law, requiring revocation, because the Vacatur Order *inter alia* squarely violates the Governor's Executive Orders providing that "There shall be no initiation of a proceeding or enforcement of either an eviction of any

---

[1] Because the Vacatur Order's deadline for Ultimate to vacate the Property was Sunday, September 20, 2020, this deadline continued to September 21, 2020, pursuant to Bankruptcy Rule 9006.

residential or commercial tenant" through (at least) October 20, 2020.  The Plan Administrator's prosecution of the Eviction Motion and the Court's entry of the Vacatur Order contradict New York law.  Therefore, the Vacatur Order is void *ab initio* and must be rescinded to correct a clear error of law.

## BACKGROUND

### A.  Bankruptcy Background

5.  On December 20, 2018 (the "**Petition Date**"), the Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").

6.  On May 1, 2019, Frankel filed the proposed *Plan of Reorganization* (Dkt. No. 51) (the "**Plan**") seeking *inter alia* his appointment as the Plan Administrator.

7.  On July 30, 2019, the Court entered the *Order Confirming Mortgagee's Plan of Reorganization* (Dkt. No. 91), thereby confirming the Plan.

### B.  Background of the Eviction Motion

8.  On December 27, 2019, the Plan Administrator filed the Eviction Motion, seeking "(a) the eviction of the occupants of the commercial space at the [Property], (b) the United States Marshal for the Eastern District of New York (the 'US Marshal') to assist the Plan Administrator with the eviction, and (c) the Plan Administrator to replace current management of the Property with a professional third party managing agent."  (Eviction Motion at ¶ 30).

9.  On August 26, 2020, the Court entered the Vacatur Order, ordering that Ultimate, among others, "shall vacate the Property on or before September 20."

### C.  Ultimate Seeks and Obtains Reconsideration of the Vacatur Order

10.  On September 9, 2020, Ultimate timely filed the Reconsideration Motion, seeking *inter alia* an order (a) vacating the Vacatur Order in its entirety (including rescinding any

requirement of vacatur of any premises) or, in the alternative, (b) requiring a *de novo* hearing on

the Plan Administrator's Motion (together with a stay of the Vacatur Order).

11.     On September 21, 2020, the Honorable Carla E. Craig held a hearing on the

Reconsideration Motion.

12.     On September 29, 2020, the Court entered the Reconsideration Order, *inter alia*

(i)     Replacing September 20, 2020 with October 20, 2020 as Ultimate's vacatur
        date from the Property;

(ii)    "[T]ak[ing] no position" as to "the applicability to this matter of Executive
        Orders issued by the Governor of the State of New York regarding
        'Temporary Suspension and Modification of Laws Relating to the Disaster
        Emergency,' including Executive Orders 202.28, 202.48, 202.57, and
        202.64";[2]

(iii)   Preserving "(a) [Ultimate]'s right to move or renew its [Reconsideration]
        Motion based upon the Covid Orders and no other reason . . . and (b) the
        right of parties in interest to object thereto"; and

(iv)    Denying the Reconsideration Motion in all other respects.

## RELIEF REQUESTED

13.     Ultimate respectfully requests that the Court enter an order substantially in the form

attached as **Exhibit A** hereto, (a) vacating the Vacatur Order in its entirety (including rescinding

any requirement of vacatur of any premises) or, in the alternative, (b) requiring a *de novo* hearing

on the Eviction Motion (together with a stay of the Vacatur Order), and (c) granting such other

relief as may be appropriate, pursuant to Federal Rules 59 and 60, made applicable by Bankruptcy

Rules 9023 and 9024.

---

[2] Ultimate has appealed the Vacatur Order and Reconsideration Order.  However, because the Bankruptcy
Court expressly reserved the issue set forth in this motion for subsequent consideration by this Court, Ultimate believes
the Bankruptcy Court maintains jurisdiction to consider this Renewed Motion.  Should the Bankruptcy Court,
however, maintain that it lacks jurisdiction over this motion due to Ultimate's pending appeal, Ultimate requests that
the Bankruptcy Court determine the motion under Bankruptcy Rule 8003(a)(3).

**BASIS FOR RELIEF**

**I.   THE EVICTION MOTION AND VACATUR ORDER SQUARELY VIOLATE GOVERNOR CUOMO'S MORATORIUM ON COMMERCIAL EVICTIONS**

14.   Federal Rules 59(e) and 60 authorize each party to move the Court to vacate an order to "correct a clear error of law or prevent manifest injustice." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (court "acted well within its discretion" to "correct a clear error of law").

15.   The prosecution of the Eviction Motion and the granting of the Vacatur Motion contradict the Executive Orders because they were prosecuted and entered during a moratorium on <u>both</u> the filing of commercial evictions and proceedings to enforce any commercial eviction. *See* Executive Orders 202.28, 202.48, 202.57, and 202.64.

16.   Executive Order 202.28, dated May 7, 2020 provides: "There shall be no initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent".  Executive Order 202.48, dated July 6, 2020 continued the commercial eviction moratorium through August 20, 2020.  Executive Order 202.57, dated August 20, 2020 further continued this moratorium on commercial evictions until September 20, 2020.  Finally, Executive Order 202.64, dated September 18, 2020 extended the same through October 20, 2020.

17.   The prohibition on "evictions" in the Executive Orders includes <u>all</u> actions to exclude tenants "for nonpayment of rent."  *See, e.g.*, *Prestige Deli & Grill Corp. v. PLG Bedford Holdings LLC*, Index No. 510220/20, 2020 N.Y. Misc. LEXIS 3401, at *3 (N.Y. Sup. Ct. Kings Cty. July 17, 2020) (the Executive Orders "clearly prohibit[] the enforcement of a termination of a commercial lease" and "broadly stay[] all foreclosure and non payment matters").

18.   In *Prestige Deli*, plaintiff-restaurant tenant brought an action for a *Yellowstone* injunction to prevent defendant-landlord from evicting plaintiff on account of *inter alia* pre-

19534469

5

COVID-19 defaults relating to plaintiff's failure to install various grease traps as required under the lease.  In other words, defendant sought to evict the plaintiff for reasons completely unrelated to the COVID-19 pandemic.  The Court sided with the tenant and granted the injunction holding that the Executive Orders preclude a landlord from effecting a termination of a commercial lease. 2020 N.Y. Misc. LEXIS 3401, at *3; *but see Shack Collective Inc. v. Dekalb Mkt. Hall, LLC*, LT-302891-20/KI, 2020 N.Y. Misc. LEXIS 7004, at *5-7 (N.Y. Civ. Ct. Kings Cty. Oct. 2, 2020) (recognizing in *dicta* that the Executive Orders does not apply to non-payment issues).

19.    Just like *Prestige Deli*, the filing of the Eviction Motion occurred before the COVID-19 pandemic and the outcome must be the same: the continued prosecution of the Eviction Motion and the entry of the Vacatur Order – after the effectiveness of the Executive Orders – violated the Executive Orders.

20.    Of course the Plan Administrator's request to evict Ultimate is about the payment of money under the Lease.  The Eviction Motion admits as much.  There, the Plan Administrator states that it seeks the forced vacatur of Ultimate from the Property because "potential purchasers are unwilling to pay a fair market price" since they fear the lessee will fail to vacate. (Eviction Motion  at ¶ 29).  Moreover, if the Lease called for the payment of more rent, the Lease would be appealing to the Plan Administrator (and potential purchasers), and the Plan Administrator would not seek to evict Ultimate.  In effect, the Plan Adminsitrator is trying to evict Ultimate for "non-payment" of sufficient rent for which the Plan Administrator fears will make the economics undesirable for a prospective buyer.  This is exactly what the Executive Orders preclude. The Executive Orders compelled the Plan Administrator to stop any efforts to evict Ultimate from the Property and precluded the Court from entering the Vacatur Order and ordering Ultimate's vacatur from the Property.

## CONCLUSION

WHEREFORE, Ultimate respectfully requests entry of order substantially in the form

attached as **Exhibit A** (a) vacating the Order in its entirety (including rescinding any requirement

of vacatur of any premises) or, in the alternative, (b) requiring a *de novo* hearing on the Plan

Administrator's Motion, and (c) granting such other relief as may be appropriate.


Dated: New York, New York
      October 13, 2020

                              LOEB & LOEB LLP


                             By: /s/ *Schuyler G. Carroll*
                                   Schuyler G. Carroll, Esq.
                                   William M. Hawkins, Esq.
                                   Noah Weingarten, Esq.
                                   345 Park Avenue
                                   New York, NY  10154
                                   Tel.:  212-407-4000
                                   Fax: 212-937-3326
                                   Email:  scarroll@loeb.com
                                           whawkins@loeb.com
                                           nweingarten@loeb.com

                             *Counsel for Ultimate Oppurtunities, LLC*

7

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X:
                                                        :
In re:                                                  :       Chapter 11
                                                        :
      4921 12th Avenue LLC,                        :       Case No. 18-47256-reg
                                                        :
               Debtor.               :
                                                        :
-------------------------------------------------------- X

## ORDER GRANTING RECONSIDERATION

Upon the *Renewed Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacatur of Commercial Premises* (the "**Motion**")[1] of Ultimate Oppurtunities, LLC ("**Ultimate**"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon consideration of the record of the hearing, if any, and all proceedings had before the Court; and the Court having found cause for and determined that the relief sought in the Motion is justified; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The Motion is **GRANTED**.

2.      The Vacatur Order, as amended by the Reconsideration Order, is vacated, effective immediately.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

19534469

3.      Effective immediately, no entity shall be compelled to vacate the Property, whether pursuant to this order or by the Vacatur Order or the Reconsideration Order.

**LOEB & LOEB LLP**
Schuyler G. Carroll, Esq.
William M. Hawkins, Esq.
Noah Weingarten, Esq.
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
Fax: 212-937-3326
Email: scarroll@loeb.com
　　　　whawkins@loeb.com
　　　　nweingarten@loeb.com

*Counsel for Ultimate Oppurtunities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
　　　　　　　　　　　　　　　　　　　　:
In re:　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　　Chapter 11
　　　　4921 12th Avenue LLC,　　　　:
　　　　　　　　　　　　　　　　　　　　:　　Case No. 18-47256-reg
　　　　　　　　　　　Debtor.　　　　:
　　　　　　　　　　　　　　　　　　　　:
-------------------------------------------------------- X

## NOTICE OF APPEAL

## Part 1: Identify the appellant

1.　　　Name(s) of appellant(s):

　　　　　　Ultimate Oppurtunities, LLC ("**Ultimate**").

2.　　　Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

　　　　　　Other: Commercial tenant of the first floor premises of the property located at 4921 12th Avenue, Brooklyn, New York.

## Part 2: Identify the subject of this appeal

1.　　　Describe the judgments, orders, or decrees appealed from:

　　　　　　A.　　　The *Order Directing Vacatur of Commercial Premises* (Dkt. No. 128) (the "**Vacatur Order**") (**Ex. A**), *inter alia* ordering that "all occupants of any portion

19512868

15

of the commercial space located at the Property," including Ultimate, "shall vacate the Property" on or before September 20, 2020.[1]

Ultimate hereby appeals from the Vacatur Order, including based on the Bankruptcy Court's lack of subject matter jurisdiction and lack of authority to enter a final order as to fact or law.

B.      The *Order Denying Motion for Reconsideration* (Dkt. No. 148) (the "**Reconsideration Order**") (**Ex. B**), *inter alia* ordering that "the date of September 20, 2020, set forth in the Vacatur Order's text, be, and it hereby is, replaced by the date of October 20, 2020" and "in all other respects, that the Motion [as defined in the Reconsideration Order] be, and it hereby is, denied."

Ultimate hereby appeals from the Reconsideration Order to the extent that the Court denied the Motion (as defined in the Reconsideration Order), including the Court's failure to vacate the Vacatur Order in its entirety, the Court's failure to grant any "adequate protection" for Ultimate, and all other ways in which the Court denied any of the relief requested in the Motion, on any and all grounds.  Ultimate reserves its right to appeal from so much of the Reconsideration Order regarding "the applicability to this matter of Executive Orders issued by the Governor of the State of New York regarding 'Temporary Suspension and Modification of Laws Relating to the Disaster Emergency,' including Executive Orders 202.28, 202.48, 202.57, and 202.64."

2.      State the date on which the judgments, orders, or decrees were entered:

The Vacatur Order was entered on August 26, 2020.

The Reconsideration Order was entered on September 29, 2020.

## **Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| | | |
|---|---|---|
| 1. | Ultimate Oppurtunities, LLC (appellant) | To Be Determined. |
| 2. | The Plan Administrator (appellee) | Mark A. Frankel, Esq. Backenroth Frankel & Krinsky LLP 800 Third Avenue 11th Floor New York, New York 10022 |

---

[1] September 20, 2020 is a Sunday and pursuant to Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, the date required for vacatur "continues to run" through Monday, September 21, 2020.

Tel: 212-593-1100
Fax: 212-644-0544
mfrankel@bfklaw.com

3.     Old Republic National Title          David K. Fiveson, Esq.
       Insurance Company                    Butler Fitzgerald Fiveson & McCarthy, PC
       (appellee)                           9 East 45th Street, Ninth Floor
                                            New York, New York 10017
                                            Tel: 212-615-2200
                                            Fax: 212-615-2215
                                            dfiveson@bffmlaw.com


## Part 4: Appeal to the District Court

Ultimate hereby appeals to the U.S. District Court for the Eastern District of New York.

## Part 5: Sign below

Dated: New York, New York
       October 13, 2020


                              By:  /s/ *Schuyler G. Carroll*
                                   **LOEB & LOEB LLP**
                                   Schuyler G. Carroll, Esq.
                                   William M. Hawkins, Esq.
                                   Noah Weingarten, Esq.
                                   345 Park Avenue
                                   New York, NY 10154
                                   Tel.:  212-407-4000
                                   Fax:  212-937-3326
                                   Email: scarroll@loeb.com
                                           whawkins@loeb.com
                                           nweingarten@loeb.com

                                   *Counsel for Ultimate Oppurtunities, LLC*

19512868

3

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                                          Chapter 11

     4921 12th Avenue, LLC                              Case no. 18-47256-CEC

                    Debtor.
--------------------------------------------------------x

<u>**ORDER GRANTING MOTION TO EVICT**</u>
<u>***DIRECTING VACATUR OF COMMERCIAL PREMISES (CEC)***</u>

       Upon the motion of Mark Frankel as plan administrator ("Plan Administrator") of the confirmed Chapter 11 plan ("Plan," docket no. 51) for the entry of an order under sections 105, 1127 and 1142 of the Bankruptcy Code authorizing the Plan Administrator to remove the occupants of the commercial space at the Debtor's property at 4921 12th Avenue, Brooklyn, New York ("Property") based on the "Bidding and Auction Procedures" annexed to the Plan as Exhibit A and incorporated in the Plan by reference in paragraph 78 of the Plan, providing for the sale of the Property "free and clear of all liens, claims, commercial leases not assumed under the Plan, and encumbrances," and upon the hearing held before this Court on January 22, ~~2010~~ ***2020 and August 12, 2020 (CEC)***, and after due deliberation and sufficient cause shown therefore, it is

       ORDERED, that all occupants of any portion of the commercial space at the Property, including without limitation Yehuda Salamon, Yidel's Shopping Cart, Inc., Yidel's Online Food Station, LLC., and Ultimate Opportunities, LLC., their employees, agents, members, managers, affiliates and assigns shall vacate the Property on or before ~~August 31~~ ***September 20 (CEC)***, 2020.

