UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

      4921 12th AVENUE LLC,                          Bkcy. No.: 1-18-47256-cec

               Debtor.                       Chapter 11

EIN: xx-xxx1630
-------------------------------------------------------------------X
Mark Frankel as Plan Administrator for 4921 12th
AVENUE LLC,

               Plaintiff,

       -against-                        **AMENDED COMPLAINT**

Yehuda Salamon, David Salamon, Yidel's Shopping Cart,     Adv. Proc. No. 19-01120
Inc., E-Commerce Expand, LLC, Yidel's Online Food
Station, LLC, Yidels Shopping Cart, Inc. d/b/a Riverstone
Group, Riverstone, USA, LLC, Ultimate Oppurtunities,
LLC a/k/a Ultimate Opportunities, LLC, and "John Doe
No. 1 through John Doe No. 10", inclusive, the last ten
names being fictitious and unknown to plaintiff, persons or
parties intended being persons, corporations or others,
being the current and/or former tenants or occupants of the
Debtor's real property located at 4917-4921 12th Avenue,
Brooklyn, New York,

               Defendants.
-------------------------------------------------------------------X

      Plaintiff Mark Frankel as Plan Administrator for the debtor 4921 12th Avenue,

LLC ("Plaintiff") by his attorneys Butler, Fitzgerald, Fiveson & McCarthy, A Professional

Corporation, complaining of defendants alleges as follows:

<u>**NATURE OF ACTION AND RELIEF SOUGHT**</u>

      1.      This action seeks redress for fraudulent conveyances pursuant to: (i) NY

Debtor & Creditor Law §273 to the extent that such conveyances rendered 4921 12th Avenue,

LLC, ("Debtor") insolvent; (ii) NY Debtor & Creditor Law §274 to the extent that such

conveyances left the Debtor's property remaining an unreasonably small amount of capital; (iii)

NY Debtor & Creditor Law §275 to the extent that such conveyances were made without fair consideration and with debts to be incurred that were beyond the ability of the Debtor to re-pay as they matured; and (iv) NY Debtor & Creditor Law §276 to the extent that such conveyances were made with the intent to defraud.

2.      Debtor borrowed $6.5 million from Galster Funding, LLC ("Galster") and granted Galster a $6.5 million mortgage to secure re-payment of said loan ("Galster Mortgage") which encumbered Debtor's real property located at 4917-4921 12th Avenue, Brooklyn, New York ("Premises").  Debtor did not receive one cent of the loan proceeds.  Instead, the net loan proceeds were diverted from the Debtor at the direction of Yehuda Salamon, and in two instances at the direction of David Salamon, for the purpose to defraud, into various entities (named as defendants herein) that, upon information and belief, are owned or controlled by Yehuda Salamon and/or his son David Salamon and which are the respective alter egos of Yehuda and David Salamon.

3.      The transfers of the net proceeds of the $6.5 million loan were without fair consideration, rendered the Debtor insolvent and were intended to and defrauded Debtor's creditors.  As a result of these fraudulent conveyances, there are upwards of $14,000,000 in unpaid, unsecured creditors' claims against the Debtor's estate.

## JURISDICTION

4.       This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 157 and 1334.  Plaintiff brings this proceeding pursuant to 544(b)(1), 545, 546, 547, 549, 550 and 553(b) of the Bankruptcy Code.  The claims herein are related to the administration, consummation and execution of the confirmed plan which provides for this Court's retention of jurisdiction over this dispute.

5.      To the extent that any claims herein may be determined to be "non-core," Plaintiff consents to the entry of a final order and judgment by this Court on all claims and issues concerning or arising in connection with this adversary proceeding.

## THE PARTIES

6.      Plaintiff is the Plan Administrator for the Chapter 11 Plan filed in this proceeding and dated May 1, 2019 and confirmed by this Court by order dated July 30, 2019.

7.      Defendant Yehuda Salamon is an individual resident of the State of New York, County of Kings, is the sole member of the Debtor and is the owner and is in control of various defendant entities into which the Galster loan proceeds were diverted.

8.      Defendant David Salamon is an individual resident of the State of New York, County of Rockland, is the principal and in control of defendants E-Commerce and Riverstone USA into which a portion the Galster loan proceeds were transferred.

9.      Defendant Yidel's Shopping Cart, Inc. ("Yidels Shopping Cart") is a New York corporation with its principal place of business located in Kings County, is owned and controlled by Yehuda Salamon and was the initial recipient of all the net proceeds from the Galster loan for no consideration.  Yidels Shopping Cart is the alter ego of Yehuda Salamon, was used as an entity to advance the personal benefit of Yehuda Salamon and to further divert loan proceeds to defraud creditors.  The corporate formalities were disregarded by Yehuda Salamon and the assets of Yidel's Shopping Cart were held interchangeably as assets of Yehuda Salamon. Piercing of the corporate veil is appropriate based on Yehuda Salamon's conduct.

10.      Defendant E-Commerce Expand, LLC ("E-Commerce") is a domestic limited liability company which, upon information and belief, is owned or controlled by Yehuda Salamon and David Salamon and was a subsequent recipient of proceeds from the Galster loan for no consideration.  E-Commerce is the alter ego of Yehuda Salamon and David Salamon, was

used to advance the personal benefit of Yehuda Salamon and David Salamon and to further divert loan proceeds and to defraud creditors. The corporate formalities were disregarded by Yehuda Salamon and David Salamon and the assets of E-Commerce were held interchangeably as assets of Yehuda Salamon and David Salamon. Piercing of the corporate veil is appropriate based on Yehuda Salamon and David Salamon's conduct.

