UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ULTIMATE OPPORTUNITIES, LLC,

Appellant,

-against-  Case No. 20-cv-4927 (AMD)

THE PLAN ADMINISTRATOR,

Appellee.
----------------------------------------------------------x

## NOTICE OF MOTION

   PLEASE TAKE NOTICE, that upon the annexed affirmation of Mark Frankel, as Plan Administrator dated April 22, 2021, the Appellee moves before the Honorable Ann M. Donnelly for the entry of a writ of assistance for the United States Marshal for the Eastern District of New York (the "US Marshal") to assist the Plan Administrator with the vacature of the commercial unit at 4917 12th Avenue, Brooklyn, New York 11219.

   PLEASE TAKE FURTHER NOTICE, that objections must be in writing, served upon the undersigned, and filed with the Clerk of the District Court, with a courtesy copy to the Honorable Ann M. Donnelly's chambers, so as to be received within fourteen (14) days of service hereof.

Dated: New York, New York
   April 22, 2021

                BACKENROTH FRANKEL & KRINSKY, LLP

           By: s/ Mark Frankel
              800 Third Avenue
              New York, New York 10022
              (212) 593-1100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ULTIMATE OPPORTUNITIES, LLC,

Appellant,

-against-                                                                         Case No. 20-cv-4927 (AMD)

THE PLAN ADMINISTRATOR,

Appellee.
----------------------------------------------------------x

# AFFIRMATION IN SUPPORT OF MOTION FOR WRIT OF ASSISTANCE

Mark Frankel, as plan Administrator ("Plan Administrator"), of the confirmed plan ("Plan") in the case of 4921 12th Avenue, LLC's (the "Debtor"), as and for his affirmation in support of his motion under Sections 105 and 1142 of the Bankruptcy Code, Bankruptcy Rule 9020 and Rule 70 of the Federal Rules for a writ of assistance for the United States Marshal for the Eastern District of New York (the "US Marshal") to assist the Plan Administrator with the vacature of the commercial unit at 4917 12th Avenue, Brooklyn, New York 11219 (the "Property"), respectfully states under penalty of perjury, as follows:

   **(a) The Appellant has failed to vacate the Property, despite the termination of the stay pending appeal by the Court,**

   **(b) Bidding on the Property has been chilled by the presence of the Appellant,**

   **(c) The Bankruptcy Estate is being exposed to unnecessary liability and expense by the Appellant's failure to vacate, and**

   **(d) On May 4, 2021, the Bankruptcy Court entered a $1,296,632 judgment against the the Appellant in favor of the Appellee for use and occupancy.**

## BACKGROUND

1. On December 20, 2018, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

2. The Debtor owns the real property at 4917 12th Avenue, Brooklyn, New York 11219 (the "Property") pictured below:



3. The value of the Property, as stated by the Debtor in its Chapter 11 schedules was $10,000,000. Despite the value of the Property, no potential purchaser has made the Plan Administrator an offer to purchase in that ballpark.

4. Galster Funding LLC (the "Galster Mortgagee") holds a judgment of foreclosure and sale entered on August 20, 2018 in an action entitled *Galster Funding LLC v. 4921 12th Avenue LLC; et al.* in the Supreme Court of the State of New York, County of Kings, Index No.: 500818/2017 (the "Galster Judgment"). The total amount due under the Galster Judgment as of the December 20, 2018 filing date was $9,480,175

5. The only other scheduled creditor is Beis Chasidi Gorlitz (the "BCG Mortgagee"). BCG filed a $13,500,000 mortgage lien claim.

6. Based on the Galster Judgment and the BCG Mortgage claim, secured claims totaled $22,980,175.

7. The Debtor filed nothing in the bankruptcy case to explain the origin of its financial problems or any contemplated bankruptcy solution to those problems. Absent any creditors except the two mortgagees, therefore, it appears that the Debtor filed its Chapter 11 on the eve of the foreclosure sale simply to delay the inevitable sale.

8. When Yehuda Salamon sought a mortgage from Galster, he produced a January 2016 five-year lease to Yidels Fresh Food Station for $26,000 per month.

