UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ULTIMATE OPPORTUNITIES, LLC,                    Case No. 20-cv-4927-AMD

                Appellant,                     Hon. Ann M. Donnelly

    -against-

THE PLAN ADMINISTRATOR,

                Appellee.
------------------------------------------------------------ X

**MEMORANDUM OF LAW OF ULTIMATE OPPURTUNITIES, LLC *A/K/A*
ULTIMATE OPPORTUNITIES, LLC IN SUPPORT OF A STAY OF THE VACATE
ORDER PENDING DETERMINATION OF THE MOTION FOR RECONSIDERATION
PURSUANT TO FED. R. BANKR. P. 8022 AND
FED. R. CIV. P. 59 AND 60 TO SET ASIDE THIS COURT'S JUDGMENT
AFFIRMING THE BANKRUPTCY COURT'S ORDER
DIRECTING VACATUR OF COMMERCIAL PREMISES, AS WELL AS PENDING
<u>APPEAL IF THAT MOTION IS DENIED</u>**

Ultimate Oppurtunities, LLC *a/k/a* Ultimate Opportunities, LLC ("Ultimate"), by and through its attorneys, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for Ultimate's Memorandum of Law in support of a stay pending a determination of the motion (the "Motion") seeking the entry of an order pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and for reconsideration, pursuant to Bankruptcy Rule 8022, of this Court's Judgment Affirming the Entry of an Order Directing Vacatur of Commercial Premises [Dkt. No. 128][1] (the "Vacate Order") against it and in favor of Mark Frankel as Plan Administrator for 4921 12th Avenue, LLC (the "Plan Administrator"), or for a stay pending appeal if that relief is denied.

---

[1] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]" and all docket references to the bankruptcy case of 4921 12th Avenue, LLC, 18-47256-jmm, are cited as "[Bankr. Dkt. No. __]."

# PRELIMINARY STATEMENT

Ultimate has filed the Motion in this Court for reconsideration and pursuant to Fed R. Civ. P. 59 and 60. This Court set a briefing schedule and the Plan Administrator did not file any opposition to that Motion pursuant to the time set in that Order. The Motion is unopposed.

In the meantime, the Plan Administrator violated Bankruptcy Rule 8025 (a), by filing his motion in aid of the Vacate Order within fourteen (14) days of the entry of this Court's Order dismissing the appeal [Bankr. Dkt. No. 209]. That motion is returnable before the bankruptcy court on November 3, 2021. It is virtually identical to the motion filed in this Court, with only updated recitals. If granted (and that court may believe it is compelled to grant it now that the appeal has been dismissed), Ultimate will find itself evicted from its premises and its business destroyed before there can be a determination of the Motion or of the appeal to the Second Circuit, if the Motion is denied.

As will be discussed below, the standards for a stay on appeal are well known. Ultimate asserts that the Motion sets forth a compelling argument on the merits which is likely to succeed. If this Court decides not to grant the Motion, Ultimate would ask that this motion be considered as a motion for a stay pending appeal. As was set forth in the briefing on the appeal and in this Court's decision, the Second Circuit has never ruled on the interplay between 11 U.S.C. §§ 363 and 365 and there is a circuit split on the issue. As to irreparable harm, at least one circuit and other courts have held that the potential loss of a leasehold interest and a business constitute irreparable injury and there is little if any harm to the Plan Administrator from a stay, as Ultimate is presently paying the stated rent in the lease and the default in the adversary proceeding against Ultimate has been vacated. Finally, the Third Circuit has ruled that there is a public interest in leaseholds being protected in bankruptcy proceedings and it was previously submitted to this

Court how essential Ultimate's business – a supermarket – is to the surrounding community [Appeal Dk. No.4-1].

