UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**ULTIMATE OPPORTUNITIES, LLC**,                              :
                                                              :
                Appellant,        :
                                                              :    **MEMORANDUM DECISION AND**
    – against –                                       :    **ORDER**
                                                              :
                                                              :    20-CV-4927 (AMD)
**THE PLAN ADMINISTRATOR**, *et al.*,                         :
                                                              :
                Appellees.        :
                                                              :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The appellant appealed from two orders issued by the United States Bankruptcy Court for the Eastern District of New York: an August 26, 2020 order directing vacatur of the commercial premises located at 4921 12th Avenue in Brooklyn, New York, and a September 29, 2020 order denying the appellant's motion for reconsideration of the vacatur order. I affirmed the Bankruptcy Court's orders on September 28, 2021. (ECF No. 30.)

      On October 12, 2021, the appellant filed a motion for rehearing,[1] arguing that material facts have emerged since the appeal was filed, and that the Court's reliance on *Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696 (S.D.N.Y. 2014) was misplaced. (ECF No. 32.) The Plan Administrator ("appellee") opposes. (ECF No. 35.) For the following reasons, the appellant's motion is denied.

---

[1] While the appellant characterizes its motion as one for reconsideration, I construe it as a motion for rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022. *See In re Soundview Elite Ltd.*, No. 14-CV-7666, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015) ("When a district court is acting as an appellate court in a bankruptcy case, Federal Rule of Bankruptcy Procedure 8022 provides the sole mechanism for filing a motion for rehearing." (internal quotation marks, footnote and citation omitted)), *aff'd*, 646 F. App'x 1 (2d Cir. 2016).

**STANDARD OF REVIEW**

A motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022; *see also Soundview Elite*, 2015 WL 1642986, at *1 ("The standard for granting such a motion, derived from Rule 40 of the Federal Rules of Appellate Procedure, requires the movant to state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." (internal quotation marks and citations omitted)).  This is a "strict standard;" a movant must not "reargue its case," but should "direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *In re Sears Holdings Corp.*, 616 B.R. 615, 623 (S.D.N.Y. 2020) (internal quotation marks and citation omitted), *reh'g denied*, No. 19-CV-9140, 2020 WL 3050554 (S.D.N.Y. June 5, 2020). Moreover, "'neither new evidence nor new arguments are considered valid bases' for a motion for rehearing." *Soundview Elite*, 2015 WL 1642986, at *1 (quoting *In re Spiegel, Inc.,* No. 06-CV-13477, 2007 WL 2609966, at *2 (S.D.N.Y. Aug. 22, 2007)).

**DISCUSSION**

The appellant maintains that it was not given notice of the bankruptcy proceeding and plan confirmation hearing, and was thus denied the opportunity to be heard.  (ECF No. 32-1 at 12-18.)  According to the appellant, the "denial of due process has prejudiced it," and "there was never jurisdiction for the Plan to affect its rights." (*Id.* at 18.)  To support its argument, the appellant points to evidence that was not presented to the Bankruptcy Court before the appeal or in the appellant's briefing on appeal: that the debtor sent a copy of the lease with the appellant to the Office of the United States Trustee in March 2019.  (*See* ECF No. 32-3.)  The appellant

claims that there was an "appalling breach of procedural due process," which warrants a rehearing. (ECF No. 32-1 at 7.) However, since the appellant did not make this argument on appeal, the Court need not consider it in a motion for rehearing. *Soundview Elite*, 2015 WL 1642986, at *1.

In any event, the appellant's argument is unpersuasive. According to the appellant, the debtor transmitted the lease by email to the Office of the United States Trustee on March 18, 2019. (*See* ECF No. 32-3 at 2.) The debtor's principal—Yehuda Salamon—was copied on that email. Nevertheless, at the 341 meeting of creditors held the next day, Salamon represented that there were no existing commercial leases on the property. Neither the Plan Administrator or his partner were copied on the email transmitting the lease, and the Plan Administrator represents that he had no reason to believe that a lease had been sent to the United States Trustee. (ECF No. 35 at 3-5.) Moreover, the appellant does not dispute that it was notified of the bankruptcy proceeding before January 17, 2020, when the appellant's principal—Uziel Frankel—and the debtor's counsel discussed the bankruptcy in an email. (*See* ECF No. 13-1 at 70.) On March 18, 2020, the appellant's counsel filed a notice of appearance in the bankruptcy proceeding, *4921 12th Avenue LLC*, ECF No. 126, but did not file any objection to the eviction motion or move to set aside the confirmed Plan of Reorganization ("Plan"). Approximately five months later, on August 26, 2020, then Chief Judge Carla E. Craig of the Bankruptcy Court entered an order directing the appellant to vacate the commercial premises.[2] (ECF No. 13-1 at 3.)