**Dated: Brooklyn, New York**
**August 26, 2020**

                                        _Carla E. Craig_
                                 **Carla E. Craig**
                        **United States Bankruptcy Judge**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                    Chapter 11

     4921 12th Avenue, LLC                             Case No. 18-47256 (CEC)

                   Debtor.
-----------------------------------------------------------x

## ORDER DENYING MOTION FOR RECONSIDERATION

Upon the motion, including Dkt. Nos. 131, 138, and 139 (collectively, "Motion") of Ultimate Opportunities, LLC for reconsideration of the Order Directing Vacatur of Commercial Premises (Dkt. No. 128) (the "Vacatur Order") and related relief, and upon the objections to the Motion, and upon the hearing held before this Court on September 21, 2020, and upon the entire record of this case, it is

ORDERED, the date of September 20, 2020, set forth in the Vacatur Order's text, be, and it hereby is, replaced by the date of October 20, 2020; and it is further

ORDERED, that the Court takes no position as to the applicability to this matter of Executive Orders issued by the Governor of the State of New York regarding "Temporary Suspension and Modification of Laws Relating to the Disaster Emergency," including Executive Orders 202.28, 202.48, 202.57, and 202.64 (the "Covid Orders"), and this Order is without prejudice to (a) the Movant's right to move or renew its Motion based upon the Covid Orders, ***and no other reason (CEC)*** and (b) the right of parties in interest to object thereto; and it is further

21

ORDERED, that in all other respects, that the Motion be, and it hereby is, denied.



Dated: Brooklyn, New York
September 29, 2020

_____
Carla E. Craig
United States Bankruptcy Judge

JS 44C/EDNY (Rev.3/9/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Ultimate Oppurtunities, LLC

**DEFENDANTS**
Mark Frankel in his Official Capacity as Plan Administrator for 4921 12th Avenue LLC and Old Republic National Title Insurance Company

**(b)** Attorneys *(Firm Name, Address, and Telephone Number)*
To Be Determined.

Attorneys *(If Known)*
BACKENROTH FRANKEL & KRINSKY LLP, Mark A. Frankel, Esq., 800 Third Avenue, 11th Floor, New York, New York 10022; and
BUTLER FITZGERALD FIVESON & MCCARTHY, PC, David K. Fiveson, Esq., 9 East 45th Street Ninth Floor, New York, New York 10017

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
  Plaintiff
- [x] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
  Defendant
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITING A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY)

Bankruptcy appeal; inter alia, 11 U.S.C. §§ 361-63, 365; 28 U.S.C. § 157; Fed. R. Bankr. P. 9023 and 9024; and NY state contract and other law.

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [x] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ N/A

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE  N/A    DOCKET NUMBER  N/A

DATE
October 13, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Schuyler G. Carroll

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

23

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**
Ultimate Oppurtunities, LLC

4921 12th Avenue LLC, Brooklyn, New York 11219

Kings County


**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**
Mark A. Frankel, 800 Third Avenue, 11th Floor, New York, New York 10022, New York County

Old Republic National Title Insurance Company, c/o David K. Fiveson, Esq., 9 East 45th Street, Ninth Floor, New York, New York 10017


**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:


## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?
☐ Yes    ☑ No

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?    ☐ Yes    ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?    ☑ Yes    ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:
.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?    ☐ Yes    ☐ No
(*Note: A corporation shall be considered a resident of the County in which it has the most significant contacts*).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑    Yes          ☐    No

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

☐    Yes    (*If yes, please explain*)    ☑    No

I certify the accuracy of all information provided above.
Signature: _/s/ Schuyler G. Carroll_

Case 1:20-cv-04927-AMD   Document 11-2   Filed 11/13/20   Page 25 of 93 PageID #: 1274

JS 44C/EDNY Reverse (Rev. 03/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.

    **a)**    **Plaintiffs-Defendants**.  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **b)**    **County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below. United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here. United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box. Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  Do not cite jurisdictional statutes unless diversity.  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

V.    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket**.**
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7**.  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

VII.    **Requested in Complaint.** Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.  Date and sign the civil cover sheet.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X:
                                                         :
In re:                                                   :
                                                         :    Chapter 11
      4921 12th Avenue LLC,                          :
                                                         :    Case No. 18-47256-reg
             Debtor.              :
                                                         :
-------------------------------------------------------- X

## DECLARATION OF SERVICE

      I, NOAH WEINGARTEN, make this declaration under penalty of perjury pursuant to 28

U.S.C. § 1746:

      1.      I am over the age of 18.  I am not a party to this action, and am employed by Loeb

& Loeb LLP, counsel to Ultimate Oppurtunities, LLC in the above-captioned action.

      2.      On October 13, 2020, I served the recipients listed on **Schedule A**, via electronic

mail, a true and correct copy of:

- *Notice of Appeal* and *Civil Cover Sheet* (Dkt. No. 152); and

- *Renewed Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacatur of Commercial Premises* (Dkt. No. 153).

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:  New York, New York
        October 13, 2020


                                    */s/ Noah Weingarten*
                                    Noah Weingarten

19607329

## Schedule A

David K. Fiveson
dfiveson@bffmlaw.com
*Counsel to Old Republic National Title Insurance Company*


Mark A. Frankel
mfrankel@bfklaw.com
*The Plan Administrator*


Rachel Wolf
Rachel.wolf@usdoj.gov
*Office of the United State Trustee*

19607329

**TempReass, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1−18−47256−reg

|  |  |
|---|---|
| | *Date filed:* 12/20/2018 |
| *Assigned to:* Robert E. Grossman | *Plan confirmed:* 07/30/2019 |
| Chapter 11 | *341 meeting:* 03/19/2019 |
| Voluntary | *Deadline for filing claims:* 04/05/2019 |
| Asset | *Deadline for filing claims (govt.):* 06/25/2019 |

*Debtor*
**4921 12th Avenue LLC**
4921 12th Avenue
Brooklyn, NY 11219
KINGS−NY
Tax ID / EIN: 20−0581630

represented by **Joseph Y. Balisok**
Balisok & Kaufman PLLC
251 Troy Avenue
Brooklyn, NY 11213
(718) 928−9607
Fax : 718−534−9747
Email: bankruptcy@lawbalisok.com

**Karamvir Dahiya**
Dahiya Law Offices, LLC
75 Maiden Lane
Suite 506
New York, NY 10038
(212)766−8000
Fax : (212)766−8001
Email: karam@bankruptcypundit.com

**J Ted Donovan**
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
22nd Floor
New York, NY 10036
(212)−301−6943
Fax : (212)−422−6836
Email: Tdonovan@gwfglaw.com

**Alla Kachan**
3099 Coney Island Avenue
3rd Floor
Brooklyn, NY 11235
(718) 513−3145
Fax : (347) 342−3156
Email: alla@kachanlaw.com

*U.S. Trustee*
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510−0500

| Filing Date | # | Docket Text |
|---|---|---|

| | | | |
|---|---|---|---|
| 08/26/2020 | | <u>128</u> | Order Directing Vacatur of Commercial Premises, it is Ordered, that all occupants of any portion of the commercial space at the Property 4921 12th Avenue, Brooklyn, New York shall vacate the Property on or before September 20, 2020. (RE: related document(s)<u>110</u> Motion to Authorize/Direct filed by Other Prof. Mark Frankel as Plan Administrator for 4921 12th Avenue LLC). Signed on 8/26/2020. (cns) (Entered: 08/27/2020) |
| 09/29/2020 | | <u>148</u> | Order Denying Motion for Reconsideration. Ordered, that the date of September 20, 2020, set forth in the Vacatur Orders text, be, and it hereby is, replaced by the date of October 20, 2020. Ordered, that the Court takes no position as to the applicability to this matter of Executive Orders issued by the Governor of the State of New York regarding Temporary Suspension and Modification of Laws Relating to the Disaster Emergency, including Executive Orders 202.28, 202.48, 202.57, and 202.64 (the Covid Orders), and this Order is without prejudice to (a) the Movants right to move or renew its Motion based upon the Covid Orders, and no other reason and (b) the right of parties in interest to object thereto. (RE: related document(s)<u>131</u> , <u>138</u> , <u>139</u>). Signed on 9/29/2020. (tmg) (Entered: 09/30/2020) |
| 10/13/2020 | | <u>154</u> | Affidavit/Certificate of Service /Declaration of Service Filed by Noah Weingarten on behalf of Ultimate Opportunities, LLC (RE: related document(s)<u>152</u> Notice of Appeal filed by Interested Party Ultimate Opportunities, LLC, <u>153</u> Motion to Vacate Order filed by Interested Party Ultimate Opportunities, LLC) (Weingarten, Noah) (Entered: 10/13/2020) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                          Chapter 11

      4921 12th Avenue, LLC                                    Case no.  18-47256-CEC

                         Debtor.
-----------------------------------------------------------x

### ORDER ~~GRANTING MOTION TO EVICT~~
### *DIRECTING VACATUR OF COMMERCIAL PREMISES (CEC)*

Upon the motion of Mark Frankel as plan administrator ("Plan Administrator") of the confirmed Chapter 11 plan ("Plan," docket no. 51) for the entry of an order under sections 105, 1127 and 1142 of the Bankruptcy Code authorizing the Plan Administrator to remove the occupants of the commercial space at the Debtor's property at 4921 12th Avenue, Brooklyn, New York ("Property") based on the "Bidding and Auction Procedures" annexed to the Plan as Exhibit A and incorporated in the Plan by reference in paragraph 78 of the Plan, providing for the sale of the Property "free and clear of all liens, claims, commercial leases not assumed under the Plan, and encumbrances," and upon the hearing held before this Court on January 22, ~~2010~~ *2020 and August 12, 2020 (CEC)*, and after due deliberation and sufficient cause shown therefore, it is

ORDERED, that all occupants of any portion of the commercial space at the Property, including without limitation Yehuda Salamon, Yidel's Shopping Cart, Inc., Yidel's Online Food Station, LLC., and Ultimate Opportunities, LLC., their employees, agents, members, managers, affiliates and assigns shall vacate the Property on or before ~~August 31~~ *September 20 (CEC)*, 2020.



**Dated: Brooklyn, New York**
    **August 26, 2020**

_____
         **Carla E. Craig**
    **United States Bankruptcy Judge**

# Notice Recipients

District/Off: 0207−1                    User: csmall                    Date Created: 8/27/2020
Case: 1−18−47256−cec                    Form ID: pdf000                 Total: 32

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
| | |
|---|---|
| intp | Goldberg Weprin Finkel Goldstein LLP |
| cr | Galster Funding LLC |
| op | Mark Frankel as Plan Adminstrator for 4921 12th Avenue LLC |
| intp | Yidel's Online Food Station, LLC |
| intp | E−Commerce Expand, LLC |
| intp | Yidel's Shopping Cart, Inc. d/b/a Riverstone Group |
| intp | Yehuda I Salamon |
| intp | Ultimate Opportunities, LLC |

TOTAL: 8

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| ust | Office of the United States Trustee | USTPRegion02.BR.ECF@usdoj.gov |
| aty | Alla Kachan | alla@kachanlaw.com |
| aty | Btzalel Hirschhorn | bhirschhorn@sbagk.com |
| aty | David K. Fiveson | dfiveson@bffmlaw.com |
| aty | J Ted Donovan | Tdonovan@gwflaw.com |
| aty | Joseph Y. Balisok | bankruptcy@lawbalisok.com |
| aty | Karamvir Dahiya | karam@bankruptcypundit.com |
| aty | Mark A. Frankel | mfrankel@bfklaw.com |
| aty | Robert W Dremluk | rdremluk@culhanemeadows.com |

TOTAL: 9

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | |
|---|---|---|---|---|
| db | 4921 12th Avenue LLC | 4921 12th Avenue | Brooklyn, NY 11219 | |
| cr | Old Republic National Title Insurance Company | 521 5th Avenue | 23rd Floor | New York, NY 10175 UNITED STATES |
| intp | Culhane Meadows PLLC | 100 Park Avenue | 16th Floor | New York, NY 10017 |
| 9424753 | Beis Chasidei Gorlitz | c/o Berkman Henoch et al | 100 Garden City Plaza | Garden City, NY 11530 |
| 9424751 | Beis Chasidei Gorlitz | c/o Herrick Feinstein LLP | 2 Park Avenue | New York, NY 10016 |
| 9451378 | Butler, Fitzgerald, Fiveson & McCarthy, P.C. | 9 East 45th Street, Ninth Floor | New York, New York 10017 | |
| 9441887 | Galster Funding LLC | 9 East 45th St., 9th Floor | New York, NY 10017 | |
| 9424754 | Galster Funding LLC | 9 East 45th Street, Ninth Floor | New York, NY 10017 | |
| 9506301 | Galster Funding LLC | c/o Backenroth Frankel & Krinksy, LLP | 800 3rd Ave, Fl 11 | New York, NY 10022 |
| 9424752 | Galster Funding LLC | c/o Harry Zubli, Esq. | 110 Northern Boulevard, Suite 310 | Great Neck, NY 11021 |
| 9451929 | Internal Revenue Service | P.O. Box 7346 | Philadelphia, PA 19101−7346 | |
| 9478776 | Old Republic National Title Insurance Company | c/o Butler, Fitzgerald, Fiveson | & McCarthy, P.C. | 9 East 45th Street, 9th Floor    New York, New York, 10017 |
| 9451377 | Old Republic National Title Insurance Company, | a Florida Corporation | c/o Butler Fitzgerald Fiveson & McCarthy | Nine East 45th Street, Ninth Floor    New York, NY 10017 |
| 9815675 | Ultimate Opportunities, LLC | c/o Shiryak, Bowman, Anderson, Gill & Ka | 80−02 Kew Gardens Rd., Ste. 600 | Kew Gardens, NY 11415 |
| 9734493 | Yidel's Online Food Station, LLC, | E−Commerce Expand, LLC, | c/o Dahiya Law Offices, LLC | 75 Maiden Lane Suite 506    New York NY 10038 |

TOTAL: 15

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                          Chapter 11

      4921 12th Avenue, LLC                                  Case No.  18-47256 (CEC)

                    Debtor.
----------------------------------------------------------x

## ORDER DENYING MOTION FOR RECONSIDERATION

      Upon the motion, including Dkt. Nos. 131, 138, and 139 (collectively, "Motion") of

Ultimate Opportunities, LLC for reconsideration of the Order Directing Vacatur of Commercial

Premises (Dkt. No. 128) (the "Vacatur Order") and related relief, and upon the objections to the

Motion, and upon the hearing held before this Court on September 21, 2020, and upon the entire

record of this case, it is

      ORDERED, the date of September 20, 2020, set forth in the Vacatur Order's text, be, and

it hereby is, replaced by the date of October 20, 2020; and it is further

      ORDERED, that the Court takes no position as to the applicability to this matter of

Executive Orders issued by the Governor of the State of New York regarding "Temporary

Suspension and Modification of Laws Relating to the Disaster Emergency," including Executive

Orders 202.28, 202.48, 202.57, and 202.64 (the "Covid Orders"), and this Order is without

prejudice to (a) the Movant's right to move or renew its Motion based upon the Covid Orders,

**_and no other reason (CEC)_** and (b) the right of parties in interest to object thereto; and it is

further

ORDERED, that in all other respects, that the Motion be, and it hereby is, denied.