11.    Defendant Yidels Online Food Station, LLC ("Yidels Online") is a New York limited liability company with its principal place of business located in Kings County, is owned and controlled by Yehuda Salamon and was a subsequent recipient of the Galster loan proceeds for no consideration. Yidels Online is the alter ego of Yehuda Salamon, was used to advance the personal benefit of Yehuda Salamon and to further divert loan proceeds and to defraud creditors. The corporate formalities were disregarded by Yehuda Salamon and the assets of Yidels Online were held interchangeably as assets of Yehuda Salamon. Piercing of the corporate veil is appropriate based on Yehuda Salamon's conduct.

12.    Defendant Yidels Shopping Cart, Inc. d/b/a Riverstone Group ("Riverstone Group") is a New York corporation with its principal place of business located in Kings County, is owned and controlled by Yehuda Salomon and was a subsequent recipient of Galster loan proceeds for no consideration. Riverstone Group is the alter ego of Yehuda Salamon, was used to advance the personal benefit of Yehuda Salamon and to further divert loan proceeds and to defraud creditors. The corporate formalities were disregarded by Yehuda Salamon and the assets of Riverstone Group were held interchangeably as assets of Yehuda Salamon. Piercing of the corporate veil is appropriate based on Yehuda Salamon's conduct.

13.    Defendant Riverstone, USA, LLC ("Riverstone USA") is a New York limited liability company with its principal place of business located in Kings County, is owned and controlled by Yehuda Salamon and David Salamon, and was a subsequent recipient of the

4

Galster loan proceeds for no consideration.  Riverstone USA is the alter ego of Yehuda Salamon and David Salamon, and was used to advance the personal benefit of Yehuda Salamon and David Salamon and to further divert loan proceeds and to defraud creditors. The assets of Riverstone USA were held interchangeably as assets of Yehuda Salamon and David Salamon and the corporate formalities were disregarded by Yehuda Salamon and David Salamon. Piercing of the corporate veil is appropriate based on Yehuda Salamon and David Salamon's conduct.

14.     Defendant Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC ("Ultimate Opportunities, LLC") is a New Jersey limited liability company doing business in New York.

15.     Defendants "John Doe No. 1 through John Doe No. 10 are unknown persons, corporations or other entities that are the current and former tenants or occupants of the Premises who have not paid rent for said tenancy and/or occupancy to the Debtor.

## **FACTS**

16.     On or about August 30, 2016, a closing occurred wherein Debtor borrowed from Galster $6.5 million.  To secure re-payment of said loan the Debtor granted a mortgage to Galster in the amount of $6.5 million against the Premises ("Galster Mortgage").

17.     The net proceeds of the Galster loan, $6,095,068.80 ("Loan Proceeds") was wired on August 30, 2016 into the account of Yidels Shopping Cart held at Signature Bank at the direction of Yehuda Salamon, as sole member of Debtor.

18.     Yidels Shopping Cart is wholly owned and controlled by Yehuda Salamon.

19.     None of the Loan Proceeds were paid to Debtor.  The Debtor never received any of portion of the Loan Proceeds after the initial wire of the $6,095,068.80 into Yidels Shopping Cart's account at Signature Bank.

20.     Yidels Shopping Cart paid no consideration for the transfer of the Loan

Proceeds to it on August 30, 2016.

21.     After August 30, 2016, the Loan Proceeds were disbursed from the Yidels

Shopping Cart account at the direction of Yehuda Salamon, as follows:

a) 8/31/2016        $100,000 to E-Commerce Expand, LLC
b) 8/31/2016        $350,000 to Yidels Online Food Station
c) 9/07/2016        $153,837 to Class Five Trading LLC
d) 9/09/2016        $75,000 to Brown Rudick LLP
e) 9/16/2016        $100,000 to E-Commerce Expand, LLC
f) 9/22/2016        $50,000 to E-Commerce Expand, LLC
g) 9/23/2016        $50,000 to Yidels Online Food Station
h) 9/23/2016        $131,840 to Closeout Surplus and Salvage, Inc.
i) 9/23/2016        $134,235 to Grt Amr LLC
j) 9/23/2016        $200,000 to COMP Const Inc.
k) 9/26/2016        $40,655 to Yidels Online Food Station
l) 9/27/2016        $150,000 to E-Commerce Expand, LLC
m) 9/29/2016        $100,000 to Yidels Online Food Station
n) 10/01/2016       $59,583.33 to Adelsberg Ass., LLC
o) 10/11/2016       $175,000 to Yidels Online Food Station
p) 10/14/2016       $48,800 to Sundays Seconds
q) 10/19/2016       $32,361.30 to The Bazaar, Inc.
r) 10/19/2016       $50,000 to E-Commerce Expand, LLC
s) 10/26/2016       $850,000 to E-Commerce Expand, LLC
t) 10/26/2016       $2,500,000 to Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
u) 10/27/2016       $225,000 to Yidels Online Food Station
v) 11/01/2016       $59,583.33 to Adelsberg Ass., LLC
w) 11/03/2016       $350,000 to Yidels Online Food Station
x) 11/04/2016       $40,000 to Yidels Online Food Station
y) 12/01/2016       $59,583.33 to Adelsberg Ass., LLC

22.     None of the subsequent transferee of Loan Proceeds paid fair

consideration for the Loan Proceeds so transferred.