9. But when he filed this Chapter 11 case, he denied the existence of any commercial lease under penalty perjury at the 341 meeting and in the Debtor's Schedules. He did not change his story until almost six months post-confirmation, days before the return date of the Plan Administrator's motion herein to remove the occupants of the commercial space. Suddenly, Yehuda Salamon asserted the existence of a 30-year lease to Appellant for $9,000 per

3

month, allegedly signed on November 1, 2016, two months after the August 30, 2016 Galster loan closing. The Debtor's alleged abandonment of a five year $26,000 per month lease for a 30-Year $9,000 per month lease that would destroy the Property's value during a hot real estate market speaks for itself.

        10.      Appellant's lease appears bogus since (i) the rent is one third of the rent under the Salamon affiliate lease it replaced, (ii) it was executed when U. Frankel and Salamon were involved in a in a bankruptcy scheme in the Southern District of New York, and (iii) in a Kings County Supreme Court case in 2018, Yidel's Shopping Cart Inc. admitted that it held the lease to the Property lease.

        11.      Nonetheless, based on Ultimate Opportunities statements that it occupied the space, Plan Administrator sued for use and occupancy and judgment was entered on April 4, 2021, a copy of which is annexed hereto as Exhibit A. Since no appeal was filed within 14 days of entry, the $1,296,632 judgement is now final and non-appealable.

**PROPERTY SALE PURSUANT TO THE CHAPTER 11 PLAN**

12. Galster filed and confirmed a liquidating Chapter 11 Plan by order dated July 31, 2019. Although the Debtor disclosed no leases, the Plan contains boilerplate language at paragraph 94 rejecting any leases not assumed, which would include the alleged Ultimate Opportunities lease and requiring claims arising from a lease rejection to be filed within 60 days. Similarly, the sale procedures incorporated by reference in the Plan provide for the sale of the Property free and clear of all commercial leases.

13. The Plan Administrator retained Rosewood Realty, one of the leading Brooklyn real estate brokers with extensive of knowledge Chapter 11 sales and the Property neighborhood, to sell the Property. Although there was no lease disclosed in the Bankruptcy case, Yidel's continues to operate the store as it has since 2005. Rosewood reported to the undersigned that Yehuda Salamon is well known in the community, and fearing him, potential purchasers are unwilling to make a fair market bid.

14. The Plan Administrator, therefore, filed his motion on December 27, 2019 authorizing the Plan Administrator to remove the occupants from the commercial space to facilitate a sale (Bankruptcy Docket no. 110).

15. The hearing date was January 22, 2020.

16. On January 17, 2020, Yehuda Salamon filed a late objection (Bankruptcy Docket no. 114) and as noted above, disclosed for the first time the existence of the alleged Ultimate Opportunities lease, together with an alleged email from U. Frankel disclaiming

5

knowledge of the bankruptcy, as an exhibit. Since Yehuda Salamon had no stake in the outcome of the motion, and since there were no other objections, the Court granted the motion.

17. The Plan Administer suggested that the order displacing the occupants be proposed by notice of presentment instead of by submission in the unlikely event that Ultimate Opportunities was a legitimate tenant. The Notice of Presentment was duly filed and served (Bankruptcy Docket nos. 118 and 121).

18. Ultimate Opportunities filed no objection. Nor, following the formal notice of appearance by counsel on March 18, 2020 (Bankruptcy Docket no. 126), did Ultimate Opportunities file an objection, or seek an extension time to do so, even though the Bankruptcy Court did not act on the notice of presentment for six months.

19. By the March 9, 2020 presentment date, the pandemic was underway and as a result, the Court did not enter a writ of assistance. There was plenty of time for counsel to Ultimate Opportunities make a motion. But the strategy was to wait until the order was entered and then file a motion for reconsideration. This Court should not reward counsel's gamesmanship.

20. Ultimately, on August 28, 2020, the Court entered the order ("Vacate Order," Bankruptcy Docket no. 128) directing the commercial space occupants to vacate by September 20, 2020, but again refused to enter a Writ of Assistance given the persistence of the pandemic, and the fact that there was no closing scheduled requiring the Plan Administrator to deliver the Property vacant.