This Court did previously grant a stay in this appeal and Ultimate was not able to afford the bond. However, the landscape has now changed in that regard. In the motion to vacate the default judgment, which was granted, it was pointed out by Ultimate (with no real response from the Plan Administrator) that if it is determined that the lease could not be terminated under the Plan, based upon any of the issues raised in the Motion, then there is no longer any basis to set aside Ultimate's lease. This is because the Plan Administrator did not include any such cause of action in the Adversary Proceeding and the two year statute of limitations from the petition date has long since passed. If the lease is still extant, the amount owed is not less than approximately $110,000.00 and at most approximately $360,000.00. Moreover, the rent is now being tendered on a regular basis. Accordingly, if this Court is inclined to grant this request for a stay, it is respectfully requested that the amount be much lower than the previous bond.

## **ARGUMENT**

In *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009), the Supreme Court stated:

> "The four factors to be considered in issuing a stay pending appeal are well known: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)); *accord Nken*, 556 U.S. at 426.
>
> The first two factors are the most critical. *Nken, 556 U.S. at 434*. "It is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)). "By the same token, simply showing some 'possibility of irreparable injury' fails to satisfy the second factor*." Nken*, 556 U.S. at 434-35 (citation omitted). "'The probability of success that must be demonstrated is

inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other.'" *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991)); *accord Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).

The first factor, a showing of a likelihood of success on appeal, requires "more than a mere possibility of relief." *Nken v. Holder*, 556 U.S. 418, 434 (2009). To demonstrate a strong showing that it is likely to succeed on the merits," movant has the burden of demonstrating 'a substantial possibility, although less than a likelihood of success on appeal. *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002).

*In re Pulp Finish 1 Co.*, No. 12-13774 (SMB), 2014 Bankr. LEXIS 189 (Bankr. S.D.N.Y. Jan. 16, 2014); *Reconsideration denied by In re Pulp Finish 1 Co.,* 2014 Bankr. LEXIS 439 (Bankr. S.D.N.Y., Feb. 3, 2014).

**I.** **Ultimate Has Shown a Strong Likelihood of Success on the Merits**

Ultimate submits that the Motion sets forth a strong likelihood of success on the merits. The procedural due process claim and the lack of subject matter jurisdiction provide a strong basis for this Court to grant the Motion. In addition, the argument that 11 U.S.C. § 363 was never applicable to this case as the transfer was to take place through a Creditor Plan and as a result § 363 does not apply at all, is also a compelling argument.

Even if this Court declines to grant the Motion, it is respectfully requested that this Court deem this to be a motion for a stay of the decision dismissing the appeal and stay the enforcement of the Vacate Order until the determination of that appeal, or at least until Ultimate has an opportunity to present a motion for a stay to the Second Circuit. *Albicocco v. Albicocco (In re Albicocco)*, No. 06-CV-3409 (JFB), 2006 U.S. Dist. LEXIS 65359, *17 (E.D.N.Y. Sep. 13, 2006)( stay denied but left in place to permit filing of an application and determination of a stay in the Second Circuit).