The appellant claims that "[w]hile Ultimate could not have prevented the Plan from rejecting the lease under section 365," had it known about the bankruptcy proceeding before the

---

[2] On August 12, 2020, Chief Judge Craig held a hearing on the eviction motion at which the appellant appeared. She observed that the appellant had "done nothing" to protect its interests, and provided examples of actions the appellant could have taken. (ECF 13-1 at 167.)

3

plan confirmation hearing, "it could have timely exercised its rights to adequate protection" and "could have raised . . . plan objection[s]." (ECF No. 32-1 at 17.) In fact, the appellant had months to seek relief from the Plan before the entry of the vacatur order, and did not.³ Under these circumstances, the appellant has not shown that it was denied due process.⁴

The appellant also contends that the Court was wrong to cite *Dishi & Sons* because "section 363 has no relevance to this case whatsoever." (ECF No. 32-1 at 18.) Rather, the appellant argues, "the applicable statute under which this Plan could sell the real property was section 1123." (*Id.*) The appellant maintains that *In re Ditech Holding Corp.*, 606 B.R. 544 (Bankr. S.D.N.Y. 2019) is the appropriate precedent. (ECF No. 32-1 at 18.) Once again, the appellant raises an argument for the first time in a motion for rehearing, which is not appropriate.⁵ *Soundview Elite*, 2015 WL 1642986, at *1. Even if the appellant had raised this claim in a timely way, it has no merit. *Ditech* involved a plan that explicitly "call[ed] for the Debtors to sell the assets to the Buyers pursuant to section 1123 of the Bankruptcy Code,"

---

³ In another point raised for the first time in its motion for a rehearing, the appellant says that "delays [were], in large part, due to Covid19," and that "the principal of Ultimate and his wife were both stricken with severe cases." (ECF No. 38 at 4.) But the appellant never alerted the Bankruptcy Court to the Frankels' illnesses, or asked for any accommodation. Indeed, between March and August 2020, the appellant's counsel actively engaged in a related adversary proceeding, *Frankel v. Salamon et al.*, No. 19-1120 (Bankr. E.D.N.Y.), ECF Nos. 60, 61, 64, and could have raised objections or requested an extension in the main bankruptcy proceeding.

⁴ The cases on which the appellant relies do not compel a different result, as they are distinguishable. *See, e.g., In re Downtown Inv. Club III*, 89 B.R. 59 (B.A.P. 9th Cir. 1988) (known unsecured creditor was not provided notice of plan modification, and filed a motion to vacate various orders two months after becoming aware of such orders); *Huddleston v. Nelson Bunker Hunt Tr. Est.*, 109 B.R. 197 (N.D. Tex. 1989) (no indication that unnotified party was made aware of confirmed plan, and failed to raise objections in a timely manner); *In the Matter of Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016) (same, and case involved tort claimants); *In re Johns-Manville Corp.*, 319 F. Supp. 3d 633, 636 (S.D.N.Y. 2018) (same, and reversed by Second Circuit in *In re Johns-Manville Corp.*, 802 F. App'x 20, 22 (2d Cir. 2020)).

⁵ The appellant did not cite 11 U.S.C. § 1123—which provides the required contents of a plan—in its appellate briefs. (*See* ECF Nos. 13, 21.)

4

*Ditech*, 606 B.R. at 552, whereas the Plan in this case states that "[t]he sale shall be conducted pursuant to Bankruptcy Code section 363" (ECF No. 13-1 at 32).

In short, none of the appellant's arguments merit relief.

## CONCLUSION

For the reasons stated above, the appellant's motion for rehearing is denied.[6]

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       November 9, 2021

---

[6] The Court will consider the stay motion separately. (ECF No. 34.)