Dated: Brooklyn, New York
September 29, 2020

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

# Notice Recipients

District/Off: 0207−1                    User: tguzman                    Date Created: 9/30/2020

Case: 1−18−47256−cec                    Form ID: pdf000                    Total: 6

**Recipients of Notice of Electronic Filing:**

ust        Office of the United States Trustee          USTPRegion02.BR.ECF@usdoj.gov
aty        Alla Kachan          alla@kachanlaw.com
aty        J Ted Donovan          Tdonovan@gwfglaw.com
aty        Joseph Y. Balisok          bankruptcy@lawbalisok.com
aty        Karamvir Dahiya          karam@bankruptcypundit.com

                                                                          TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db        4921 12th Avenue LLC          4921 12th Avenue          Brooklyn, NY 11219

                                                                          TOTAL: 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X:
                                 :
In re:                              :
                              :   Chapter 11
       4921 12th Avenue LLC,      :
                              :   Case No. 18-47256-reg
                Debtor.      :
                              :
-------------------------------------------------------- X

## DECLARATION OF SERVICE

     I, NOAH WEINGARTEN, make this declaration under penalty of perjury pursuant to 28

U.S.C. § 1746:

     1.     I am over the age of 18. I am not a party to this action, and am employed by Loeb

& Loeb LLP, counsel to Ultimate Oppurtunities, LLC in the above-captioned action.

     2.     On October 13, 2020, I served the recipients listed on **Schedule A**, via electronic

mail, a true and correct copy of:

- *Notice of Appeal* and *Civil Cover Sheet* (Dkt. No. 152); and

- *Renewed Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacatur of Commercial Premises* (Dkt. No. 153).

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: New York, New York
       October 13, 2020

                             */s/ Noah Weingarten*
                             Noah Weingarten

## Schedule A

David K. Fiveson
dfiveson@bffmlaw.com
*Counsel to Old Republic National Title Insurance Company*


Mark A. Frankel
mfrankel@bfklaw.com
*The Plan Administrator*


Rachel Wolf
Rachel.wolf@usdoj.gov
*Office of the United State Trustee*

**Information to identify the case:**

| | |
|---|---|
| Debtor | |
| **4921 12th Avenue LLC** | EIN  **20–0581630** |
| Name | |
| United States Bankruptcy Court   **Eastern District of New York** | Date case filed for chapter  **11**   **12/20/18** |
| Case number:   **1–18–47256–reg** | |

# TRANSMITTAL OF NOTICE OF APPEAL

**TO THE CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:**

A Notice of Appeal was filed on October 13, 2020 by Schuyler G. Carroll on behalf of Ultimate Opportunities, LLC, appealing Order Directing Vacatur of Commercial Premises & Order Denying Motion for Reconsideration, document number 128 & 148.

Pursuant to Bankruptcy Rule 8003(d)(1), the following documents are being transmitted:

1. Notice of Appeal to District Court with Civil Cover Sheet by Schuyler G. Carroll on behalf of Ultimate Opportunities, LLC
2. Affidavit of Service of Notice of Appeal

Dated: October 14, 2020

Robert A. Gavin, Jr., Clerk of Court

By: Amy Tenneriello

_____

Deputy Clerk

**BLtroap.jsp** [Transmittal of Notice of Appeal 04/17/17]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−1 | User: atennerie | Date Created: 10/14/2020 |
| Case: 1−18−47256−reg | Form ID: 771 | Total: 21 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | |
|---|---|
| intp | Goldberg Weprin Finkel Goldstein LLP |
| cr | Galster Funding LLC |
| op | Mark Frankel as Plan Adminstrator for 4921 12th Avenue LLC |
| intp | Yidel's Online Food Station, LLC |
| intp | E−Commerce Expand, LLC |
| intp | Yidel's Shopping Cart, Inc. d/b/a Riverstone Group |
| intp | Yehuda I Salamon |
| intp | Ultimate Opportunities, LLC |

TOTAL: 8

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of the United States Trustee | USTPRegion02.BR.ECF@usdoj.gov |
| aty | Alla Kachan | alla@kachanlaw.com |
| aty | David K. Fiveson | dfiveson@bffmlaw.com |
| aty | J Ted Donovan | Tdonovan@gwfglaw.com |
| aty | Joseph Y. Balisok | bankruptcy@lawbalisok.com |
| aty | Karamvir Dahiya | karam@bankruptcypundit.com |
| aty | Mark A. Frankel | mfrankel@bfklaw.com |
| aty | Noah Weingarten | nweingarten@loeb.com |
| aty | Robert W Dremluk | rdremluk@culhanemeadows.com |
| aty | Schuyler G. Carroll | SCarroll@loeb.com |

TOTAL: 10

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| db | 4921 12th Avenue LLC | 4921 12th Avenue | Brooklyn, NY 11219 | |
| cr | Old Republic National Title Insurance Company | 521 5th Avenue | 23rd Floor | New York, NY 10175 |
| | UNITED STATES | | | |
| intp | Culhane Meadows PLLC | 100 Park Avenue | 16th Floor | New York, NY 10017 |

TOTAL: 3

**Information to identify the case:**

Debtor

**4921 12th Avenue LLC**
_____
Name

EIN  **20–0581630**

United States Bankruptcy Court   **Eastern District of New York**

Date case filed for chapter  **11**   **12/20/18**

Case number:  **1–18–47256–reg**

# NOTICE TO PARTIES CONCERNING APPEAL (ECF CASE)

A Notice of Appeal was filed on October 13, 2020, in the above case by Schuyler G. Carroll on behalf of Ultimate Opportunities, LLC, regarding Order Directing Vacatur of Commercial Premises & Order Denying Motion for Reconsideration dated August 28, 2020 & September 29, 2020, document number 128 & 148.

Effective December 1, 2014, Part VIII of the Federal Rules of Bankruptcy Procedure governing bankruptcy appeals was substantially revised in order to align those rules with the Federal Rules of Appellate Procedure and updated to include electronic transmission, filing, and service.

This notice must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Eastern District of New York, and this Court's Local Rules and Procedures.

1. **Service of Notice:** The appellant must provide the Clerk with the email address of each party to be served; to the extent that there are parties to the appeal who are not equipped to receive email noticification, the appellant must provide the Clerk with the address for all parties to be served.

2. **Appellant's Designation:** Appellant's designation of record on appeal and statement of issues to be presented on appeal are due within fourteen (14) days from the date of the filing of the Notice of Appeal. The designation must include a list of items to be included in the record on appeal. A copy of the designation and statement shall be served by the appellant on the appellee. A certificate of service must be filed with the bankruptcy court as proof that proper service was made.

3. **Appellee's Designation:** Within fourteen (14) days after service of the appellant's designation and statement, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record on appeal.

4. **Transcripts:** If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, call one of the court approved transcription service agencies to request a copy of a transcript. The written request for the transcript shall be filed with the bankruptcy court. The party requesting the transcript is responsible for the cost of transcription. Designated transcripts must be provided to this office in PDF format.

5. **ECF Registration (_Attorneys Only_):** Documents must be filed electronically relative to this matter, both in the Bankruptcy Court and, once the record has been transmitted, in the District Court. For information on ECF registration in the Bankruptcy Court, please visit: www.nyeb.uscourts.gov/electronic–filing–procedures; in the District Court, visit: https://www.nyed.uscourts.gov/cmecf.

6. **Transmittal of Record on Appeal:** Generally the record on appeal will be transmitted thirty (30) days from the date of the filing with the Court of the Notice of Appeal.

Dated: October 14, 2020

FOR THE COURT

By: Amy Tenneriello
_____
Deputy Clerk

BLntcparties.jsp [Notice to Parties 04/17/17]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−1 | User: atennerie | Date Created: 10/14/2020 |
| Case: 1−18−47256−reg | Form ID: 772 | Total: 7 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
op          Mark Frankel as Plan Adminstrator for 4921 12th Avenue LLC

                                                                    TOTAL: 1

**Recipients of Notice of Electronic Filing:**
aty          David K. Fiveson          dfiveson@bffmlaw.com
aty          Joseph Y. Balisok          bankruptcy@lawbalisok.com
aty          Mark A. Frankel          mfrankel@bfklaw.com
aty          Schuyler G. Carroll          SCarroll@loeb.com

                                                                    TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          4921 12th Avenue LLC          4921 12th Avenue          Brooklyn, NY 11219
             Office of the United States Trustee          Eastern District of NY (Brooklyn Office)          U.S. Federal Office
             Building          201 Varick Street, Suite 1006          New York, NY 10014

                                                                    TOTAL: 2

**LOEB & LOEB LLP**
Schuyler G. Carroll, Esq.
William M. Hawkins, Esq.
Noah Weingarten, Esq.
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
Fax: 212-937-3326
Email: scarroll@loeb.com
        whawkins@loeb.com
        nweingarten@loeb.com

*Counsel for Ultimate Oppurtunities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
                                                          :
In re:                                                    :
                                                          :     Chapter 11
        4921 12th Avenue LLC,                             :
                                                          :     Case No. 18-47256-reg
                                Debtor.                   :
                                                          :
-------------------------------------------------------- X

**MOTION OF ULTIMATE OPPURTUNITIES, LLC**
**FOR STAY OF ORDER DIRECTING VACATUR OF**
**COMMERCIAL PREMISES PENDING APPEAL, OR IN THE ALTERNATIVE**
**PENDING THE DETERMINATION OF THE RECONSIDERATION MOTION**

Ultimate Oppurtunities, LLC ("**Ultimate**"), by and through counsel, Loeb & Loeb LLP,

respectfully submits this motion (the "**Stay Motion**") for a stay of the *Order Directing Vacatur of*

*Commercial Premises* (Dkt. No. 128) (the "**Vacatur Order**") and the *Order Denying Motion for*

*Reconsideration* (Dkt. No. 148) (the "**Reconsideration Order**") until such date as shall be ordered

by this Court, which shall not be a date earlier than the date which is fourteen days after the final

determination and adjudication of Ultimate's appeal of the Vacatur Order and Reconsideration

Order by the U.S. District Court for the Eastern District of New York (the "**District Court**") or

the U.S. Circuit Court of Appeals for the Second Circuit ("**Second Circuit**").  In the alternative,

19611600

Ultimate requests such stay through a date not earlier than fourteen days after the final determination and adjudication of Ultimate's Renewed Reconsideration Motion (defined below). In support of this Stay Motion, Ultimate submits the declaration of Uziel Frankel and respectfully states as follows:

## PRELIMINARY STATEMENT

1. A stay pending appeal is mandated in this case, because all four factors that are uniformly considered  – (1) a showing of Ultimate's probable success on the merits; (2) Ultimate will suffer irreparable harm absent a stay; (3) the Plan Administrator (defined below) will not be harmed by a stay; and (4) the public's interest in a stay – all massively weigh in favor of granting a stay.

2. <u>First</u>, Ultimate has a substantial possibility of success on the appeal of the Vacatur Order and the Reconsideration Order as there are several reasons for a reversal of the Vacatur Order by the District Court, including:

    a. The Court lacked jurisdiction to enter the Vacatur Order because the Vacatur Order was both non-core and arose from a *Stern* claim, and Ultimate never consented to this Court's adjudication;

    b. The Vacatur Order was a clear error of law and a manifest injustice to Ultimate because the Plan Administrator cannot accomplish his stated goal of selling the Property (defined below) free and clear of Ultimate's leasehold interest because Ultimate's leasehold rights are protected under section 365(h) of title 11 of the United States Code (the "**Bankruptcy Code**") and Ultimate is entitled to the continued possession of the Property as "adequate protection" of its leasehold interest; and

    c. The Plan Administrator was barred by *res judicata* from pursuing the claims that lead to the Vacatur Order because the Plan (defined below) did not preserve such causes of action.

3. Ultimate should also prevail on the Renewed Reconsideration Motion because the Plan Administrator's Eviction Motion (defined below) and the Vacatur Order squarely violate Governor Cuomo's Executive Orders, intended to reduce the spread of COVID-19.  This violation

means that this Court will likely vacate the Vacatur Order in its entirety and suspend any prosecution of the Eviction Motion, once it considers Ultimate's Renewed Reconsideration Motion in full.

4.      <u>Second</u>, Ultimate will be irreparably harmed if a stay is not granted.  The certain damage from Ultimate's required "vacatur" constitutes irreparable harm as a matter of law. Additionally, if allowed, such an eviction would moot Ultimate's appeal of the Vacatur Order and the Reconsideration Motion and any consideration by this Court of the Renewed Reconsideration Motion.  Additionally, the potential shutdown of Ultimate's grocery store known as *Yidels Food Station* ("***Yidels***") located at the Property, and the resulting loss of reputation, goodwill of Ultimate's many regular customers, and loss of business opportunity, constitute yet another basis for finding irreparable harm.

5.      <u>Third</u>, the Plan Administrator would suffer no prejudice from the granting of a stay because he has admitted that he has no sale contract or even any serious bidder for the Property. In fact, even if there were some indication of a sale, there is no evidence that Ultimate's leasehold makes a sale process more difficult.  Moreover, in light of COVID-19, and Borough Park – the neighborhood where the Property is located – being hit so hard by the pandemic, the Plan Administrator would *benefit* from waiting to sell the Property anyway.