23.     The $2,500,000 paid to Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC

on October 26, 2016 was returned to Yidels Shopping Cart, Inc. d/b/a Riverstone Group on or

about November 10, 2016 by wire transfer into a Yidels Shopping Cart, Inc. d/b/a Riverstone

Group account at Bank of America.

24. Yidels Shopping Cart, Inc. d/b/a Riverstone Group ("Riverstone Group") is owned and controlled by Yehuda Salamon.

25. Riverstone Group paid no consideration for the transfer of $2.5 million in Loan Proceeds to Riverstone Group.

26. On November 25, 2016 Riverstone Group transferred $2,500,000 of Loan Proceeds to Riverstone USA, LLC ("Riverstone USA") into two separate accounts of Riverstone USA held at Bank of America.

27. Riverstone USA is owned and controlled by Yehuda Salamon and David Salamon.

28. Riverstone USA paid no consideration for the transfer of $2.5 million in Loan Proceeds to Riverstone USA.

29. At the time of the August 30, 2016 closing of the Galster Mortgage, there were two prior mortgages of record encumbering the Premises held by Beis Chasidei Gorlitz ("Prior Lender"); one in the initial principal amount of $1.2 million and a second in the initial principal amount of $1.3 million.

30. At the time of the closing of the Galster Mortgage, Yehuda Salamon and/or his agents provided Galster with forged satisfactions of the two mortgages held by the Prior Lender.

31. The Galster Mortgage was intended to be a first lien against the Premises.

32. On or about November 3, 2016 the Prior Lender commenced an action in Supreme Court, Kings County against the Debtor, Yehuda Salmon and Galster under index number 519469/16. ("Prior Lender Action").

33.     The Prior Lender alleged, *inter alia*, that the satisfactions of its mortgages were forged and fraudulent and that the Prior Lender's mortgages remain valid first and second mortgages against the Premises.

34.     The Prior Lender was granted summary judgment in the Prior Lender Action and the satisfactions of mortgages of its mortgages were vacated of record, deemed null and void and the Prior Lender's mortgages were reinstated to first and second lien positions.

35.     By virtue of the reinstatement of the Prior Lender's mortgages, the mortgage debt encumbering the Premises exceeds the value of the Premises.  There are estimated to be in excess of $14,000,000 in unsecured claims after the Premises are sold and the proceeds disbursed pursuant to the approved plan of liquidation.

## FIRST CAUSE OF ACTION
## AGAINST YIDELS SHOPPING CART, INC
### (Fraudulent Conveyance; Debtor Creditor Law § 273)

36.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

37.     The net loan proceeds from the Galster Mortgage in the amount of $6,095,068.80 were transferred on August 30, 2016 to defendant Yidels Shopping Cart and deposited into its account at Signature Bank.

38.     Yidels Shopping Cart did not pay fair consideration for the transfer of the Loan Proceeds to it.

39.     Debtor did not receive any of the Loan Proceeds despite being obligated under the note and mortgage delivered to Galster.

40.     The transfer of the Loan Proceeds to Yidels Shopping Cart rendered the Debtor insolvent.

41.     By virtue of the foregoing, the transfer of the Loan Proceeds to Yidels Shopping Cart was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside and for a judgment against Yidels Shopping Cart in the amount of $6,095,068.80 with interest from August 30, 2016.

### SECOND CAUSE OF ACTION
### AGAINST YIDELS SHOPPING CART, INC
### (Fraudulent Conveyance; Debtor Creditor Law § 274)

42.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

43.     The Loan Proceeds were transferred to Yidels Shopping Cart without fair consideration when the Debtor was engaged in a business or a transaction for which the property remaining in the Debtor after the conveyance was an unreasonably small amount of capital.

44.     By virtue of the foregoing, the transfer of the Loan Proceeds to Yidels Shopping Cart was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside and judgment against Yidels Shopping Cart in the amount of $6,095,068.80 with interest from August 30, 2016.

### THIRD CAUSE OF ACTION
### AGAINST YIDELS SHOPPING CART, INC
### (Fraudulent Conveyance; Debtor Creditor Law § 275)

45.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

46.     The Loan Proceeds were transferred to Yidels Shopping Cart on August 30, 2016 without fair consideration and when Debtor intended or believed it was about to incur debts beyond its ability to re-pay as they matured.

47.     By virtue of the foregoing, the August 30, 2016 transfer of the Loan Proceeds to Yidels Shopping Cart was a fraudulent transfer and Plaintiff is entitled to have the

transfer set aside and judgment against Yidels Shopping Cart in the amount of $6,095,068.80

with interest from August 30, 2016.

## FOURTH CAUSE OF ACTION
## AGAINST YIDELS SHOPPING CART, INC
### (Fraudulent Conveyance; Debtor Creditor Law § 276)

48.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1

through 35 as if set forth at length herein.

49.     The Loan Proceeds were transferred to Yidels Shopping Cart with the

intent to defraud the Debtor's creditors.

50.     By virtue of the foregoing, the transfer of the Loan Proceeds to Yidels

Shopping Cart was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside,

judgment against Yidels Shopping Cart in the amount of $6,095,068.80, and to recoup its legal

fees pursuant to Debtor Creditor Law §276-a.

## FIFTH CAUSE OF ACTION
## AGAINST E-COMMERCE EXPAND, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 273)

51.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1

through 35 as if set forth at length herein.