21. Following the entry of the Vacate Order, the Plan Administrator informed Rosewood and Galster that the Plan Administrator would entertain offers to purchase the Property conditioned upon delivery of the Property vacant. Galster's principals contacted several potential purchasers, and several prospects have expressed interest. A draft contract for a $7,200,000 sale was circulated, but following this appeal, the purchaser lost interest.

22. After the Bankruptcy Court granted the Plan Administrator's motion on January 22, 2020, Appellant started to create the facade of a tenancy by making several $9,000 monthly payments. Those payments stopped in January 2021, before the District Court ordered a bond as a condition to a stay pending appeal.

23. Appellant nonetheless made yet another motion to reconsider the Vacate Order in the Bankruptcy Court based on the New York State Executive Covid-19 limitations on evictions. (Bankruptcy Docket, no. 153). That motion was denied by the successor Bankruptcy Judge by order dated January 15, 2021, from which no appeal was taken (Bankruptcy Docket, no. 184). Incidentally, the same day, the Bankruptcy Court granted yet another motion to withdraw by an Ultimate Opportunities lawyer (Bankruptcy Docket, no. 185), this time the same firm the still represents Appellant on this appeal.

24. Meanwhile, based on Appellant's statement that it occupied the Property from the alleged lease's inception, Appellee added Ultimate Opportunities as a defendant in his pending adversary proceeding case 19-01120 (the "Fraudulent Conveyance Case") and sued for payment of use and occupancy since Appellee's evidence of payment appeared to be fallacious, and if paid, below market. (Fraudulent Conveyance Docket No. 43). Appellant appeared and

7

moved to dismiss. (Bankruptcy Fraudulent Conveyance Docket Nos. 61 and 65). The Bankruptcy Court denied that motion. (Bankruptcy Fraudulent Conveyance Docket No. 69). Appellant filed an answer and counterclaim (Bankruptcy Fraudulent Conveyance Docket No. 66). Appellant's counsel then made a motion to withdraw which was granted (Bankruptcy Fraudulent Conveyance Docket Nos. 80, 87). The Appellant defaulted. Appellant refused to provide discovery, including discovery to determine whether Appellant actually paid the amounts it alleged to have paid in support of its motion for reconsideration. The Bankruptcy Court granted the Plan Administrator a default judgment by order dated March 22, 2021. Judgement was entered April 4, 2021 (Exhibit A).

25. Rosewood has reported that the potential purchasers are still unwilling to make offers to purchase while the Property is occupied. But the Appellant has failed to vacate the Property to the now un-stayed Vacate Order.

## RELIEF REQUESTED HEREIN

26. Generally, an appeal from a final order confers exclusive jurisdiction in the appellate court over the issues that are the subject of the appeal. The bankruptcy court is thus deprived of any further authority to determine motions that would affect the status quo of the issues on appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). This doctrine is designed to minimize the confusion that might arise if two courts simultaneously acted on the same matter.

27. By this Application, the Plan Administrator seeks a writ of assistance from this Court providing for the United States Marshal for the Eastern District of New York (the "US Marshal") to assist the Plan Administrator in removing the ground floor occupants from the Property.

28. The Plan provides for sale of the Property. The sale proceeds will be used (a) to pay pre-petition New York City real estate tax and other liens, if any, (b) administrative claims, if any, (c) Plan administration fees, (d) brokerage fees, (e) priority claims if any, and (f) the remainder to Creditors and Interest Holders in their order of priority.

29. To ensure the Property is sold after reasonable exposure to the marketplace for the highest and best price, the Plan provides for professional marketing for at least 30 days, followed by an auction among qualified bidders. The Plan provides further in the bidding and auction procedures that the sale is free and clear of commercial leases, and in paragraph 84, the Plan provides that the Debtor must turnover possession of the Property at closing.

30. To effectuate the sale, the Confirmation Order provides that the Plan Administrator is authorized to take any action "necessary or appropriate to implement, consummate and otherwise effectuate the Plan."

31. The Bankruptcy Court, therefore, entered the Vacate Order. Following the Appellant's failure to post a bond as a condition to a stay pending appeal, Appellant was required to vacate the Property but it has failed to do so.