In terms of such an appeal, there is a circuit split on the interplay between sections 363(f) and 365(h). It was a split that the court in *Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696 (S.D.N.Y. 2014) tried to reconcile. However, *Dishi* has only been applied at the Bankruptcy and District Court levels and the Second Circuit has never opined on the issue. As this Court is aware, the Seventh Circuit in *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 545-46 (7th Cir. 2003) held that § 363(f) could cut off the rights under §365 (the "Minority View"). Other lower courts have held that § 365(h) applies and limits § 363 (the "Majority View"). *In re LHD Realty Corp.,* 20 B.R. 717, 719 (Bankr. S.D. Ind. 1982); *see also Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 2001 U.S. Dist. LEXIS 8328, 2001 WL 699881, *14 (S.D. Ind. Apr. 24, 2001), rev'd, 327 F.3d 537; *In re Samaritan Alliance, LLC*, 2007 Bankr. LEXIS 3896, 2007 WL 4162918, *4 (Bankr. E.D. Ky. Nov. 21, 2007); *In re Haskell* L.P., 321 B.R. 1, 9 (Bankr. D. Mass. 2005*); In re Churchill Props. III, Ltd. P'ship*, 197 B.R. 283, 287-88 (Bankr. N.D. Ill. 1996); *In re Taylor*, 198 B.R. 142, 167-68 (Bankr. D.S.C. 1996); *cf. Ultimate Sportsbar, Inc. v. United States,* 48 Fed. Cl. 540, 548 (Fed. Cl. 2001) (holding in context of Fifth Amendment takings claim by lessee following a § 363(f) sale that lessee had a reasonable expectation, based upon § 365(h), "that physical possession of lease estates by innocent tenants will not be disturbed"). The Ninth Circuit followed *Qualtech* in *Pinnacle Restaurant at Big Sky, LLC v. CH SP Acquisitions, LLC (In re Spanish Peaks Holdings, II, LLC),* 2017 U.S. App. LEXIS 12526 (9th Cir. July 13, 2017). However, that holding actually supports Ultimate's position in this case as it made a clear distinction between a sale pursuant to § 363(f) and under a plan when a lease was expressly rejected. In that instance, § 365 applied and the rights under the lease were preserved..

The Third Circuit has followed the Majority View and a series of decisions in the *Revel* case are instructive on the issue of a stay pending appeal under almost identical circumstances. In the *Revel* cases, the Bankruptcy Court and the District Court both denied a stay pending appeal of a decision that permitted §363(f) to trump § 365(h). The Third Circuit reversed the Order denying the stay *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 575 (3d Cir. 2015) and stated:

> The factors favoring a stay weigh solidly with IDEA. First, that it would prevail on the merits was all but assured because nothing in the record casts doubt on the validity of its lease with Revel, thus prohibiting the latter from invoking *§ 363(f)* and selling its assets free of IDEA's lease. Second, IDEA demonstrated that, absent a stay, it would lose its club business at the Casino, and this was sufficient to show irreparable harm. On the balancing of harms, perhaps Revel could have tilted the balance in its favor with its own showing of irreparable harm, but it didn't come close, as it relied only on its counsel's hollow representations of harm rather than record evidence. Thus, while the public interest appears to favor a stay denial, that alone doesn't tip the four-factor balance in Revel's favor. We thus reverse and stay only the part of the Sale Order that allows Revel to sell the Casino free and clear of IDEA's lease.

In the *Revel* case, the District Court had initially denied a stay pending appeal and the Third Circuit found that it was likely to prevail on its arguments that §365(h) controls over § 363(f) in a sale context and that the loss of its leasehold interest pending the appeal constitutes irreparable injury (even though the casino was presently closed). In the case at bar, Ultimate's case is even stronger. As noted in the Motion, there is no present sale pending *and* the sale is to be pursuant to a confirmed Plan in which all leases were expressly rejected pursuant to § 365. Given the circuit split on this issue, and no controlling law in this circuit, it is respectfully submitted that Ultimate has met its burdens on the likelihood of success on the merits.

The *Revel* case is also instructive as to how these two factors are to be analyzed, "Just how strong of a merits case must a stay applicant show?" The "formulations used to describe the degree of likelihood of success that must be shown" vary widely. *Mohammed v. Reno*, 309 F.3d

95, 100 (2d Cir. 2002) (emphasis in original). To give but a sampling of the range that exists, some require a showing that the underlying appeal is "more likely to succeed than fail." *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1026 (2d Cir. 1985) *overruled on other grounds by O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S. Ct. 2400, 96 L. Ed. 2d 282 (1987). Others call for a "substantial possibility, although less than a likelihood, of success." *Dubose v. Pierce*, 761 F.2d 913, 920 (2d Cir. 1985) (quoting *Hayes v. City Univ. of N.Y.*, 503 F. Supp. 946, 963 (S.D.N.Y 1980)) *vacated on other grounds* 108 S.Ct. 2890, 108 S. Ct. 2890, 101 L. Ed. 2d 924 (1988). As noted previously, in the Second Circuit "'The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other.'" *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991)); *accord Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).