6.      <u>Fourth</u>, the public interest deeply necessitates the stay to keep Ultimate's grocery store *Yidels* open.  During the COVID-19 pandemic, the *Yidels* grocery store has been, and remains, an essential business.  Moreover, *Yidels* plays an enormously crucial role in the prevention of the spread of COVID-19 because, at *Yidels*, Ultimate continues to make home-delivery of groceries to its customers, thereby preventing people from having to leave their homes and risking exposing others and themselves to COVID-19.  In addition to selling groceries, *Yidels*

also sells a significant amount of cleaning supplies and disinfectants, which are, of course, necessary to prevent the spread of COVID-19.  Additionally, Ultimate has a contract with New York State whereby *Yidels* now provides over 144,000 meals on a weekly basis to New York City public school children in lower income neighborhoods.  Fulfillment of this state contract to feed the children amidst the COVID-19 crisis requires Ultimate to remain in possession of its leasehold at the Property.  Without the store, *Yidels* simply cannot prepare and assemble these meals.

7.      For the foregoing reasons, Ultimate more than satisfies each factor and stay relief should be granted pending Ultimate's appeal of the Vacatur Order and Reconsideration Order.  In the alternative, the Court should grant the stay while it adjudicates the Renewed Reconsideration Motion.

## BACKGROUND

**A.      Ultimate's Valid Leasehold Interest; the *Yidels* Store at the Property**

8.      Ultimate occupies the first floor of 4921 12th Avenue, Brooklyn, New York (the "**Property**") pursuant to a valid lease (the "**Lease**") by and between Ultimate and 4921 12th Avenue LLC (the "**Debtor**") dated as of November 1, 2016.

9.      Ultimate has paid rent and fulfilled all past and current payment obligations owed in connection with its leasehold tenancy of the Property.  The term of the leasehold continues until at least 2046.  Accordingly, Ultimate is entitled to the uninterrupted possession of its leasehold.  At previous hearings in this case, the Plan Administrator affirmed the existence of the Lease as binding and enforceable.

10.     Ultimate owns and operates the grocery store at the Property known as *Yidels*, a well-known institution in Borough Park.  Since signing the Lease, Ultimate acquired the rights to the *Yidels* business and has been operating it through present.   Accordingly, Ultimate is

19611600

4

synonymous with *Yidels* and succeeded to the store's decades-long tradition of service to its Borough Park customers.

11.     The *Yidels* grocery store is a pillar of the Borough Park neighborhood, serving the community for over twenty years.  During the COVID-19 pandemic, *Yidels* has taken on even greater importance to the community.  *Yidels* continues to make home-delivery of groceries to its customers, thereby preventing people from having to leave their homes, and risking exposing others and themselves to COVID-19.  In addition to selling groceries, *Yidels* also sells a significant amount of cleaning supplies and disinfectants, which are, of course, necessary to prevent the spread of COVID-19.  Should Ultimate be forced to close *Yidels* and vacate, the closure will choke off the flow of cleaning supplies to the neighborhood.  Moreover, Ultimate has a contract with New York State whereby *Yidels* now provides over 144,000 meals on a weekly basis to New York City public school children in lower income neighborhoods.  This contract lasts at least through the end of 2020.

## B.     Bankruptcy Background

12.     On December 20, 2018, the Debtor commenced this voluntary case under chapter 11 of the Bankruptcy Code.

13.     On May 1, 2019, Mark Frankel filed the proposed *Plan of Reorganization* (Dkt. No. 51) (the "**Plan**") seeking *inter alia* his appointment as the plan administrator (the "**Plan Administrator**").

14.     On July 30, 2019, the Court entered the *Order Confirming Mortgagee's Plan of Reorganization* (Dkt. No. 91), thereby confirming the Plan.

**C.     Background of the Eviction Motion**

15.     On December 27, 2019, the Plan Administrator filed the motion (Dkt. No. 110) (the "**Eviction Motion**"), seeking "(a) the eviction of the occupants of the commercial space at the [Property], (b) the United States Marshal for the Eastern District of New York (the 'US Marshal') to assist the Plan Administrator with the eviction, and (c) the Plan Administrator to replace current management of the Property with a professional third party managing agent."  (Eviction Motion at ¶ 30).

16.     On August 26, 2020, the Court entered the Vacatur Order, ordering that Ultimate, among others, "shall vacate the Property on or before September 20."

**D.     Ultimate Seeks and Obtains Partial Reconsideration of the Vacatur Order**

17.     On September 9, 2020, Ultimate timely filed its motion seeking reconsideration (Dkt. Nos. 131, 138, and 139) (the "**Reconsideration Motion**"), seeking *inter alia* an order (a) vacating the Vacatur Order in its entirety (including rescinding any requirement of vacatur of the premises) or, in the alternative, (b) requiring a *de novo* hearing on the Plan Administrator's Eviction Motion (together with a stay of the Vacatur Order).

18.     On September 21, 2020, the Honorable Carla E. Craig held a hearing on the Reconsideration Motion.

19.     On September 29, 2020, the Court entered the Reconsideration Order, *inter alia*:

   (i)     Replacing September 20, 2020 with October 20, 2020 as Ultimate's vacatur date from the Property;

   (ii)    "[T]ak[ing] no position" as to "the applicability to this matter of Executive Orders issued by the Governor of the State of New York regarding 'Temporary Suspension and Modification of Laws Relating to the Disaster Emergency,' including Executive Orders 202.28, 202.48, 202.57, and 202.64";

(iii)    Preserving "(a) [Ultimate]'s right to move or renew its [Reconsideration] Motion based upon the Covid Orders and no other reason . . . and (b) the right of parties in interest to object thereto"; and

(iv)    Denying the Reconsideration Motion in all other respects.

20.    On October 13, 2020, Ultimate filed the *Notice of Appeal* (Dkt. No. 152) (the "**Notice of Appeal**") of the Vacatur Order and the Reconsideration Order.  Ultimate appealed the Reconsideration Order to the extent that the Court denied the Reconsideration Motion including the Court's failure to revoke the Vacatur Order in its entirety, the Court's failure to grant any "adequate protection" for Ultimate, and all other ways in which the Court denied any of the relief requested in the Reconsideration Motion.  In the Notice of Appeal, Ultimate also reserved its right to appeal from so much of the Reconsideration Order regarding the applicability of Governor Andrew Cuomo's Executive Orders to this matter.

21.    Consistent with its Notice of Appeal, on October 13, 2020, Ultimate also filed the *Renewed Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacatur of Commercial Premises* (Dkt. No. 153) (the "**Renewed Reconsideration Motion**").

## RELIEF REQUESTED

22.    Ultimate respectfully requests that the Court enter an order substantially in the form attached as **Exhibit A** hereto, staying the Vacatur Order and Reconsideration Order until such date as shall be ordered by this Court, which shall not be earlier than the date which is fourteen days after the final determination and adjudication of Ultimate's appeal of the Vacatur Order and Reconsideration Order by the District Court or the Second Circuit; and granting such other and further relief.

23.     In the alternative, Ultimate requests a stay of the Vacatur Order and Reconsideration Order through a date not earlier than fourteen days after the final determination and adjudication of Ultimate's Renewed Reconsideration Motion.

### **BASIS FOR RELIEF**

### I.       **MOTION TO STAY STANDARDS**

24.     A bankruptcy court may grant a stay of an order – such as the Vacatur Order and Reconsideration Order – after a notice of appeal is filed. *See* Rule 8007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

25.     Courts regularly grant a stay when the following factors are satisfied – as is the case here:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interests in the proceeding; and (4) where the public interest lies.

*SDF9 COBK LLC v. AF & AR LLC*, No. 12-CV-3078 (ENV)(RML), 2015 U.S. Dist. LEXIS 68667, at *5 (E.D.N.Y. May 15, 2015) (granting motion stay) (quoting *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.*), 503 F.3d 167, 170 (2d Cir. 2007)); *accord In re Sphere Holding Corp.*, 162 B.R. 639, 643 (E.D.N.Y. 1994); *ACC Bondholder Grp. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007); *Silverman v. Nat'l Union Fire Ins. Co. (In re Suprema Specialties, Inc.)*, 330 B.R. 93, 94-95 (S.D.N.Y. 2005).  A stay is mandated here because all four factors conclusively weigh in favor of granting a stay.

## II.      ULTIMATE HAS A SUBSTANTIAL POSSIBILITY OF SUCCESS ON THE APPEAL OF THE VACATUR ORDER AND THE RECONSIDERATION ORDER

26.      It is well settled that the level or degree of success "will vary according to the Court's assessment of the other stay factors" and is "'inversely proportional to the amount of irreparable injury [appellant] will suffer absent the stay.'"  *SDF9 COBK LLC*, 2015 U.S. Dist. LEXIS 68667, at *5-6 (quoting *Thapa v. Gonzales*, 460 F.3d 323, 334-35 (2d Cir. 2006) (granting stay)); *In re Suprema Specialties, Inc.*, 330 B.R. at 94 ("The Court does not believe that a high probability of success on appeal should be required because the competing harms and public interests favor Movants"); *In re Adelphia Communs. Corp.*, 361 B.R. at 347, 349 (observing that a movant need not necessarily satisfy all factors).  Simply stated: "more of one excuses less of the other."  *SDF9 COBK LLC*, 2015 U.S. Dist. LEXIS 68667, at *5 (citation omitted); *In re Adelphia Communs. Corp.*, 361 B.R. at 349 (citation omitted).  Accordingly, when the equities weigh in favor of a stay, the movant has a much lower standard for showing the chances of success.  *SDF9 COBK LLC*, 2015 U.S. Dist. LEXIS 68667, at *5 (granting stay even though "there is only the slightest possibility of success" because the balance of hardships weighed in favor of granting stay); *In re Suprema Specialties, Inc.*, 330 B.R. at 95 ("The Court does not believe that a high probability of success on appeal should be required because the competing harms and public interests favor Movants.").

27.      Ultimate more than satisfies a probability of success on the merits of its appeal.  However, at this stage, Ultimate only needs to make a lesser showing because all of the other factors decisively tip in favor of granting a stay.  In summary, Ultimate will suffer severe and irreparable prejudice – for multiple reasons – if forced to vacate the Property, the Plan Administrator will have no prejudice if the stay is granted, and the public interest weighs decisively in favor of the stay, so that Ultimate's store, *Yidels*, can remain open.

A.      **Reconsideration Standards**

28.     On appeal, Ultimate intends to argue that the Court erred by failing to reconsider and revoke the Vacatur Order.  Federal Rules 59(e) and 60 authorize each party to move the Court to vacate an order to "correct a clear error of law or prevent manifest injustice."  *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (court "acted well within its discretion" to "correct a clear error of law"); *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (court did not abuse discretion granting motion for reconsideration).  The Vacatur Order constituted both.

B.      **The Vacatur Order Is Void Because the Bankruptcy Court**
        **Did Not Have Jurisdiction**

29.     The Court did not have the authority to enter a final judgment in this non-core matter because Ultimate did not consent to the entry of a final judgment concerning either the Plan Administrator's Eviction Motion or the Vacatur Order.  Yet the Vacatur Order purports to be final. The Court should have revoked the Vacatur Order to correct this clear error of law, but did not do so in the Reconsideration Order.  On appeal, Ultimate should prevail on this argument and the District Court should overturn the Vacatur Order entirely.

30.     Pursuant to 28 U.S.C. § 157(c), absent the consent of the affected party, a bankruptcy court may only hear non-core matters to submit "proposed findings of fact and conclusions of law to the district court" (emphasis added).  Moreover, bankruptcy courts may not enter final orders on *Stern* claims either.  *See Stern v. Marshall*, 564 U.S. 462, 499 (2011) ("Congress may not bypass Article III simply because a proceeding may have some bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself").

31.     The Court could not enter a final order here, because the Eviction Motion was clearly non-core.  *See, e.g.*, *Rednel Tower, Ltd. v. Riverside Nursing Home (In re Riverside Nursing Home)*, 144 B.R. 951, 955-56  (Bankr. S.D.N.Y. 1992) (plaintiff's eviction of debtor was non-core

10

because it "is not a proceeding that could only occur in the framework of a bankruptcy case.  It is a state law cause of action that, absent a bankruptcy, would have been advanced in the State Court."); *Taub v. Hershkowitz (In re Taub)*, 417 B.R. 186, 195-96 (Bankr. E.D.N.Y. 2009) (observing on abstention motion that debtor-plaintiff's motion to evict defendant was non-core because it "could arise outside the context of this bankruptcy case.").  Ultimate never consented to entry of a final order here, so the Vacatur Order cannot stand as it resulted from a non-core adjudication.

33.     Separately, the Vacatur Order is likely to be reversed by the District Court because the Vacatur Order arose from a *Stern* claim by the Plan Administrator, which the Court could not consider without Ultimate's consent (which it did not give).  The Court's entry of the Vacatur Order violated *Stern* because the Court adjudicated a matter that constituted "'the stuff of the traditional actions at common law'" – *i.e.*, an eviction – thereby usurping a matter reserved for Article III courts under the Constitution.  *Stern*, 564 U.S. at 484 (citation omitted).  The Vacatur Order violated *Stern* because it would "chip away at the authority of the Judicial Branch," which *Stern* said bankruptcy courts could not do.  *Id.* at 503; *Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974) ("Since the right to recover possession of real property . . . was a right ascertained and protected by courts at common law, the Seventh Amendment preserves to either party the right to trial by jury.").

33.     Of course, the Court could not hear this *Stern* claim unless Ultimate "knowingly and voluntarily consent[ed] to adjudication by a bankruptcy judge."  *Wellness Int'l Network, Ltd.*

11

*v. Sharif*, 135 S. Ct. 1932 (2015). Ultimate's lack of consent to the adjudication by this Court means the Vacatur Order must fall under the *Stern* doctrine.[1]

C.     **The Granting of the Vacatur Order Was Clear Error Because the Plan Administrator Will Not Be Able to Sell the Property Free and Clear of Ultimate's Leasehold Interest**

i.     ***Ultimate's Right to Remain in Possession of its Leasehold Interest After a Sale is Protected by § 365(h)***

34.     The Court committed clear error and created a manifest injustice, necessitating reversal by the District Court because the Plan Administrator would not be able to accomplish his sole stated purpose: to sell the Property free and clear of Ultimate's valid leasehold interest due to Ultimate having a valid leasehold interest. *See, e.g.*, *In re Churchill Properties III, LP*, 197 B.R. 283 (Bankr. N.D. Ill. 1996); *In re Haskell, L.P.*, 321 B.R. 1 (Bankr. D. Mass. 2005); *In re Zota Petroleums, LLC*, 482 B.R. 154 (Bankr. E.D. Va. 2012).