52.     Yidels Shopping Cart re-transferred a total of $1,300,000 of the net Loan

Proceeds to E-Commerce.

53.     E-Commerce did not give fair consideration for the re-transfers of these

Loan Proceeds to it.

54.     The transfers of these loan proceeds to E-Commerce occurred when the

Debtor was insolvent.

55.     By virtue of the foregoing, the re-transfers of $1,300,000 of Loan Proceeds to E-Commerce were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against E-Commerce in the amount of $1,300,000, with interest.

## SIXTH CAUSE OF ACTION
## AGAINST E-COMMERCE EXPAND, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 274)

56.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

57.     The $1,300,000 of net Loan Proceeds re-transferred to E-Commerce was without fair consideration and occurred when the Debtor was engaged in a business or transaction for which the property remaining with the Debtor after the conveyance was an unreasonably small amount of capital.

58.     By virtue of the foregoing, the re-transfers of $1,300,000 of Loan Proceeds to E-Commerce were fraudulent transfers and Plaintiff is entitled to have the re-transfers set aside and judgment against E-Commerce in the amount of $1,300,000, with interest.

## SEVENTH CAUSE OF ACTION
## AGAINST E-COMMERCE EXPAND, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 275)

59.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

60.     The re-transfers of $1,300,000 of Loan Proceeds to E-Commerce were without fair consideration and occurred when Debtor intended or believed it was about to incur debts beyond its ability to re-pay as they matured.

61.     By virtue of the foregoing, the re-transfers of $1,300,000 of Loan Proceeds to E-Commerce were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against E-Commerce in the amount of $1,300,000, with interest.

## EIGHTH CAUSE OF ACTION
## AGAINST E-COMMERCE EXPAND, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 276)

62.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

63.     The re-transfers of $1,300,000 of Loan Proceeds to E-Commerce were made with the intent to defraud creditors.

64.     By virtue of the foregoing, the re-transfers of $1,300,000 of Loan Proceeds to E-Commerce were fraudulent transfers and Plaintiff is entitled to have the transfers set aside, judgment against E-Commerce in the amount of $1,300,000 with interest and to recoup its legal fees pursuant to Debtor Creditor Law §276-a.

## NINTH CAUSE OF ACTION
## AGAINST YIDELS ONLINE FOOD STATION, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 273)

65.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

66.      After receiving net Loan Proceeds on August 30, 2016, Yidels Shopping Cart re-transferred $1,330,655 of the net Loan Proceeds to Yidels Online.

67.     Yidels Online did not give fair consideration for the re-transfers of the Loan Proceeds.

68.     The re-transfers of the Loan Proceeds to Yidels Online rendered the Debtor insolvent.

69.     By virtue of the foregoing, the transfers of $1,330,655 of Loan Proceeds to Yidels Online were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against Yidels Online in the amount of $1,330,655, with interest.

## TENTH CAUSE OF ACTION
## AGAINST YIDELS ONLINE FOOD STATION, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 274)

70.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 36 as if set forth at length herein.

71.     The $1,330,655 of Loan Proceeds re-transferred to Yidels Online was without fair consideration and occurred when the Debtor was engaged in a business or transaction for which property remaining in the Debtor after the conveyance was an unreasonably small amount of capital.

72.     By virtue of the foregoing, the re-transfers of the $1,330,655 of Loan Proceeds to Yidels Online were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against Yidels Online in the amount of $1,330,655, with interest.

## ELEVENTH CAUSE OF ACTION
## AGAINST YIDELS ONLINE FOOD STATION, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 275)

73.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

74.     The re-transfers of $1,330,655 of Loan Proceeds to Yidels Online were without fair consideration and when Debtor intended or believed it was about to incur debts beyond its ability to re-pay as they matured.

75.     By virtue of the foregoing, the re-transfers of $1,330,655 of Loan Proceeds to Yidels Online were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against Yidels Online in the amount of $1,330,655, with interest.

**TWELFTH CAUSE OF ACTION**
**AGAINST YIDELS ONLINE FOOD STATION, LLC**
**(Fraudulent Conveyance; Debtor Creditor Law § 276)**

76.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

77.     The $1,330,655 re-transfers of Loan Proceeds to Yidels Online were made with the intent to defraud creditors.

78.     By virtue of the foregoing, the re-transfers of $1,330,655 of the net Loan Proceeds to Yidels Online were fraudulent transfers and Plaintiff is entitled to have the transfers set aside, judgment against Yidels Online in the amount of $1,330,655 with interest and Plaintiff is entitled to recoup its legal fees pursuant to Debtor Creditor Law §276-a.

**THIRTEENTH CAUSE OF ACTION**
**AGAINST YIDELS SHOPPING CART, INC d/b/a RIVERSTONE GROUP**
**(Fraudulent Conveyance; Debtor Creditor Law § 273)**

79.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

80.     Riverstone Group received $2,500,000 of Loan Proceeds previously transferred by Yidels Shopping Cart to Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC ("Mintz").

81.     Riverstone Group did not give fair consideration for the re-transfer of $2.5 million Loan Proceeds to it.

82.     The re-transfer of the Loan Proceeds to Riverstone Group rendered the Debtor insolvent.

83.     By virtue of the foregoing, the re-transfer of $2,500,000 of Loan Proceeds to Riverstone Group was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside a judgment against Riverstone Group in the amount of $2,500,000, with interest.