32. Meanwhile, the Plan Administrator is responsible for the Property and exposed to liability based on the occupants' activities. Indeed, the Property insurer has sent notices to the undersigned threatening to pull coverage based on the conduct of the business.

33. The Plan Administrator therefore requires the assistance of the US Marshal to vacate the space.

34. Sections 105 and 1142 of the Bankruptcy Code authorizes the entry of orders to compel the Debtor to aid in implementation of the Plan. Rule 70 of the Federal Rules authorizes the District Court to enforce orders. Entry of a writ of assistance is therefore within the sound discretion of this Court.

35. Absent the relief requested herein, the Plan Administrator submits that he cannot effectively market the Property, preserve and protect the Property pending sale, or comply with his obligations under the Plan and the Bankruptcy Code to report the Debtor's income and expenses, and assets and liabilities.

36. Since this affirmation cites the relevant provisions of law that support the relief requested, the Plan Administrator respectfully requests that no separate memorandum of law be required.

## **CONCLUSION**

WHEREFORE, the Plan Administrator respectfully requests that the Court grant the relief sought herein, that Court grant such other relief as may be just and proper.

Dated: New York, New York
April 22, 2021

By: s/Mark A. Frankel
800 Third Avenue
New York, New York 10022
(212) 593-1100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ULTIMATE OPPORTUNITIES, LLC,

Appellant,

-against-  Case No. 20-cv-4927 (AMD)

THE PLAN ADMINISTRATOR,

Appellee.
----------------------------------------------------------x

## **WRIT OF ASSISTANCE**

Upon the motion of Mark Frankel as plan administrator ("Plan Administrator") for the entry of an order under sections 105, and or 1142 of the Bankruptcy Code authorizing, among other things, the Plan Administrator of the confirmed plan in the case of 4921 12th Avenue, LLC's to remove the occupants of the ground floor commercial space at the Debtor's property at 4921 12th Avenue, Brooklyn, New York ("Property") through a writ of assistance directing the United States Marshals Service (U.S. Marshal) to accompany the Plan Administrator's representative to effectuate turnover of the Property pursuant to Rule 70 of the Federal Rules of Civil Procedure; and after due deliberation and sufficient cause shown therefore, it is

ORDERED, that, effective immediately, the US Marshal is authorized and directed to assist the Plan Administrator and to take any and all necessary actions, including but not limited to the use of reasonable force to enter and remain on the Property in order to (i) evict the ground floor tenant and any other ground floor occupants of the ground floor of the Property-

(ii) remove any and all personal property of the ground floor tenant and/or occupant from the ground floor of the Property and (iii) deliver possession of the Property to the Plan Administrator; and, it is further

ORDERED, that the Plan Administrator on whose behalf the Court issues this Order, will act as substitute custodian of any and all property seized pursuant to this Order and shall hold harmless any and all of the Law Enforcement Agencies utilized in the enforcement of this Order and the Eviction Order, and their employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the eviction of and seizure and possess ion of the-property, including third-party claims; and, it is further

ORDERED, that the Plan Administrator on whose behalf the Court issues this Order will account completely for all personal property and effects seized and removed pursuant to this Order and the Eviction Order and shall compile a written inventory of all such property and shall provide a copy to such any and all of the Law Enforcement Agencies utilized in the enforcement of this Order and the Eviction Order, who shall include a copy with his return to the Court; and, it is further

ORDERED, that anyone interfering with the execution of this Order is subject to arrest by the U.S. Marshal or any other of the Law Enforcement Agencies utilized in the enforcement of this Order and and/or its representative;

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

## ABSTRACT OF JUDGMENT

**Case No.**
**Adv. Proc. No.**

| **Names of Parties against whom Judgments have been obtained** | **Names of Parties in whose favor Judgments have been obtained** |
|---|---|
|  |  |

| **Amount of Judgment** | **Names and Address of Attorneys** | **When Docketed** |
|---|---|---|
|  |  |  |