## II.   Ultimate Would Be Irreparably Injured Absent a Stay

Here, the injury absent a stay would be draconian. The United States Marshal would evict Ultimate from its operating and profitable business, which is essential to the community. The Plan Administrator would either sell the building or rent the store to another operator. The irreparable harm would justify a stay in a situation where there was a much weaker case on the merits than the one before this Court. As noted in the first motion for a stay before this Court, Ultimate's eviction from the Property will irreparably harm Ultimate by mooting not only Ultimate's appeal of the Vacatur Order, but also the appeal of the denial of the request that Ultimate made for "adequate protection" (under 11 U.S.C. § 363(e)) in the Reconsideration Motion. *See Country Squire Assocs., L.P. v. Rochester Community Sav. Bank (In re Country Squire Assocs., L.P.)*, 203 B.R. 182, 183 (2d Cir. BAP 1996) (granting emergency stay because "It is apparent that absent a stay pending appeal, the foreclosure sale will proceed and the appeal

will be rendered moot."). The shutdown of Ultimate's grocery store *Yidels* located at the property and the resulting loss of goodwill of Ultimate's customers is yet another basis for finding irreparable harm. *Rex Med. L.P. v. Angiotech Pharms. (US), Inc.*, 754 F. Supp. 2d 616, 622-23 (S.D.N.Y. 2010) (granting preliminary injunction and observing "Typically, cases where courts have found irreparable harm from a loss of goodwill or business relationships have involved situations where the dispute between the parties leaves one party unable to provide its product to its customers") (collecting cases). In addition, as set forth in Mr. Frenkel's declaration, a store shutdown would work grave harm on the community as a whole. This Court should, therefore, enter the Order to Show Cause with a Temporary Restraining Order, so that the vacatur date does not occur, which could arguably compel such a store shutdown. Thus, Ultimate submits that it has met its burden of irreparable harm.

### III.     Issuance of Stay Will Not Substantially Injure the Plan Administrator

Here, Ultimate has, and continues to pay the stated rent to the Plan Administrator under the lease. By doing so, the Plan Administrator is not prejudiced because the estate is not being diminished. In addition, the Plan called for the sale of the underlying property (where Ultimate is a tenant); however, the Plan Administrator has yet to procure a buyer, let alone a buyer that wishes to purchase the property vacant of Ultimate's tenancy. Thus, the Plan Administrator will not be injured, let alone substantially injured, by the issuance of a stay. Thus, this factor weights decidedly in favor of granting a stay.

### IV.     The Public Interest Would be Affected Without a Stay

Finally, one must consider the public interest. As discussed above, Ultimate's business is a supermarket, which is essential to the community. The shutdown of this supermarket will result in the shutdown of an essential business in the community, which would negatively impact the

community. In addition, the shutdown of this essential business would result in the loss of goodwill of Ultimate's customers, which would also negatively impact the community. Therefore, this factor clearly militates towards granting a stay.

## **CONCLUSION**

For all of the reasons set forth herein, it is respectfully submitted that Ultimate has set forth sufficient facts to justify the granting of a stay of the Vacate Order pending the determination of the Motion, and for a stay pending appeal pending a determination of any appeal, should this Court deny the Motion, together with such other and further relief as this Court deems just and proper.

Dated: October 27, 2021  
       Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By:   */s/ Avrum J. Rosen*  
     Avrum J. Rosen, Esq.  
     Alex E. Tsionis, Esq.  
     Nico G. Pizzo, Esq.  
     38 New Street  
     Huntington, New York 11743  
     Tel.: (631) 423-8527  
     Email: arosen@ajrlawny.com  
            atsionis@ajrlawny.com  
            npizzo@ajrlawny.com

*Counsel to Ultimate Oppurtunities, LLC*