35.     Even if the Plan Administrator were to "reject" Ultimate's leasehold interest, Ultimate would still be entitled to possession of the leasehold Property. Pursuant to § 365(h) of the Bankruptcy Code, upon the rejection of a lease under which a debtor (*i.e.*, the Plan Administrator stepping to the shoes of the Debtor) is the lessor, "if the term of such lease has commenced, the lessee [*i.e.*, Ultimate] may retain its rights under such lease . . . for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law." As the legislative history of § 365(h) provides: a "the tenant will not be deprived of his estate for the term for which he bargained."

---

[1]     Moreover, under Bankruptcy Rule 7001(7), the Plan Administrator brought the Eviction Motion improperly. The Plan Administrator initially chose to fight regarding Ultimate's tenancy in the adversary proceeding *Frankel v. Salamon*, Adv. Pro. No. 19-1120-cec. Having selected that approach, the Plan Administrator cannot now choose – nor be allowed – to vexatiously and simultaneously attack Ultimate in a second legal action (*i.e.*, the contested matter of the Eviction Motion) regarding a matter that has the same factual nexus as the adversary proceeding. Further, under Bankruptcy Rule 7001(7), injunctive relief, including the Vacatur Order, can only be obtained in an adversary proceeding under way.

House Report No. 95-595, 95th Cong., 1st Sess. 349 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 60 (1978) (emphasis added); *see also In re Taylor*, 198 B.R. 142, 165-66 (Bankr. D.S.C. 1996) ("Congress intended to prevent the divestiture of the lessee's estate prior to the expiration of the bargained-for term when the debtor-lessor rejects a lease.  In essence, § 365(h) is meant to prevent forcible evictions in all possible instances." (emphasis added) (citation omitted)).

36.     Courts have regularly found that the protections of § 365(h) override the rights of a debtor to sell real property under § 363(f) free and clear of leasehold interests.  In *Churchill Properties III, LP*, 197 B.R. 283, the Court granted the debtor's motion to sell real property free and clear and motion to reject leases for various portions of the property.  Thereafter, the purchaser of the property alleged that a tenant could be evicted as a result of the sale of the property under § 363(f), and the tenant alleged that he could retain possession under § 365(h).  The Court held that § 365(h) prevailed over § 363(f) finding *inter alia* that Congress could not have intended a general provision, such as § 363(f), to override § 365(h), a specific statute providing for the rights a non-debtor lessee following the rejection of its lease.

37.     In *In re Haskell, L.P.*, 321 B.R. 1 (Bankr. D. Mass. 2005), the court granted a motion to reject a certain lease and subsequently granted a motion sell the real property.  The Court denied the sale motion, noting that "[i]f the court were to grant the Debtor's Sale Motion, the provisions of § 365(h) would be eviscerated.  In other words, the Debtor would be doing indirectly what it could not do directly, namely, dispossessing [the tenant]."  *Id.* at 9; *see also In re Zota Petroleums, LLC*, 482 B.R. 154 (agreeing with *Haskell* and *Churchill* in finding that § 365(h) overrode § 363(f)).

38.     Here, the Vacatur Order is manifestly unjust because the Plan Administrator will not be able to sell the Property free and clear of Ultimate's leasehold interest because Ultimate's

interest is protected under § 365(h).  It cannot be seriously disputed that Ultimate has a valid lease

and has paid rent.  The District Court should overturn the Vacatur Order on appeal because it

grossly violated Ultimate's right under § 365(h).

### ii.     Ultimate is Entitled to Adequate Protection in the Form of Continued Possession of its Leasehold Property

39.     Even if a sale under § 363(f) is permitted, Ultimate would still retain possession of

the leased premises as adequate protection under § 363(e).  *See, e.g.*, *Dishi & Sons v. Bay Condos*

*LLC*, 510 B.R. 696, 712 (S.D.N.Y. 2014).  Section 363(e) provides that "at any time, on request

of an entity that has an interest in property . . . sold . . . by the trustee, the court, with or without a

hearing, shall prohibit or condition such . . . sale . . . as is necessary to provide adequate protection

of such interest."  Section 361 provides that adequate protection of an entity's (*i.e.*, Ultimate's)

interest may be provided by *inter alia* "granting such other relief . . . as will result in the realization

by such entity of the indubitable equivalent of such entity's interest in such property."

40.     In *Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, the Court addressed facts and

legal issues nearly identical to the ones here.  There, the debtor filed a plan, which provided for

the sale of real property free and clear of property and the rejection of certain commercial leases.

Prior to the entry of a sale order, a tenant asserted its right to retain possession for the duration of

the lease under § 365(h), and alternatively, the same as adequate protection under § 363(e).  The

Court granted the sale and provided two reasons for holding that the tenant had a right to remain

in possession of the property:

> (i) [the tenant]'s rights under section 365(h) . . . including, but not limited to, the
> right to elect to remain in possession of the Property [are] fully preserved; and (ii)
> as adequate protection for the sale of the Property free and clear of the [tenant's]
> Lease, [the tenant] may remain in possession of the Property pursuant to sections
> 361(3) and 363(e).

*Id.* at 700 (quoting bankruptcy court).

41.     On appeal, the district court affirmed the bankruptcy court's ruling: "whether a sale free and clear of the [tenant's] Lease was permissible or not, [the tenant] is entitled to continued possession under § 363(e).  *Id.* at 712.  The Court also approvingly quoted *Haskell* for the proposition that "where  . . . it is difficult to value the lessee's unique property interest, . . . 'adequate protection can be achieved only through continued possession of the leased premises.'" *Id.* (quoting *In re Haskell*, 321 B.R. at 10).

42.     Like in *Dishi*, Ultimate as the tenant is entitled to retain continued possession of its leasehold interest – which has a stated term until 2046 – as adequate protection of its interest.  For yet another reason, the District Court should overturn the Vacatur Order on this basis, too.

**D.     The Eviction Motion Is Barred by *Res Judicata* Because The Plan Failed to Preserve Eviction Actions**

43.     The Plan Administrator is and was barred by *res judicata* from seeking the relief in the Eviction Motion because the Plan failed to preserve this claim upon Plan confirmation.  *See, e.g.*, *Tracar v. Silverman (In re American Preferred Prescription, Inc.)*, 266 B.R. 273, 277 (E.D.N.Y. 2000) (dismissing claim based on *res judicata*).

44.     It is beyond dispute that a confirmed plan – such as the Plan in this Chapter 11 Case – has preclusive effect under the doctrine of *res judicata*.  *See, e.g.*, *id.*; *Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 872-73 (2d Cir. 1991) (order confirming plan of reorganization has preclusive effect under *res judicata*)).   An estate may only avoid such preclusion, if, among other requirements, "the plan . . . expressly reserve[s] the right to pursue that particular claim post-confirmation."  *In re American Preferred Prescription, Inc.*, 266 B.R. at 277; *Sure-Snap Corp.*, 948 F.2d at 872-73; *D&K Properties Crystal Lake v. Mutual Life Ins. Co.*, No. 95 C 4974, 1996 U.S. Dist. LEXIS 5806, at *4 (N.D. Ill. May 1, 1996) (claim barred by *res judicata*

and interpreting the Second Circuit's decision in *Sure-Snap* to hold that right to bring post-confirmation litigation must be expressly reserved in the confirmed plan to avoid *res judicata* preclusion); *In re Porter*, 382 B.R. 29, 41 (Bankr. D. Vt. 2008) (a reservation of rights clause in Chapter 13 plans "must be express in order to overcome the *res judicata* bar").

45.     The Plan is wholly deficient regarding the Plan Administrator's supposed right to bring the Eviction Motion post-confirmation and only contains "blanket reservation" language that courts have held *insufficient* to preserve a claim against *res judicata* preclusion (*see* Plan at ¶ 90(c), 92 (purporting to preserve "all" causes of action under certain enumerated provisions of the Bankruptcy Code and the Plan Administrator's authority to bring such causes of action)).  This language does not save the Eviction Motion.  In short, the Plan fails to preserve any right of the Plan Administrator to bring the Eviction Motion, barring it by the Plan's *res judicata* effect.

### E.     A Stay Pending the Determination of the Renewed Reconsideration Motion Is Warranted Because Ultimate Has a Likelihood of Success

46.     Even assuming the Court does not grant a stay pending Ultimate's appeal, a stay pending the determination of the Renewed Reconsideration Motion is warranted.  Ultimate has a likelihood of success in obtaining the revocation of the Vacatur Order, supporting this relief.  The prosecution of the Eviction Motion and the granting of the Vacatur Motion contradicted the Executive Orders because they were prosecuted and entered during a moratorium on <u>both</u> the filing of commercial evictions and proceedings to enforce any commercial eviction.  *See* Executive Orders 202.28, 202.48, 202.57, and 202.64.  This Court's reconsideration should cause a revocation of the Vacatur Order due to its violation of these Executive Orders.

47.     Importantly, the prohibition on "evictions" in the Executive Orders includes <u>all</u> actions to exclude tenants "for nonpayment of rent."  *See, e.g.*, *Prestige Deli & Grill Corp. v. PLG Bedford Holdings LLC*, Index No. 510220/20, 2020 N.Y. Misc. LEXIS 3401, at *3 (N.Y. Sup. Ct.

Kings Cty. July 17, 2020) (the Executive Orders "clearly prohibit[] the enforcement of a termination of a commercial lease" and "broadly stay[] all foreclosure and non payment matters"). Thus, the Executive Orders encompassed both the Eviction Motion and the Vacatur Order.

48.     The Plan Administrator's request to evict Ultimate is about the payment of money under the Lease.  The Eviction Motion admits as much.  There, the Plan Administrator states that he seeks the forced vacatur of Ultimate from the Property because "potential purchasers are unwilling to pay a fair market price" since they fear the lessee will fail to vacate. (Eviction Motion at ¶ 29).  Moreover, if the Lease called for the payment of more rent, the Lease would certainly be appealing to the Plan Administrator (and potential purchasers), and the Plan Administrator would not seek to evict Ultimate.  Thus, the Plan Administrator is trying to evict Ultimate for "non-payment" of sufficient rent to make the economics desirable for a prospective buyer.  This is exactly what the Executive Orders preclude: actions for "nonpayment of rent" . The Executive Orders compelled the Plan Administrator to stop any efforts to evict Ultimate from the Property and precluded the Court from entering the Vacatur.

## III.     ULTIMATE WILL BE IRREPARABLY HARMED IF FORCED TO VACATE ITS LEASED PREMISES DURING THE PENDENCY OF ITS APPEAL

49.     Ultimate will be irreparably harmed for at least three independent reasons, any of which is sufficient for granting the requested stay, and cumulatively, overwhelmingly require the granting of the stay.  *See Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co.*, 339 F.3d 101, 113 (2d Cir. 2003) (affirming grant of preliminary injunction, applying same factors as used for grant of stay pending appeal, and observing that "irreparable harm" means "certain and imminent harm for which a monetary award does not adequately compensate.").

50.     <u>First</u>, the harm from Ultimate's mandatory eviction from the Property – by virtue of its required "vacatur" – is irreparable as a matter of law.  *See, e.g.*, *In re Issa Corp.*, 142 B.R.

75, 78 (Bankr. S.D.N.Y. 1992) (granting stay and finding that debtor-restauranteur will "indisputably . . . suffer irreparable injury if the stay is denied, since it would lose the restaurant"); *SDF9 COBK LLC*, 2015 U.S. Dist. LEXIS 68667, at *8 ("there is unquestionably potential irreparable harm in not granting a stay because, '[g]enerally, eviction from one's home constitutes irreparable injury.'"); *accord Calvagno v. Bisbal*, 430 F. Supp. 2d 95, 100 (E.D.N.Y. 2006) (granting preliminary injunction and holding that "The Plaintiffs are in imminent danger of being evicted . . . .Clearly, the Plaintiffs will suffer irreparable harm by losing their only residence and the balance of hardships tips decidedly in their favor.").

51.     Second, Ultimate's eviction from the Property will irreparably harm Ultimate by mooting not only Ultimate's appeal, but also Ultimate's Renewed Reconsideration Motion.  *See Country Squire Assocs., L.P. v. Rochester Community Sav. Bank (In re Country Squire Assocs., L.P.)*, 203 B.R. 182, 183 (2d Cir. BAP 1996) (granting emergency stay because "It is apparent that absent a stay pending appeal, the foreclosure sale will proceed and the appeal will be rendered moot."); *In re Adelphia Communs. Corp.*, 361 B.R. at 347-48 ("where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied."); *accord Lutin v. United States Bankruptcy Court (In re Advanced Mining Sys.)*, 173 B.R. 467, 469 (S.D.N.Y. 1994) (granting stay over objection and finding irreparable harm because "The inevitable result, which the Objectors cannot reasonably question, is that a denial of a stay would moot the appeal and deny the Affiliates any recovery.  That is a quintessential form of prejudice to the Affiliates.").

52.     Following any mandatory vacatur by Ultimate, the Plan Administrator would certainly argue that Ultimate's leasehold interest was destroyed and there would no longer be any property for which Ultimate could obtain the adequate protection that it sought from this Court,

and which was denied.   Here, the mooting of Ultimate's request for adequate protection would be particularly egregious because the Plan Administrator has brought the Eviction Motion *before there is even a buyer or a sale*.  This Court must protect Ultimate from suffering irreparable harm by unfairly mooting its appeal of the Vacatur Order and of the denial by the Court of Ultimate's request for adequate protection, set forth in the Reconsideration Motion.

53.     <u>Third</u>, the immediate shutdown of Ultimate's grocery store *Yidels* located at Property (discussed in greater detail below) and the resulting loss of reputation, goodwill, and business opportunities is yet another conclusive basis for finding irreparable harm.  *Rex Med. L.P. v. Angiotech Pharms. (US), Inc.*, 754 F. Supp. 2d 616, 621-23 (S.D.N.Y. 2010) (granting preliminary injunction and observing "Typically, cases where courts have found irreparable harm from a loss of goodwill or business relationships have involved situations where the dispute between the parties leaves one party unable to provide its product to its customers") (collecting cases).  Here, if *Yidels* is forced to shut, Ultimate's store will immediately lose the goodwill of all of its customers who need food and groceries.  Just as in *Rex Med. L.P.*, during "[*Yidels'*] absence from the market, its customers will resort to competing products to fill their needs, and, even after [*Yidels'*] return, customers may nonetheless refuse to return to [*Yidels*], because of [*Yidels'*] lack of dependability in supplying its product." *Id.* at 623.

## IV.     THE PLAN ADMINISTRATOR WILL NOT BE PREJUDICED BY THE GRANTING OF A STAY

54.     The Plan Administrator will not be prejudiced by granting a stay of the Vacatur Order.  To the extent that he has any prejudice from the granting of a stay – which he does not – the scales tip so decisively in Ultimate's favor, that a stay should be granted in any case.