## FOURTEENTH CAUSE OF ACTION
### AGAINST YIDELS SHOPPING CART, INC d/b/a RIVERSTONE GROUP
### (Fraudulent Conveyance; Debtor Creditor Law § 274)

84.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 36 as if set forth at length herein.

85.     The $2,500,000 re-transfer of Loan Proceeds to Riverstone Group was made without fair consideration and when the Debtor was engaged in a business or transaction for which property remaining in the Debtor after the conveyance was an unreasonably small amount of capital.

86.     By virtue of the foregoing, the transfer of $2,500,000 of Loan Proceeds to Riverstone Group was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside and judgment against Riverstone Group in the amount of $2,500,000, with interest.

## FIFTEENTH CAUSE OF ACTION
### AGAINST YIDELS SHOPPING CART, INC d/b/a RIVERSTONE GROUP
### (Fraudulent Conveyance; Debtor Creditor Law § 275)

87.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 36 as if set forth at length herein.

88.     The $2,500,000 re-transfer of Loan Proceeds to Riverstone Group was made without fair consideration and when Debtor intended or believed it was about to incur debts beyond its ability to re-pay as they matured.

89.     By virtue of the foregoing, the re-transfer of $2,500,000 of Loan Proceeds to Riverstone Group was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside and judgment against Riverstone Group in the amount of $2,500,000, with interest.

## SIXTEENTH CAUSE OF ACTION
## <u>AGAINST YIDELS SHOPPING CART, INC d/b/a RIVERSTONE GROUP</u>
### (Fraudulent Conveyance; Debtor Creditor Law § 276)

90.      Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

91.      The $2,500,000 re-transfer of Loan Proceeds to Riverstone Group was made with the intent to defraud creditors.

92.      By virtue of the foregoing, the re-transfer of $2,500,000 of Loan Proceeds to Riverstone Group was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside, judgment against Riverstone Group in the amount of $2,500,000 with interest and to recoup its legal fees pursuant to Debtor Creditor Law § 276-a.

## SEVENTEENTH CAUSE OF ACTION
## <u>AGAINST RIVERSTONE USA, LLC</u>
### (Fraudulent Conveyance; Debtor Creditor Law § 273)

93.      Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

94.      Riverstone USA received $2,500,000 of Loan Proceeds from Riverstone Group, previously re-transferred by Mintz to Riverstone Group.

95.      Riverstone USA did not give fair consideration for the re-transfer of Loan Proceeds to it.

96.      The re-transfer of Loan Proceeds to Riverstone USA rendered the Debtor insolvent.

97.      By virtue of the foregoing, the re-transfer of $2,500,000 of Loan Proceeds to Riverstone USA was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside and judgment against Riverstone USA in the amount of $2,500,000, with interest.

## EIGHTEENTH CAUSE OF ACTION
## AGAINST RIVERSTONE USA, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 274)

98.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

99.     The re-transfer of $2,500,000 of Loan Proceeds to Riverstone USA was made without fair consideration and occurred when the Debtor was engaged in a business or transaction for which the property remaining in the Debtor after the conveyance was an unreasonably small amount of capital.

100.    By virtue of the foregoing, the re-transfer of $2,500,000 of Loan Proceeds to Riverstone USA was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside and judgment against Riverstone USA in the amount of $2,500,000, with interest.

## NINETEENTH CAUSE OF ACTION
## AGAINST RIVERSTONE USA, LLC
### (Fraudulent Conveyance; Debtor Creditor Law § 275)

101.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

102.    The re-transfer of $2,500,000 of Loan Proceeds to Riverstone USA was made without fair consideration and occurred when Debtor intended or believed it was about to incur debts beyond its ability to re-pay as they matured.

103.    By virtue of the foregoing, the re-transfer of $2,500,000 of Loan Proceeds to Riverstone USA was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside and judgment against Riverstone USA in the amount of $2,500,000, with interest.

17

### TWENTIETH CAUSE OF ACTION
### <u>AGAINST RIVERSTONE USA, LLC</u>
### (Fraudulent Conveyance; Debtor Creditor Law § 276)

104.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

105.    The $2,500,000 of Loan Proceeds was transferred to Riverstone USA with the intent to defraud creditors.

106.    By virtue of the foregoing, the transfer of $2,500,000 of Loan Proceeds to Riverstone USA was a fraudulent transfer and Plaintiff is entitled to have the transfer set aside, judgment against Riverstone USA in the amount of $2,500,000 and is entitled to recoup its legal fees pursuant to Debtor Creditor Law §276-a.

### TWENTY-FIRST CAUSE OF ACTION
### <u>AGAINST YEHUDA SALAMON</u>
### (Fraudulent Conveyance; Debtor Creditor Law § 273)

107.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

108.    As sole member and sole owner of the Debtor, on August 30, 2016 Yehuda Salamon caused Loan Proceeds of $6,095,068.80 to be transferred to Yidels Shopping Cart an entity owned and controlled by him as his alter ego, for his personal benefit and to perpetuate a fraud.

109.    Yidels Shopping Cart paid no consideration for the August 30, 2016 transfer of Loan Proceeds to it.

110.    Thereafter Yehuda Salamon caused the Loan Proceeds to be re-transferred to E-Commerce, Yidel's Online, Riverstone Group and Riverstone USA which exist as his alter egos, owned and controlled by him for his personal benefit and to perpetrate a fraud, and which entities did not give fair consideration for the re-transfers of the Loan Proceeds.