**I CERTIFY, that the foregoing is a correct Abstract of Judgment.**

**Dated:**

                                          **ROBERT A. GAVIN, JR.**
                                          **Clerk of Court**

                             **By:** _____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No.: 1-18-47256-JMM |
| 4921 12TH AVENUE LLC | Chapter 7 |
| Debtor | |
| MARK FRANKEL AS PLAN ADMINISTRATOR FOR 4921 12TH AVENUE LLC | Adv. Pro. No.: 1-19-01120-JMM |
| Plaintiff | |
| Vs | |
| YEHUDA SALAMON | |
| YIDEL'S SHOPPING CART, INC. | |
| E-COMMERCE EXPAND, LLC | |
| YIDEL'S ONLINE FOOD STATION, LLC | |
| YIDEL'S SHOPPING CART, INC. D/B/A RIVERSTONE GROUP | |
| RIVERSTONE, USA, LLC | |
| JOHN DOE NO. 1 through JOHN DOE NO. 10, the last ten names being fictitious and unknown to Plaintiff, persons or parties intended being persons, corporations or others, being the current and former tenants or occupants of the Debtor's real property located at 4917-4921 12th Avenue, Brooklyn, New York | |
| ULTIMATE OPPURTUNITIES, LLC A/K/A ULTIMATE OPPORTUNITIES, LLC | |
| Defendants | |

## ORDER FOR ENTRY OF DEFAULT JUDGMENT

This matter having come before the court by way of an adversary proceeding by the Plaintiff, Mark Frankel as Plan Administrator for 4921 12th Avenue LLC ("Plaintiff") by way of amended complaint dated February 21, 2020 and filed as CM/ECF 43 for redress for fraudulent conveyances pursuant to NY Debtor & Creditor Law §§ 273-276 and unpaid rent; and

Defendant, Ultimate Oppurtunities, LLC a/k/a Ultimate Opportunities, LLC

("Ultimate LLC") having appeared in this proceeding by way of Notice of Appearance dated March 23, 2020 and filed as CM/ECF 60 by and through its then-counsel, Btzalel Hirschhorn, Esq., of Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP; and

Ultimate LLC having filed a pre-answer motion to dismiss dated March 25, 2020 and filed as CM/ECF 61 (denied for the reasons stated on the record at the May 6, 2020 hearing, and by Order filed May 19, 2020 as CM/ECF 69); and

Ultimate LLC having filed an answer to the amended complaint and counterclaim against Plaintiff, dated May 7, 2020 and filed as CM/ECF 66; and

Ultimate LLC's counsel having withdrawn from this proceeding by Order entered September 28, 2020 as CM/ECF 87; and

Plaintiff having moved by way of notice of motion dated November 11, 2020 and filed as CM/ECF 90 (the "Motion") for default judgment against Ultimate LLC, and amended notice of motion dated December 2, 2020 and filed as CM/ECF 96;

Ultimate LLC failing to appear or oppose the Motion; and

The motion having been supplemented by the affidavit of Erik Yankelovich dated February 11, 2021 and filed as CM/ECF 104, and the affirmation of Mark Frankel dated February 16, 2021 and filed as CM/ECF 105; and

The Court having reviewed the Motion and supporting affidavits and affirmations and finding them sufficient for the reasons set for on the record.

**NOW THEREFORE**,

**IT IS ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that judgment on default is to be entered against Ultimate LLC

in the total amount of $1,296,632 for unpaid use and occupancy for the premises first floor and basement of 4917-4921 12th Avenue, Brooklyn, New York through February 1, 2021, pursuant to the twenty-ninth cause of action of the amended complaint.

**ORDERED**, that post-judgment interest shall accrue at the applicable rate.

**ORDERED**, that any and all claims of Ultimate LLC against the Debtor's estate are disallowed until the judgment is paid in full; and, it is further

**ORDERED**, that the Plaintiff serve a copy of this Order for Default Judgment upon Ultimate LLC at its last known place of business, via first-class mail, and file proof of such service with the Court; and, it is further

**ORDERED**, that the Plaintiff is authorized to do such things, expend such funds and execute those documents necessary to implement the terms of this Order.



Dated: Brooklyn, New York
March 22, 2021

_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**