A.   **The Plan Administrator Has Failed to Demonstrate that a Sale of the Property Would Be Delayed**

55.     The Plan Administrator has failed to demonstrate that he is close to accomplishing his sole stated objective for seeking Ultimate's eviction: to sell the property free and clear of any interest in the Property (*see, e.g.*, Eviction Motion at 1; *id.* at ¶ 29). In fact, the Plan Administrator admits that has no contract for sale, nor even a serious bidder. In short, the Plan Administrator has failed to demonstrate that a sale has been – or ever was – imminent. As such, the Plan Administrator has no prejudice in the granting of a stay.

56.     Even if the Plan Administrator were able to produce evidence of a possible sale, he would also have to show that such an offer would "dissipate" if a stay were effected, because there is no prejudice if there is "virtually no risk of asset dissipation." *SDF9 COBK LLC*, 2015 U.S. Dist. LEXIS 68667, at *9. In *SDF9 COBK LLC* the Court found no prejudice because "[t]he value of the property can only increase over time, not dissipate" and thus the prejudice to the creditor "is nil, and, as a consequence, the irreparable harm factors weigh decidedly in defendants' favor." *Id.* Similarly, here, the prejudice to the Plan Administrator from waiting to sell the Property – until *after* the height of the COVID-19 pandemic – "is nil." To the contrary of being prejudiced, the Plan Administrator is *benefited* from waiting because the pandemic has hit Borough Park (where the Property is located) particularly hard. The "value of [this Property] can only increase over time," too, just as in *SDF9 COBK LLC* because the pandemic situation should improve. Thus, a stay would cause no detriment to the Plan Administrator and "pales into insignificance" in contrast to the prejudice that Ultimate would suffer without a stay. *Lutin*, 173 B.R. at 469.

57.     Finally there is no evidence that Ultimate's leasehold impairs any sales process anyway. This fact establishes yet another basis for why the Plan Administrator is not prejudiced.

**B.**      **The Plan Administrator Cannot Sell the Property Free and Clear of Ultimate's Valid Leasehold Interest Under § 365(h) of the Bankruptcy Code**

58.      The Plan Administrator's attempt to sell the Property free and clear of Ultimate's interest would be futile anyway because Ultimate's rights and protections under § 365 override § 363(f), thus providing for Ultimate's continued possession of its leased premised. *See, e.g.*, *In re Churchill Properties III, LP*, 197 B.R. 283; *In re Haskell, L.P.*, 321 B.R. 1; *In re Zota Petroleums, LLC*, 482 B.R. 154. In any event, Ultimate would be entitled to adequate protection of its interest, which authorizes Ultimate to remain in continued possession of its leased premises. *See Dishi & Sons*, 510 B.R. at 712; *see also In re Haskell*, 321 B.R. at 10. Thus, the Plan Administrator will not suffer prejudice from a granting of a stay because he would only be permitted to sell the Property if Ultimate remains in possession of its leased premises.

**V.**      **THE PUBLIC INTEREST WEIGHS IN FAVOR OF A STAY**

**A.**      **The Public Interest Weighs in Favor of Granting a Stay to Permit Ultimate's Grocery Store Located at the Property to Continue its Operation**

59.      The public interest indisputably weighs in favor of granting a stay of the Vacatur Order, as amended by the Reconsideration Order, because the public needs the continued operation of Ultimate's grocery store, *Yidels*, which is located at the Property.

60.      The *Yidels* store is a fixture of the Borough Park neighborhood, serving the community for over twenty years. Since its founding, *Yidels* has always been located at the first floor commercial space at the Property. *Yidels* serves approximately 5,000 customers each week and makes over 1,400 deliveries. *Yidels* is a quintessential local business and the employees recognize *Yidels'* regular customers, many of whom have shopped at *Yidels* for years.

61.      When Ultimate became the leaseholder of the premises, it also took over the *Yidels* name and business. Now, Ultimate carries on the long, important *Yidels* tradition.

**B.**     *Yidels* **Has Provided Essential Services During the COVID-19 Pandemic**

62.     During the COVID-19 pandemic, *Yidels* has taken on even greater importance to the Borough Park community.  As has been well-documented, the COVID-19 pandemic has struck the Borough Park neighborhood particularly hard with high positivity rates.  *See, e.g.*, *Fearing 2nd Wave, N.Y.C. Will Adopt Restrictions in Hard-Hit Areas*, N.Y. TIMES (Oct. 8, 2020), https://www.nytimes.com/2020/10/04/nyregion/nyc-covid-shutdown-zip-codes.html.     Governor Cuomo has determined that Borough Park is a so-called "red zone," subject to severe restrictions (*see* EO 202.68).  Pursuant to EO 202.68, only "essential businesses" including grocery stores – such as *Yidels* – are among the few establishments permitted to be open.  During a time when businesses must close and individuals are required to sequester themselves for the indefinite future, grocery stores such as Ultimate's six-day-per-week operation are even more critical.

63.     *Yidels* also plays an enormously crucial role in the prevention of the spread of COVID-19 because Ultimate continues to make home-delivery of groceries to its customers, thereby preventing people from having to leave their homes, and risking exposing others and themselves to COVID-19.   The number of *Yidels'* weekly deliveries continues to rise as the pandemic lingers.  In fact, during the previous shutdown of non-essential businesses earlier this year, there were very few grocery stores or food businesses that were willing to make deliveries in the neighborhood.   Ultimate never faltered, though, and made sure that *Yidels* made deliveries throughout the COVID-19 pandemic.  The store plans to continue to do so, assuming that it is permitted to stay in business at the Property.

64.     In addition to selling groceries, *Yidels* also sells a significant amount of cleaning supplies and disinfectants, which are, of course, necessary to prevent the spread of COVID-19.  Should Ultimate be forced to close *Yidels* and vacate, the closure will choke off the flow of

cleaning supplies to the neighborhood.  If *Yidels* shuts, it is highly unlikely that any other neighborhood store would carry all the cleaning supplies and disinfectants that *Yidels* does.  Thus, while demand is at an all-time high, the supply would be severely reduced if the Vacatur Order took effect and Ultimate had to leave the Property.  Clearly, the public interest must lie in favor of granting a stay of the Vacatur Order to permit Ultimate to keep in business.

### C. *Yidels* Provides Approximately 144,000 Meals Weekly to Low Income New York City Public School Children

65.     Moreover, Ultimate has a contract with New York State whereby *Yidels* now provides over 144,000 meals weekly to New York City public school children in lower income neighborhoods as part of the Summer Food Services Program (the "**SFSP**").  Despite its name, the SFSP has been extended through December 31, 2020 (at least) due to the effects of the COVID-19 pandemic.

66.     Ultimate fulfills this contract, week in and week out, by servicing, assembling, and packing thousands of meals at the Property.  If Ultimate had to leave the Property, there would simply be no other way it could fulfill the agreement.

67.     The SFSP is a federally funded program and, in New York, the SFSP is administered by the New York State Education Department.  The SFSP is more important than ever because most New York City public school children are learning from home, at least part time, and are not being fed in the school cafeterias – as they would be absent the pandemic.  As a result, many school children – including thousands of youngsters living near Ultimate's store – would go hungry.  *Yidels* plays a critical role to feed these children.

68.     *Yidels* plays an even more important role because many other food suppliers were unable to satisfy the SFSP's rigorous nutritional requirements.  Thus, there is not a large amount

of vendors who could feed the public school children.  If *Yidels* can no longer feed the children

because of a store closure, no other vendor could or would likely step in.

69.     While *Yidels* initially contributed 4,200 breakfast and lunch meals per week (for a

total of 8,400 meals per week), Ultimate has significantly ramped up its output (as requested by

New York State) – to approximately nine times that amount – to 77,000 breakfast and lunch meals

(for a total of 144,000 meals per week).

70.     During this time when businesses are shutting down and employers have been

laying off employees, Ultimate has done the opposite: Ultimate has hired 15-25 employees to

provide these meals to the New York City public school children.  *Yidels* works around the clock,

laboring approximately eighteen hours per day to prepare these meals.

71.     Forcing *Yidels* to shut down would prevent *Yidels* from being able to provide these

meals to the thousands of families relying on the meals that *Yidels* offers.

72.     Based on the foregoing, the public interest massively weighs in favor of granting a

stay.  The extent of the public interest in granting a stay lowers the requirement to satisfy the other

factors, including a showing of success on the merits of the appeal.  *See, e.g.*, *SDF9 COBK LLC*,

2015 U.S. Dist. LEXIS 68667, at *5-6 ("more of one excuses less of the other."); *In re Adelphia

Communs. Corp.*, 361 B.R. at 349.  However, Ultimate more than sufficiently satisfies all factors.

Ultimate has a strong likelihood of chance of success, Ultimate will suffer irreparable harm – on

numerous bases, the Plan Administrator has "nil" prejudice and the public interest weighs in favor

of granting a stay.

## <u>CONCLUSION</u>

**WHEREFORE**, Ultimate respectfully requests the entry of an order, substantially in the form attached as **<u>Exhibit A</u>**, staying the effectiveness of the Vacatur Order and Reconsideration Order until such date as shall be ordered by this Court, which shall not be a date earlier than the date which is fourteen days after the final determination and adjudication of Ultimate's appeal of the Vacatur Order and Reconsideration Order by the District Court or the Second Circuit, or, in the alternative, providing a stay pending a date which is fourteen days after the final adjudication and determination of the Renewed Reconsideration Motion, together with such other and further relief as shall appear justified to this Court.


Dated: October 16, 2020
      New York, New York

                          /s/ *Schuyler G. Carroll*
                          **LOEB & LOEB LLP**
                          Schuyler G. Carroll
                          William M. Hawkins
                          Noah Weingarten
                          345 Park Avenue
                          New York, NY  10154
                          Telephone:  (212) 407-4000
                          Facsimile:  (212) 407-4990
                          Email:  scarroll@loeb.com
                          whawkins@loeb.com
                          nweingarten@loeb.com

                          *Counsel to Ultimate Oppurtunities, LLC*

**<u>Exhibit A</u>**

**Proposed Order**

19611600

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
                                                                 :
In re:                                       :
                                       :     Chapter 11
         4921 12th Avenue LLC,     :
                                       :     Case No. 18-47256-reg
                   Debtor.       :
                                       :
-------------------------------------------------------- X

### ORDER GRANTING MOTION OF ULTIMATE OPPURTUNITIES, LLC
### FOR STAY OF ORDER DIRECTING
### VACATUR OF COMMERCIAL PREMISES PENDING APPEAL

Upon the motion of *Motion of Ultimate Oppurtunities, LLC for Stay of Order Directing Vacatur of Commercial Premises Pending Appeal, or in the Alternative Pending the Determination of the Reconsideration Motion* (the "**Motion**") of Ultimate Oppurtunities, LLC ("**Ultimate**");[1] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon consideration of the record of the hearing, if any, and all proceedings had before the Court; and the Court having found cause for and determined that the relief sought in the Motion is justified; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**

    1.      The Motion is **GRANTED** as set forth herein.

    2.      Effective immediately and until the date which is fourteen days after the final determination and adjudication of the appeal pursuant to the Notice of Appeal by the District Court

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

19611600

or the Second Circuit (the "**Stay Period**"), the Vacatur Order, as amended by the Reconsideration

Order or any order entered in connection with the Renewed Reconsideration Order, and the effect

thereof, are hereby stayed and suspended in their entirety.

3.      The Vacatur Order's text, as amended by Reconsideration Order, which now reads

"October 20, 2020" shall be replaced with "such date as shall be subsequently ordered by the U.S.

Bankruptcy Court for the Eastern District of New York, which shall not be a date earlier than the

date which is 14 days after the final determination and adjudication of the appeal pursuant to the

Notice of Appeal by the District Court or the Second Circuit."

4.      During the Stay Period, Ultimate shall not be required to vacate the Property.

5.      During the Stay Period, the Plan Administrator, together with his officers, agents,

and employees, are hereby enjoined and restrained from taking any steps to evict Ultimate from

the Property and shall not take any steps whatsoever to interfere with Ultimate's use, occupancy,

and possession of the Property.

6.      In no case shall the Stay Period be terminated without further order by this Court.

7.      This Order and the relief provided herein are effective immediately.

**Exhibit B**

**Frankel Declaration**

19611600

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
                                   :
In re:                             :
                                   :    Chapter 11
        4921 12th Avenue LLC,        :
                                   :    Case No. 18-47256-reg
                      Debtor.      :
                                   :
------------------------------------------------------------ X

**DECLARATION OF UZIEL FRANKEL IN SUPPORT**
**OF MOTION OF ULTIMATE OPPURTUNITIES, LLC**
**FOR STAY OF ORDER DIRECTING VACATUR OF**
**COMMERCIAL PREMISES PENDING APPEAL, OR IN THE ALTERNATIVE**
**PENDING THE DETERMINATION OF THE RECONSIDERATION MOTION**

I, Uziel Frankel, make this declaration under 28 U.S.C. § 1746 (the "**Declaration**"):

1.      I am over the age of 18.  I make this Declaration in support of the *Motion of Ultimate Oppurtunities, LLC for Stay of Order Directing Vacatur of Commercial Premises Pending Appeal, or in the Alternative Pending the Determination of the Reconsideration Motion* (the "**Motion**") of Ultimate Oppurtunities, LLC ("**Ultimate**").[3]

2.      I am knowledgeable and familiar with Ultimate's day-to-day operations, business and financial affairs, and books and records.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees or advisors of Ultimate, or my opinion, which itself would be based on my experience, knowledge, and information concerning Ultimate's operations.

3.      If called upon, I would testify competently to the facts set forth in this Declaration.

---

[3] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

19611600

**D.** **The Public Interest Weighs in Favor of Granting a Stay to Permit Ultimate's Grocery Store Located at the Property to Continue its Operation**

4.      The public interest indisputably weighs in favor of granting a stay of the Vacatur Order, as amended by the Reconsideration Order, because the public needs the continued operation of Ultimate's grocery store known as *Yidels Food Station* ("***Yidels***"), which is located at the Property.

5.      The *Yidels* store is a fixture of the Borough Park neighborhood, serving the community for over twenty years. Since its founding, *Yidels* has always been located at the first floor commercial space at the Property. *Yidels* serves approximately 5,000 customers each week and makes over 1,400 deliveries. *Yidels* is a quintessential local business and the employees recognize *Yidels'* regular customers, many of whom have shopped at *Yidels* for years.

6.      When Ultimate became the leaseholder of the premises, it also took over the *Yidels* name and business. Now, Ultimate carries on the long, important *Yidels* tradition.