111.     The transfers of the Loan Proceeds to Yidels Shopping Cart and the re-transfers to Yehuda Salamon's alter ego entities rendered the Debtor insolvent.

112.     By virtue of the foregoing, the August 30, 2016 transfer of Loan Proceeds to Yidels and thereafter the re-transfers to entities other than the Debtor, were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against Yehuda Salamon in the amount of $6,095,068.80, with interest from August 30, 2016.

### TWENTY-SECOND CAUSE OF ACTION
### AGAINST YEHUDA SALAMON
**(Fraudulent Conveyance; Debtor Creditor Law § 274)**

113.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

114.     The Loan Proceeds were transferred by Yehuda Salamon to Yidels Shopping Cart on August 30, 2016 and thereafter re-transferred by Yehuda Salamon to E-Commerce, Yidel's Online, Riverstone USA and Riverstone Group, which exist as his alter egos owned and controlled by him for his personal benefit to perpetuate a fraud, without fair consideration and when the Debtor was engaged in a business or a transaction for which property remaining in the Debtor after the conveyance was an unreasonably small amount of capital.

115.     By virtue of the foregoing, the transfer of the Loan Proceeds to Yidels Shopping Cart and the re-transfers to entities other than the Debtor were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against Yehuda Salamon in the amount of $6,095,068.80, with interest.

### TWENTY-THIRD CAUSE OF ACTION
### AGAINST YEHUDA SALAMON
**(Fraudulent Conveyance; Debtor Creditor Law § 275)**

116.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

117.    The Loan Proceeds were transferred by Yehuda Salamon to Yidels Shopping Cart on August 30, 2016 and thereafter re-transferred at Yehuda Salamon's direction to E-Commerce, Yidel's Online, Riverstone USA and Riverstone Group, which exist as his alter and which entities were owned and controlled by him for his personal benefit and to perpetuate a fraud, without fair consideration and when Debtor intended or believed it was about to incur debts beyond its ability to re-pay as they matured.

118.    By virtue of the foregoing, the transfers of the Loan Proceeds to Yidels Shopping Cart and thereafter the re-transfers to entities other than the Debtor were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against Yehuda Salamon in the amount of $6,095,068.80, with interest from August 30, 2016.

### TWENTY-FOURTH CAUSE OF ACTION
### AGAINST YEHUDA SALAMON
#### (Fraudulent Conveyance; Debtor Creditor Law § 276)

119.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

120.    The Loan Proceeds were transferred by Yehuda Salamon on August 30, 2016 to Yidels Shopping Cart and re-transferred at Yehuda Salamon's direction to E-Commerce, Yidel's On-Line, Riverstone Group and Riverstone USA, which exist as his alter egos and which entities were owned and controlled by him for his personal benefit and to perpetuate a fraud with the intent to defraud creditors.

121.    By virtue of the foregoing, the August 30, 2016 transfer of the net Loan Proceeds to Yidels Shopping Cart and thereafter the re-transfers to entities other than the Debtor, at Yehuda Salamon's direction, were fraudulent transfers and Plaintiff is entitled to have the transfers set aside, judgment against Yehuda Salamon in the amount of $6,095,068.80 with

interest from August 30, 2016, and to recoup its legal fees pursuant to Debtor Creditor Law §276-a.

### TWENTY-FIFTH CAUSE OF ACTION
### AGAINST DAVID SALAMON
### (Fraudulent Conveyance; Debtor Creditor Law § 273)

122.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

123.    $1,300,000 of net Loan Proceeds were re-transferred to E-Commerce for no consideration.

124.    $2,500,000 of the Loan Proceeds were re-transferred to Riverstone Group and thereafter to Riverstone USA, LLC for no consideration.

125.    E-Commerce and Riverstone USA are the alter egos of David Salamon, exits for the personal benefit of David Salamon and to further perpetuate a fraud, the assets of E-Commerce and Riverstone USA are held interchangeably as those of David Salamon and David Salamon has disregarded all independent corporate formalities.

126.    The re-transfer of the Loan Proceeds to E-Commerce and Riverstone USA rendered the Debtor insolvent.

127.    By virtue of the foregoing, the re-transfers of Loan Proceeds to E-Commerce, and Riverstone USA, Plaintiff is entitled to have the transfer set aside and judgment against David Salamon in the amount of $3,800,000, with interest.

### TWENTY-SIXTH CAUSE OF ACTION
### AGAINST DAVID SALAMON
### (Fraudulent Conveyance; Debtor Creditor Law § 274)

128.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

129.    $1,300,000 of the net Loan Proceeds were re-transferred to E-Commerce for no consideration.

130.    $2,500,000 of the net Loan Proceeds were re-transferred to Riverstone Group and thereafter to Riverstone USA, LLC for no consideration.

131.    E-Commerce and Riverstone USA are the alter egos of David Salamon, exits for the personal benefit of David Salamon and to further perpetuate a fraud, the assets of E-Commerce and Riverstone USA are held interchangeably as those of David Salamon and David Salamon has disregarded all independent corporate formalities.

132.    The Loan Proceeds were re-transferred to E-Commerce and Riverstone USA without fair consideration and when the Debtor was engaged in a business or transaction for which the property remaining in the Debtor after the conveyance was an unreasonably small amount of capital.