**E.** ***Yidels* Has Provided Essential Services During the COVID-19 Pandemic**

7.      During the COVID-19 pandemic, *Yidels* has taken on even greater importance to the Borough Park community. As has been well-documented, the COVID-19 pandemic has struck the Borough Park neighborhood particularly hard with high positivity rates. *See, e.g.*, *Fearing 2nd Wave, N.Y.C. Will Adopt Restrictions in Hard-Hit Areas*, N.Y. TIMES (Oct. 8, 2020), https://www.nytimes.com/2020/10/04/nyregion/nyc-covid-shutdown-zip-codes.html. Governor Cuomo has determined that Borough Park is a so-called "red zone," subject to severe restrictions (*see* EO 202.68; *see also* Essential Business Guidance; *see* the Map (showing Borough Park to be in the red zone)). Pursuant to EO 202.68, only "essential businesses" including grocery stores – such as *Yidels* – are among the few establishments permitted to be open. During a time when

2

businesses must close and individuals are required to sequester themselves for the indefinite future,

grocery stores such as Ultimate's six-day-per-week operation are even more critical.

8.      *Yidels* also plays an enormously crucial role in the prevention of the spread of

COVID-19 because Ultimate continues to make home-delivery of groceries to its customers,

thereby preventing people from having to leave their homes, and risking exposing others and

themselves to COVID-19.   The number of *Yidels'* weekly deliveries continues to rise as the

pandemic lingers.   In fact, during the previous shutdown of non-essential businesses earlier this

year, there were very few grocery stores or food businesses that were willing to make deliveries in

the neighborhood.   Ultimate never faltered, though, and made sure that *Yidels* made deliveries

throughout the COVID-19 pandemic.   The store plans to continue to do so, assuming that it is

permitted to stay in business at the Property.

9.      In addition to selling groceries, *Yidels* also sells a significant amount of cleaning

supplies and disinfectants, which are, of course, necessary to prevent the spread of COVID-19.

Should Ultimate be forced to close *Yidels* and vacate, the closure will choke off the flow of

cleaning supplies to the neighborhood.   If *Yidels* shuts, it is highly unlikely that any other

neighborhood store would carry all the cleaning supplies and disinfectants that *Yidels* does.   Thus,

while demand is at an all-time high, the supply would be severely reduced.   Clearly, the public

interest must lie in favor of granting a stay of the Vacatur Order to permit Ultimate to keep in

business.

**F.      *Yidels* Provides Approximately 144,000 Meals Weekly to Low
Income New York City Public School Children**

10.      Moreover, Ultimate has a contract with New York State whereby *Yidels* now

provides over 144,000 meals on a weekly basis to New York City public school children in lower

income neighborhoods as part of the Summer Food Services Program (the "**SFSP**").   Despite its

19611600

3

name, the SFSP has been extended through December 31, 2020 (at least) due to the effects of the COVID-19 pandemic.

11.     Ultimate fulfills this contract, week in and week out, by servicing, assembling, and packing thousands of meals at the Property.  If Ultimate had to leave the Property, there would simply be no other way it could fulfill the agreement.

12.     The SFSP is a federally funded program and, in New York, the SFSP is administered by the New York State Education Department.  The SFSP is more important than ever because most New York City public school children are learning from home, at least part time, and are not being fed in the school cafeterias – as they would be absent the pandemic.  As a result, many school children in lower income areas – including thousands of youngsters living near Ultimate's store – would go hungry.  *Yidels* plays a critical role to feed these children.

13.     *Yidels* plays an even more important role because many other food suppliers were unable to satisfy the SFSP's rigorous nutritional requirements.  Thus, there is not a large amount of vendors who could feed the public school children.  If *Yidels* can no longer feed the children because of a store closure, I believe no other vendor could or would step in.

14.     While *Yidels* initially contributed 4,200 breakfast and lunch meals per week (for a total of 8,400 meals per week), Ultimate has significantly ramped up its output (as requested by New York State) – to approximately nine times that amount – to 77,000 breakfast and lunch meals (for a total of 144,000 meals per week).

15.     During this time when businesses are shutting down and employers have been laying off employees, Ultimate has done the opposite: Ultimate has hired 15-25 employees to provide these meals to the New York City public school children.  *Yidels* works around the clock, laboring approximately eighteen hours per day to prepare these meals.

19611600

4

16.    Forcing *Yidels* to shut down would prevent *Yidels* from being able to provide these meals to the thousands of families relying on the meals that *Yidels* offers.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: Brooklyn, New York
       October 16, 2020

                       /s/ *Uziel Frankel*                   
                       Uziel Frankel

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X:
                                                         :
In re:                                                   :
                                                         :     Chapter 11
         4921 12th Avenue LLC,                           :
                                                         :     Case No. 18-47256-reg
                                  Debtor.                :
                                                         :
-------------------------------------------------------- X

**DECLARATION OF WILLIAM M. HAWKINS**
**IN SUPPORT OF ORDER TO SHOW CAUSE**
**<u>WITH TEMPORARY RESTRAINING ORDER</u>**

I, William M. Hawkins, make this declaration under 28 U.S.C. § 1746 (the "**Declaration**"):

1.       I am over the age of 18.  I am a partner of Loeb & Loeb LLP, counsel to Ultimate Oppurtunities, LLC ("**Ultimate**") in the above-captioned bankruptcy case.  I am fully familiar with the matters set forth herein and make the statements herein based on my personal knowledge, information provided to me in the normal course of business at my law firm, or the declaration of Uziel Frankel, Ultimate's principal, dated October 16, 2020.

2.       I make this Declaration pursuant to Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York and in support of the *Motion of Ultimate Oppurtunities, LLC for Stay of Order Directing Vacatur of Commercial Premises Pending Appeal, or in the Alternative Pending the Determination of the Reconsideration Motion* (the "**Motion**"), brought by order to show cause ("**OSC**"), which is incorporated herein by reference.

**<u>RELIEF REQUESTED</u>**

3.       Ultimate requests that the Court entry of the OSC (a form of which is submitted as **<u>Exhibit A</u>** hereto) by which the Court would (a) schedule a hearing on the Motion, on or before October 20, 2020, the date that the *Order Directing Vacatur of Commercial Premises* (Dkt. No. 128) (the "**Vacatur Order**"), as amended by the *Order Denying Motion for Reconsideration* (Dkt.

19612026

No. 148) (the "**Reconsideration Order**") directs that Ultimate vacate the Property (as defined in the Motion), and (b) issue a temporary restraining order ("**TRO**"), staying and restraining the enforcement of the Vacatur Order until the later of the date (y) which is fourteen days after the Court's hearing and determination of the Motion; or (z) which the Court subsequently so orders. No previous application for this relief has been made in this case.

## **BASIS FOR RELIEF**

I.      **ULTIMATE HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE APPEAL OF THE VACATUR ORDER AND THE RECONSIDERATION ORDER, AS WELL AS ON THIS COURT'S DETERMINATION OF THE RENEWED RECONSIDERATION MOTION**

4.      Ultimate has a high likelihood of success on the merits of its Motion – *i.e.*, obtaining a stay pending the completion of its appeal or, in the alternative, pending this Court's determination of the Renewed Reconsideration Motion.  The bases for this success are amply set forth in the Motion.

5.      Surely, for all the reasons explained in the Motion for a longer stay, ample grounds exist for this Court to enter what amounts to a much shorter stay (via the TRO), to protect Ultimate's interests through and including the Court's determination of the Motion and whether it will grant the longer stay requested therein.

6.      As described in the Motion, Ultimate has demonstrated sufficiently serious questions going to the lack of merit of the Eviction Motion, Vacatur Order, and Reconsideration Order, supporting entry of the OSC.  Yet absent the entry of the OSC with the TRO, none of these grounds would be preserved for Ultimate to pursue, whether by appeal or by the pending rehearing request, because the vacatur date would occur even before the Motion's request for a stay were considered.  The loss of this chance for Ultimate to argue for a stay pending appeal or at least

through this Court's full consideration of the Renewed Reconsideration Motion would work an irreparable harm and injustice on Ultimate.

## II. ULTIMATE WILL BE IRREPARABLY HARMED BY BEING FORCED TO VACATE ITS LEASE PROPERTY

7.        Ultimate will suffer irreparable harm unless this Court enters the OSC.

8.        First, the effect of the vacatur date's occurrence under the Vacatur Order (now set forth October 20, 2020) amounts to a mandatory eviction of Ultimate from the Property (and certainly the Plan Administrator would so argue).  Such an eviction is *per se* irreparable as a matter of law.  *See, e.g.*, *In re Issa Corp.*, 142 B.R. 75, 78 (Bankr. S.D.N.Y. 1992) (granting stay and finding that debtor-restauranteur will "indisputably . . . suffer irreparable injury" by denial of the stay resulting in eviction, "since it would lose the restaurant").

9.        Second, Ultimate's eviction from the Property will irreparably harm Ultimate by mooting not only Ultimate's appeal of the Vacatur Order, but also the request that Ultimate made for "adequate protection" in the Reconsideration Motion (which the Court arbitrarily denied in the Reconsideration Order).  *See Country Squire Assocs., L.P. v. Rochester Community Sav. Bank (In re Country Squire Assocs., L.P.)*, 203 B.R. 182, 183 (2d Cir. BAP 1996) (granting emergency stay because "It is apparent that absent a stay pending appeal, the foreclosure sale will proceed and the appeal will be rendered moot.").

10.       Third, permitting the vacatur date to transpire without a TRO would also compromise Ultimate's chance at a hearing on its Renewed Reconsideration Motion.  This consequence would be especially egregious because this Court, in the Reconsideration Order, expressly preserved Ultimate's right to seek reconsideration on the points raised in the Renewed Reconsideration Motion.  It would be gravely unfair to deny Ultimate's right to be heard on these

matters, which the Court directed it could bring before this Court again.  Granting the OSC with the TRO is the only way to assure a fair hearing for Ultimate.

11.     <u>Fourth</u>, the shutdown of Ultimate's grocery store *Yidels* located at Property (discussed in greater detail below) and the resulting loss of goodwill of Ultimate's customers is yet another basis for finding irreparable harm.  *Rex Med. L.P. v. Angiotech Pharms. (US), Inc.*, 754 F. Supp. 2d 616, 622-23 (S.D.N.Y. 2010) (granting preliminary injunction and observing "Typically, cases where courts have found irreparable harm from a loss of goodwill or business relationships have involved situations where the dispute between the parties leaves one party unable to provide its product to its customers") (collecting cases).  In addition, as set forth in Mr. Frankel's declaration, a store shutdown would work grave harm on the community as a whole. This Court should, therefore, enter the OSC with a TRO, so that the vacatur date does not occur, which could arguably compel such a store shutdown.

III.     **THE PLAN ADMINISTRATOR WILL NOT BE PREJUDICED BY THE GRANTING OF THE TRO**

12.     The Plan Administrator will not be prejudiced by granting a TRO of the Vacatur Order.  To the extent that he has any prejudice from the granting of the TRO – which he does not – the scales tip so decisively in Ultimate's favor that it should be granted.

13.     The Plan Administrator has failed to demonstrate that he is close to accomplishing his sole stated objective for seeking Ultimate's eviction: to sell the property free and clear of interests (*see, e.g.*, Eviction Motion at 1; *id.* at ¶ 29; ).  In fact, the Plan Administrator has admitted that no contract for sale exists, nor does he even have a serious bidder, much less a buyer.  In short, the Plan Administrator has never demonstrated that a sale has been – or ever was – imminent.  As such, the Plan Administrator would experience no prejudice by the entry of the OSC and the

Court's effecting a TRO – especially because the TRO would be for a relatively short period of time.

## IV.    THE PUBLIC INTERESTS WEIGH IN FAVOR OF GRANTING A TRO

14.    The public interest indisputably weighs in favor of granting the TRO, because the public needs the continued operation of Ultimate's grocery store known as *Yidels Food Station* ("**Yidels**"), which is located at the Property.

15.    During the COVID-19 pandemic, *Yidels* has taken on even greater importance to the Borough Park community.  As has been well-documented, the COVID-19 pandemic has struck Borough Park particularly hard with high positivity rates.  *See, e.g.*, *Fearing 2nd Wave, N.Y.C. Will Adopt Restrictions in Hard-Hit Areas*, N.Y. TIMES (Oct. 8, 2020), https://www.nytimes.com/2020/10/04/nyregion/nyc-covid-shutdown-zip-codes.html.   During a time when businesses must close and individuals are required to sequester themselves for the indefinite future, Ultimate's six-day-per-week operation of the *Yidels* store is even more critical.

16.    Mr. Frankel's declaration provides extensive evidence as to why the store's continued operation, especially now, so benefits the public.  These grounds provide further, ample support for this Court to enter the OSC with the TRO, as requested.

## NOTICE

17.    On October 16, 2020, at approximately 3:30 p.m. (ET), I caused notice to be provided to the Plan Administrator of Ultimate's intent to seek entry of an OSC, including a TRO, and caused him to be informed of the contents of the Motion.  Also on October 16, 2020, I caused service to occur on the Plan Administrator and his counsel with the papers upon which Ultimate relies in support of the entry of the OSC, including the TRO, as well as the Motion and the declaration of Mr. Frankel in support thereof.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:        October 16, 2020
              New York, New York

                                              /s/ *William M. Hawkins*
                                              William M. Hawkins

## Exhibit A

**Proposed Order to Show Cause**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X:
                                          :   Chapter 11
In re:                                    :
                                          :   Case No. 18-47256-reg
     4921 12th Avenue LLC,            :
                                          :   **ORDER TO SHOW CAUSE WITH**
          Debtor.            :   **TEMPORARY**
                                          :   **RESTRAINING ORDER**
-------------------------------------------------------- X

     **UPON** the reading and filing of the *Declaration of William M. Hawkins in Support of Order to Show Cause with Temporary Restraining Order* dated October 16, 2020, the *Motion of Ultimate Oppurtunities, LLC for Stay of Order Directing Vacatur of Commercial Premises Pending Appeal, or in the Alternative, Pending the Determination of the Reconsideration Motion* (the "**Motion**") of Ultimate Oppurtunities, LLC ("**Ultimate**"), and upon all the pleadings, proceedings, and papers had in the above-captioned case and sufficient cause appearing therefor,

     **NOW**, upon the motion of Loeb & Loeb LLP, counsel to Ultimate in this case, it is hereby

     **ORDERED** that Mark Frankel, the plan administrator (the "**Plan Administrator**") in the this case, or his counsel, SHOW CAUSE at __:___ __ (ET) on _____ _____, 2020, or as soon thereafter as counsel can be heard, before this Court, at Courtroom 860 at the Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722 or by telephonic conference, as the Court may direct, why an Order should not be made and entered in favor of Ultimate pursuant to Rule 8007(a) of the Federal Rules of Bankruptcy Procedure, staying and restraining the effectiveness of the *Order Directing Vacatur of Commercial Premises* (Dkt. No. 128) (the "**Vacatur Order**") and the *Order Denying Motion for Reconsideration* (Dkt. No. 148) (the "**Reconsideration Order**") until such date as shall be ordered by this Court, which shall not be earlier than the date which is fourteen days after the final determination and

adjudication of the appeal of the Vacatur Order and the Reconsideration Order, as described in the Notice of Appeal, or in the alternative, until such date as shall be ordered by this Court, which shall not be earlier than the date which is fourteen days after the final determination and adjudication of the *Supplement to Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacancy of Commercial Premises* (Dkt. No. 138), all as requested in the Motion; and it is further

 **ORDERED** that pending a date which is fourteen days after the final determination of the Motion,

  (a) The enforcement of the Vacatur Order, as amended by the Reconsideration Order, is hereby stayed, enjoined and restrained; and

  (b) The Plan Administrator, together with his officers, agents, and employees, are hereby stayed, enjoined and restrained from attempting to evict or otherwise interfere with Ultimate's use, occupancy, and possession of the Property (as defined in the Motion); and it is further

 **ORDERED** that the interim stay, injunction, and restraint described above shall be effective and enforceable immediately and shall continue through and including the later of a date which is fourteen days after the final determination and adjudication of the Motion or the date of a subsequent order of this Court; and it is further

 **ORDERED** that service of a copy of this Order, together with the papers upon which it is granted, upon the Plan Administrator and David K. Fiveson, counsel for Old Republic National Title Insurance Company, by email on or before the ___ day of October, 2020, shall be deemed good and sufficient notice and service, and Ultimate shall file proof of such service on the docket of this case; and it is further

**ORDERED** that the Plan Administrator shall electronically file all answering papers, if any, on or before _____, 2020 at __:____ ___ (ET), and Ultimate shall electronically file all reply papers, if any, on or before _____, 2020 at __:____ ___ (ET); and it is further

**ORDERED** that the hearing scheduled herein may be adjourned by the Court, from time to time, without further notice other than announcement of the adjourned hearing date in open court.