133.    By virtue of the foregoing, the re-transfers of the Loan Proceeds to E-Commerce and Riverstone USA were fraudulent transfers and Plaintiff is entitled to have the transfer set aside and judgment against David Salamon in the amount of $3,800,000, with interest.

### TWENTY-SEVENTH CAUSE OF ACTION
### AGAINST DAVID SALAMON
**(Fraudulent Conveyance; Debtor Creditor Law § 275)**

134.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

135.    $1,300,000 of Loan Proceeds were re-transferred to E-Commerce for no consideration.

136.    $2,500,000 of Loan Proceeds were re-transferred to Riverstone Group and thereafter to Riverstone USA, LLC for no consideration.

137.    E-Commerce and Riverstone USA are the alter egos of David Salamon, exits for the personal benefit of David Salamon and to further perpetuate a fraud, the assets of E-Commerce and Riverstone USA are held interchangeably as those of David Salamon and David Salamon has disregarded all independent corporate formalities.

138.    The Loan Proceeds were re-transferred to E-Commerce and Riverstone USA without fair consideration and when Debtor intended or believed it was about to incur debts beyond its ability to re-pay as they matured.

139.    By virtue of the foregoing, the transfers of the Loan Proceeds to E-Commerce and Riverstone USA were fraudulent transfers and Plaintiff is entitled to have the transfers set aside and judgment against David Salamon in the amount of $3,800,000 with interest.

### TWENTY-EIGHTH CAUSE OF ACTION
### AGAINST DAVID SALAMON
#### (Fraudulent Conveyance; Debtor Creditor Law § 276)

140.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 and paragraph 125 as if set forth at length herein.

141.    The Loan Proceeds re-transferred to E-Commerce and Riverstone USA were transferred with the intent to defraud creditors at the direction of David Salamon.

142.    By virtue of the foregoing, the transfers of the Loan Proceeds to E-Commerce and Riverstone USA were fraudulent transfers and Plaintiff is entitled to have the transfer set aside, judgment against David Salamon in the amount of $3,800,000 with interest, and its legal fees pursuant to Debtor Creditor Law §276-a.

**TWENTY-NINTH CAUSE OF ACTION
AGAINST YIDEL'S SHOPPING CART, INC.,
ULTIMATE OPPORTUNITIES, LLC
AND JOHN DOES 1 THROUGH 10**

143.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 35 as if set forth at length herein.

144.    The Premises consists of a grocery store on the ground floor, occupied by the Debtor, and residential units above.

145.    Upon information and belief, Ultimate Opportunities, LLC and John Doe Nos. 1 through 10 are the current and former tenants and/or occupants of the units have failed and refused to pay rent for their respective occupancies for the past six years.

146.    Yidel's Shopping Cart, Inc. has occupied the ground floor at the premises and has not paid rent in six years.

147.    Plaintiff is entitled to a judgment against the occupants of the Premises over the last six years for the fair and reasonable amount of use and occupancy in an amount to be determined by the Court or trier of fact but believed to be in excess of $500,000.

WHEREFORE, Plaintiff requests judgment as follows:

(a)    On the first cause of action setting aside the transfer of the $6,095,068.80 of loan proceeds conveyed to Yidels Shopping Cart, Inc and for a judgment against Yidels Shopping Cart in the amount of $6,095,068.80 with interest from August 30, 2016; and

(b)    On the second cause of action, setting aside the transfer of the $6,095,068.80 of loan proceeds to Yidels Shopping Cart, Inc and for a judgment against Yidels Shopping Cart in the amount of $6,095,068.80 with interest from August 30, 2016; and

(c)    On the third cause of action setting aside the transfer of the $6,095,068.80 of loan proceeds to Yidels Shopping Cart, Inc and for a judgment against Yidels Shopping Cart in the amount of $6,095,068.80 with interest from August 30, 2016; and

(d)     On the fourth cause of action setting aside the transfer of the $6,095,068.80 of loan proceeds to Yidels Shopping Cart, Inc and for a judgment against Yidels Shopping Cart in the amount of $6,095,068.80 with interest from August 30, 2016, and for legal fees and costs incurred in prosecuting this action; and

(e)     On the fifth cause of action, setting aside the transfer of the $1,300,000 of loan proceeds to E-Commerce Expand, LLC and a judgment against E-Commerce Expand, LLC in the amount of $1,300,000 with interest; and

(f)     On the sixth cause of action, setting aside the transfer of the $1,300,000 of loan proceeds to E-Commerce Expand, LLC and a judgment against E-Commerce Expand, LLC in the amount of $1,300,000 with interest; and

(g)     On the seventh cause of action, setting aside the transfer of the $1,300,000 of loan proceeds to E-Commerce Expand, LLC and judgment against E-Commerce Expand, LLC in the amount of $1,300,000 with interest; and

(h)     On the eighth cause of action, setting aside the transfer of the $1,300,000 of loan proceeds to E-Commerce Expand, LLC and judgment against E-Commerce Expand, LLC in the amount of $1,300,000 with interest and for legal fees and costs incurred in prosecuting this action; and

(i)     On the ninth cause of action, setting aside the transfer of the $1,330,655 of loan proceeds to Yidels Online Food Station, LLC and judgment against Yidels Online Food Station, LLC in the amount of $1,330,655 with interest; and

(j)     On the tenth cause of action, setting aside the transfer of the $1,330,655 of loan proceeds to Yidels Online Food Station, LLC and judgment against Yidels Online Food Station, LLC in the amount of $1,330,655 with interest; and