Dated: _____, New York
      October___, 2020

ENTERED:

_____

UNITED STATES BANKRUPTCY JUDGE

3

**U NITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X:

In re:                                    :   Chapter 11
                                          :
                                          :   Case No. 18-47256-reg
        4921 12th Avenue LLC,             :
                                          :   **ORDER DENYING**
                             Debtor.      :   **REQUEST FOR ORDER TO SHOW**
                                          :   **CAUSE AND TEMPORARY**
                                          :   **RESTRAINING ORDER**
-------------------------------------------------------- X

     **UPON** the reading and filing of the *Declaration of William M. Hawkins in Support of Order to Show Cause with Temporary Restraining Order* dated October 16, 2020, the *Motion of Ultimate Oppurtunities, LLC for Stay of Order Directing Vacatur of Commercial Premises Pending Appeal, or in the Alternative, Pending the Determination of the Reconsideration Motion* (the "**Motion**") of Ultimate Oppurtunities, LLC ("**Ultimate**"), and upon all the pleadings, proceedings, and papers had in the above-captioned case and sufficient cause appearing therefor,

     **ORDERED** that the Motion is denied without prejudice.



**Dated: Central Islip, New York**
     **October 19, 2020**

          **Robert E. Grossman**
          **United States Bankruptcy Judge**

19617648

**Susan Dolan**

---

| | |
|---|---|
| **From:** | ecf_bounces@nyed.uscourts.gov |
| **Sent:** | Wednesday, October 14, 2020 11:35 AM |
| **To:** | nobody@nyed.uscourts.gov |
| **Subject:** | Activity in Case 1:20-cv-04927-AMD Ultimate Opportunities, LLC v. The Plan Administrator et al Notice of Docketing of Bankruptcy Appeal |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 10/14/2020 at 11:34 AM EDT and filed on 10/14/2020

| | |
|---|---|
| **Case Name:** | Ultimate Opportunities, LLC v. The Plan Administrator et al |
| **Case Number:** | [1:20-cv-04927-AMD](#) |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Notice that appeal from the Bankruptcy Court has been docketed. Parties shall file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8009. (Bowens, Priscilla)**

**1:20-cv-04927-AMD Notice has been electronically mailed to:**

David K. Fiveson     dfiveson@bffmlaw.com, jburke@bffmlaw.com

Schuyler Carroll     scarroll@loeb.com, ecf-9d8e07160ff2@ecf.pacerpro.com, nydocket@loeb.com, scarroll@ecf.courtdrive.com

William M. Hawkins     whawkins@loeb.com

Mark A. Frankel     mfrankel@bfklaw.com

Noah Weingarten     nweingarten@loeb.com, lmehringer@loeb.com, nydocket@loeb.com

**1:20-cv-04927-AMD Notice will not be electronically mailed to:**

**LOEB & LOEB LLP**
Schuyler G. Carroll, Esq.
William M. Hawkins, Esq.
Noah Weingarten, Esq.
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
Fax: 212-937-3326
Email: scarroll@loeb.com
          whawkins@loeb.com
          nweingarten@loeb.com

*Counsel for Ultimate Oppurtunities, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
                                                       :
In re:                                                 :
                                                       :    Chapter 11
        4921 12th Avenue LLC,                          :
                                                       :    Case No. 18-47256-reg
                            Debtor.                     :
                                                       :
-------------------------------------------------------- X

**APPELLANT'S STATEMENT OF ISSUES**
**AND DESIGNATION OF RECORD ON APPEAL**

Ultimate Oppurtunities, LLC ("**Ultimate**") by its counsel Loeb & Loeb LLP, having

appealed from the *Order Directing Vacatur of Commercial Premises* dated August 26, 2020 (Dkt.

No. 128) (the "**Vacatur Order**") and the *Order Denying Motion for Reconsideration* dated

September 29, 2020 (Dkt. No. 148) (the "**Reconsideration Order**") entered by the Honorable

Carla E. Craig (ret.), hereby submits its statement of issues to be presented on appeal and

designation of items to be included in the record on appeal, pursuant to Rule 8009 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

19633568

## STATEMENT OF ISSUES TO BE PRESENTED

1. Whether the Bankruptcy Court erred in entering the Vacatur Order, even though:

 (a) The Bankruptcy Court lacked jurisdiction to enter final orders on non-core matters – including entry of the Vacatur Order – under 28 U.S.C. § 157(c) and the U.S. Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011);

 (b) 11 U.S.C. § 365(h) precluded Mark Frankel, as "Plan Administrator" (the "**Appellee**"), from accomplishing his sole stated purpose for seeking entry of the Vacatur Order, which was to sell the Property (as defined in the Vacatur Order) free and clear of Ultimate's valid leasehold interest;

 (c) 11 U.S.C. § 363(e) entitled Ultimate to "adequate protection" of its valid leasehold interest in the form of uninterrupted possession of its leasehold interest;

 (d) Appellee had made no showing or argument (or an insufficient showing and argument) under 11 U.S.C. § 363(f) for a "free and clear" sale, which would have, in any case, been premature and unripe, and thus provided no basis for the Appellee to achieve any relief against the Appellant;

 (e) *Res judicata* barred Appellee from pursuing the claims that lead to the entry of the Vacatur Order because the plan (Dkt. Nos. 51 and 91) failed to preserve such causes of action;

 (f) Bankruptcy Rule 7001(7) prohibited both Appellee from seeking, and the Bankruptcy Court from entering, the equitable relief of eviction outside of an adversary proceeding, and Appellee could otherwise not prosecute his motion and the Bankruptcy Court could not enter the Vacatur Order as a contested matter; and

 (g) There was insufficient evidentiary basis for the relief requested in the Appellee's underlying motion that led to entry of the Vacatur Order, nor any basis in law.

2. Whether the Bankruptcy Court erred in entering the Reconsideration Order to the extent the Reconsideration Order denied Ultimate's motion ("**Ultimate's Motion**") for reconsideration of entry of the Vacatur Order (Dkt. Nos. 131, 138, and 139), pursuant to, *inter alia*, Federal Rules of Civil Procedure 59 and 60, as incorporated by Bankruptcy Rules 9023 and 9024.

3.      Whether the Bankruptcy Court erred in entering the Reconsideration Order to the extent that the Reconsideration Order denied Ultimate's request for "adequate protection" of its valid leasehold interest, as set forth in Ultimate's Motion, despite 11 U.S.C. § 363(e) allowing Ultimate to make such an application "at any time" upon which the Bankruptcy Court "shall prohibit or condition" a use or sale of property "as is necessary to provide adequate protection of such interest."

### DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

Appellant hereby designates the following items of record on appeal to be certified to the District Court pursuant to Bankruptcy Rules 8009(a)(1)(A) and (a)(4).[1]

| Dkt. No. | Date Filed | Description |
| --- | --- | --- |
| 51 | May 1, 2019 | *Plan of Reorganization* |
| 52 | May 1, 2019 | *Disclosure Statement* |
| 53 | May 1, 2019 | *Notice of Hearing on Disclosure Statement Approval* |
| 56 | May 3, 2019 | *Declaration of Mailing Certificate of Service* |
| 76 | June 10, 2019 | *Order Approving Disclosure Statement* |
| 79 | June 12, 2019 | *Declaration of Mailing Certificate of Service* |
| 81 | July 3, 2019 | Transcript of Hearing Held on May 29, 2019 |
| 86 | July 15, 2019 | *Declaration in Support of Plan Confirmation* |
| 91 | July 30, 2019 | *Order Confirming Mortgagee's Plan of Reorganization* |
| 92 | August 1, 2019 | *Declaration of Mailing Certificate of Service* |
| 94 | August 6, 2019 | Transcript of Hearing Held on July 19, 2019 |
| 110 | December 27, 2019 | *Motion to Terminate the Debtor's Exclusive Periods* |
| 111 | December 30, 2019 | *Declaration of Mailing Certificate of Service* |
| 112 | January 3, 2020 | Transcript of Hearing Held on November 13, 2019 |
| 114 | January 17, 2020 | *Affirmation in Opposition to the Plan Administrator Motion to Evict the Tenants and to Replace the Management* |

---

[1]  All docket entries herein include all exhibits attached to such filings.

| Dkt. No. | Date Filed | Description |
|---|---|---|
| 115 | January 17, 2020 | Email and Lease |
| 116 | January 17, 2020 | *Affidavit of Service of Affirmation in Opposition to the Plan Administrator Motion to Evict the Tenants and to Replace the Management* |
| 43[2] | February 21, 2020 | *Amended Complaint* |
| 118 | February 21, 2020 | *Notice of Presentment* |
| 121 | February 24, 2020 | *Declaration of Mailing Certificate of Service* |
| 122 | February 24, 2020 | Transcript of Hearing Held on January 22, 2020 |
| 128 | August 26, 2020 | *Order Directing Vacatur of Commercial Premises (CEC)* |
| 131 | September 9, 2020 | *Motion by Ultimate Opportunities, LLC for, Inter Alia, Relief from Order Requiring Vacancy of Premises* |
| 132 | September 10, 2020 | Transcript of Hearing Held on August 12, 2020 |
| 138 | September 16, 2020 | *Supplement to Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacancy of Commercial Premises* |
| 139 | September 16, 2020 | *Declaration of William M. Hawkins in Support of Order to Show Cause with Temporary Restraining Order* |
| 145 | September 21, 2020 | *Affirmation in Opposition to Ultimate Opportunities LLC's Motion for Relief from Order Requiring Vacancy of Premises* |
| 146 | September 21, 2020 | *Objection to Reconsideration Motion* |
| 148 | September 29, 2020 | *Order Denying Motion for Reconsideration* |
| 152 | October 13, 2020 | *Notice of Appeal* |
| 153 | October 13, 2020 | *Renewed Motion of Ultimate Oppurtunities, LLC for Relief from Order Directing Vacatur of Commercial Premises* |
| 155 | October 14, 2020 | Transmittal of Appeal to the District Court |
| 156 | October 14, 2020 | *Notice to Parties Concerning Appeal (ECF Case)* |
| 157 | October 16, 2020 | *Motion of Ultimate Oppurtunities, LLC for Stay of Order Directing Vacatur of Commercial Premises Pending Appeal, or in the Alternative Pending the Determination of The Reconsideration Motion* |

---

[2] Dkt. No. 43 in the related adversary proceeding *Frankel v. Salamon, et al.*, Adv. Pro. 19-1120-cec.

19633568

4

| Dkt. No. | Date Filed | Description |
|---|---|---|
| 158 | October 16, 2020 | *Declaration of William M. Hawkins in Support of Order to Show Cause with Temporary Restraining Order* |
| 161 | October 19, 2020 | *Order Denying Request for Order to Show Cause and Temporary Restraining Order* |
| 162 | October 14, 2020 | Notice of Electronic Filing |
| - | February 27, 2019 | Transcript of Section 341 Meeting Held on February 27, 2019 |
| - | September 21, 2020 | Transcript of Hearing Held on September 21, 2020 |

Dated: October 27, 2020
    New York, New York

/s/ *Schuyler G. Carroll*
**LOEB & LOEB LLP**
Schuyler G. Carroll
William M. Hawkins
Noah Weingarten
345 Park Avenue
New York, NY  10154
Telephone:  (212) 407-4000
Facsimile:  (212) 407-4990
Email:  scarroll@loeb.com
whawkins@loeb.com
nweingarten@loeb.com

*Counsel to Ultimate Oppurtunities, LLC*

19633568

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                    Chapter 11

      4921 12th Avenue LLC,                    Case No. 18-47256

                   Debtor.                       .
-------------------------------------------------------------x

### DESIGNATION OF ADDITIONAL ITEMS FOR RECORD ON APPEAL

      Mark Frankel, as Plan Administrator ("Plan Administrator") of the confirmed plan

("Plan") in the case of 4921 12th Avenue, LLC (the "Debtor"), pursuant to Federal Rule of

Bankruptcy Procedure 8009, in response to the Statement of Issues and Designation of Record

on Appeal, dated October 27, 2020 (the "Designation") filed by appellant Ultimate Opportunities

LLC ("Ultimate Opportunities"), respectfully submits that the following additional items should

be included in the record on appeal.  (a) From Adversary Proceeding number 19-01120, Docket

No. 60, Notice of Appearance, and (b) from the Debtor's main Bankruptcy case number, 18-

47256, Docket No. 126, Notice of Appearance.  The Plan Administrator reserves the right to

modify, restate and/or supplement the foregoing Counter-Designation of Items to be included on

the record on appeal, to the fullest extent permitted by the Bankruptcy Code and Rules.

Dated: New York, New York
       November 10, 2020

                         **BACKENROTH FRANKEL & KRINSKY, LLP**
                         Attorneys for the Plan Administrator

                         By:    s/Mark A. Frankel
                               800 Third Avenue
                               New York, New York 10022
                               (212) 593-1100