(k)     On the eleventh cause of action, setting aside the transfer of the $1,330,655 of loan proceeds to Yidels Online Food Station, LLC and judgment against Yidels Online Food Station, LLC in the amount of $1,330,655 with interest; and

(l)     On the twelfth cause of action, setting aside the transfer of the $1,330,655 of loan proceeds to Yidels Online Food Station, LLC and judgment against Yidels Online Food Station, LLC in the amount of $1,330,655 with interest, and for legal fees and costs incurred in prosecuting this action; and

(m)     On the thirteenth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Yidels Shopping Cart Inc. d/b/a Riverstone Group, and judgment against Yidels Shopping Cart, Inc. d/b/a Riverstone Group in the amount of $2,500,000 with interest; and

(n)     On the fourteenth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Yidels Shopping Cart, Inc. d/b/a Riverstone Group, and judgment against Yidels Shopping Cart, Inc. d/b/a Riverstone Group in the amount of $2,500,000 with interest; and

(o)     On the fifteenth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Yidels Shopping Cart, Inc. d/b/a Riverstone Group, and judgment against Yidels Shopping Cart Inc. d/b/a Riverstone Group in the amount of $2,500,000 with interest; and

(p)     On the sixteenth cause of action, On the thirteenth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Yidels Shopping Cart Inc. d/b/a Riverstone Group, and judgment against Yidels Shopping Cart Inc. d/b/a Riverstone Group in the amount of $2,500,000 with interest, and for legal fees and costs incurred in prosecuting this action; and

26

(q)       On the seventeenth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Riverstone USA, LLC, and judgment against Riverstone USA, LLC in the amount of $2,500,000 with interest; and

(r)       On the eighteenth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Riverstone USA, LLC, and judgment against Riverstone USA, LLC in the amount of $2,500,000 with interest; and

(s)       On the nineteenth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Riverstone USA, LLC, and judgment against Riverstone USA, LLC in the amount of $2,500,000 with interest; and

(t)       On the twentieth cause of action, setting aside the transfer of the $2,500,000 of loan proceeds to Riverstone USA, LLC, and judgment against Riverstone USA, LLC in the amount of $2,500,000 with interest, and for legal fees and costs incurred in prosecuting this action; and

(u)       On the twenty-first cause of action, setting aside the transfer of the $6,095,068.80 of loan proceeds to Yidels Shopping Cart and thereafter to entities other than the Debtor, at Yehuda Salamon's direction, and judgment against Yehuda Salamon in the amount of $6,095,068.80 with interest from August 30, 2016; and

(v)       On the twenty-second cause of action, setting aside the transfer of the $6,095,068.80 of loan proceeds to Yidels Shopping Cart and thereafter to entities other than the Debtor, at Yehuda Salamon's direction, and judgment against Yehuda Salamon in the amount of $6,095,068.80 with interest from August 30, 2016; and

(w)       On the twenty-third cause of action, setting aside the transfer of the $6,095,068.80 of loan proceeds to Yidels Shopping Cart and thereafter to entities other than the

27

Debtor, at Yehuda Salamon's direction, and/or for a judgment against Yehuda Salamon in the amount of $6,095,068.80 with interest from August 30, 2016; and

(x)     On the twenty-fourth cause of action, setting aside the transfer of the $6,095,068.80 of loan proceeds to Yidels Shopping Cart and thereafter to entities other than the Debtor, at Yehuda Salamon's direction, and judgment against Yehuda Salamon in the amount of $6,095,068.80 with interest from August 30, 2016, and for legal fees and costs incurred in prosecuting this action; and

(y)     On the twenty-fifth cause of action, setting aside the transfer of the $3,800,000 of loan proceeds to E-Commerce and Riverstone USA and judgment against David Salamon in the amount of $3,800,000 with interest; and

(z)     On the twenty-sixth cause of action, setting aside the transfer of the $3,800,000 of loan proceeds to E-Commerce and Riverstone USA and judgment against David Salamon in the amount of $3,800,000 with interest; and

(aa)     On the twenty-seventh cause of action, setting aside the transfer of the $3,800,000 of loan proceeds to E-Commerce and Riverstone USA and judgment against David Salamon in the amount of $3,800,000 with interest; and

(bb)     On the twenty-eighth cause of action, setting aside the transfer of the $3,800,000 of loan proceeds to E-Commerce and Riverstone USA and judgment against David Salamon in the amount of $3,800,000 with interest and for legal fees and costs incurred in prosecuting this action.

(cc)     On the twenty-ninth cause of action judgment against Ultimate Opportunities, LLC and the unknown tenants and occupants of the Premises named as "John Does 1 through 10" and Yidel's Shopping Cart for the fair value of their use and occupancy of

the Premises over the last six years, in an amount to be determined by the Court or trier of fact

but believed to be in excess of $500,000

        (dd)    Granting Plaintiff such other and further relief as this Court deems proper,

with costs and disbursements.

Dated: New York, New York
       February 21, 2020

                                              **BUTLER, FITZGERALD, FIVESON**
                                               **& McCARTHY**
                                             A Professional Corporation
     *Attorneys for Plaintiff, Mark Frankel*
     *Plan Administrator for 4921 12th Avenue LLC*

     By:    */s/ David K. Fiveson*
             David K. Fiveson, Esq.
     A Principal of the Firm
     9 East 45th Street, Ninth Floor
     New York, New York 10017
     (212) 615-2200